ALLAN STEYER (Bar No. 100318)
JILL M. MANNING (Bar No. 178849)
D. SCOTT MACRAE (Bar No. 104663)
**STEYER LOWENTHAL BOODROOKAS**
    **ALVAREZ & SMITH LLP**
One California Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 424-3400
Facsimile: (415) 421-2234
asteyer@steyerlaw.com
jmanning@steyerlaw.com
smacrae@steyerlaw.com

BRUCE L. SIMON (Bar No. 96241)
DANIEL L. WARSHAW (Bar No. 185365)
ALEXANDER L. SIMON (Bar No. 305734)
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone:   (415) 433-9000
Facsimile:   (415) 433-9008
bsimon@pswlaw.com
dwarshaw@pswlaw.com
asimon@pswlaw.com

[Additional counsel listed on signature page]

*Attorneys for Plaintiffs and
Proposed Lead Counsel for the Class*

ELIZABETH L. DEELEY (Bar No. 230798)
KRISTIN I. SHEFFIELD-WHITEHEAD
(Bar No. 304635)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
elizabeth.deeley@kirkland.com
kwhitehead@kirkland.com

JOSEPH A. LOY (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
joseph.loy@kirkland.com

*Attorneys for Defendant
Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA GRACE and KEN POTTER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>APPLE INC.,<br><br>        Defendant. | CASE NO. 5:17-cv-00551-LHK<br><br>**STIPULATED PROTECTIVE ORDER** |

1.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs Christina Grace and Ken Potter ("Plaintiffs"), and Defendant Apple Inc. ("Defendant," and, together with Plaintiffs, defined below as the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     **DEFINITIONS**

2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.4     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     <u>Designating Party</u>:  a Party or Non-Party that designates information or items

that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or of any entity on the Restricted Competitors List and who, at the time of retention, is not anticipated to become an employee of a Party or any entity on the Restricted Competitors List. This definition includes any professional jury or trial consultant retained in connection with this litigation but does not include mock jurors. A list of Apple Inc.'s ("Apple") restricted competitors will be separately produced to Outside Counsel ("Restricted Competitors List").

2.8    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Parties:  each and every Non-Party, collectively.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Parties:  each and every Party, collectively.

2.13    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.</u>"

2.17 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18 <u>Source Code</u>:  computer code, scripts, assembly, object code, source code listings, comments for source code, source code revision histories, and descriptions of source code, object code listings, comments for object code, object code revision histories, and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and other electronic files used in network operations, comments for network operation files, and network operation revision histories.

## 3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of

confidentiality to the Designating Party. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

This Protective Order does not govern the production of Source Code.  If pursuant to a Court order or to agreement between the Parties Source Code is to be produced, the Parties will file an amendment to this Protective Order providing for appropriate procedures for producing and reviewing Source Code, which shall be filed prior to production of any Source Code.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

STIPULATED PROTECTIVE ORDER

1   unnecessarily encumber or delay the case development process or to impose unnecessary

2   expenses and burdens on other parties) expose the Designating Party to sanctions.

3       If it comes to a Designating Party's attention that information or items that it designated

4   for protection do not qualify for protection, that Designating Party must promptly notify all

5   other Parties that it is withdrawing the mistaken designation.

6       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

7   (see, e.g., the second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered,

8   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly

9   so designated before the material is disclosed or produced.

10      Designation in conformity with this Order requires:

11      (a)  for information in documentary form (e.g., paper or electronic documents, but

12  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

13  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14  EYES ONLY" to each page that contains protected material. If only a portion or portions of the

15  material on a page qualifies for protection, the Producing Party also must clearly identify the

16  protected portion(s) (e.g., by making appropriate markings in the margins).

17      A Party or Non-Party that makes original documents or materials available for

18  inspection need not designate them for protection until after the inspecting Party has indicated

19  which material it would like copied and produced. During the inspection and before the

20  designation, all of the material made available for inspection shall be deemed

21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After

22  the inspecting Party has identified the documents it wants copied and produced, the Producing

23  Party must determine which documents, or portions thereof, qualify for protection under this

24  Order. Then, before producing the specified documents, the Producing Party must affix the

25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend

26  to each page that contains Protected Material. If only a portion or portions of the material on a

27  page qualifies for protection, the Producing Party also must clearly identify the protected

28

portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Producing Party identify all protected testimony with the appropriate designation by indicating on the record at the time the testimony is given.  Alternatively, the Producing Party may designate testimony or information disclosed at the deposition by notifying all parties in writing within fourteen (14) days after the conclusion of the deposition. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Stipulation and Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

designate or an incorrect designation of qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon receiving Protected Material with a timely corrected confidentiality designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order and shall destroy the Protected Material that was not designated properly.

6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties and/or Counsel) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of

Section 13 below (FINAL DISPOSITION).  For the avoidance of doubt, no Protected Material produced by a Party or by a Non-Party in connection with this case may be used in any other litigation or proceeding of any kind, including but not limited to any patent prosecution or acquisition, patent reexamination, patent litigation, or reissue proceedings.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees or subcontractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A-1;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A-1);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A-2);

(d)  the Court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the appropriate acknowledgment and agreement to be bound (Exhibit A-1 or

A-2, as appropriate);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the appropriate acknowledgment and agreement to be bound (Exhibit A-1 or A-2), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those individuals identified in paragraphs 7.2(a), (c), and (d).

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce

the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the appropriate acknowledgment and agreement to be bound (Exhibit A-1 or A-2).

## 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## 12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. Without written permission from the Designating

Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

13.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) confirms that all the Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1

Dated: June 14, 2017                          By:  */s/ Jill M. Manning*
                                                   Jill M. Manning

2

3                                             STEYER LOWENTHAL BOODROOKAS
                                                  ALVAREZ & SMITH LLP
4                                             Allan Steyer (Bar No. 100318)
                                              Jill M. Manning (Bar No. 178849)
5                                             D. Scott Macrae (Bar No. 104663)
                                              One California Street, Suite 300
6                                             San Francisco, CA 94111
                                              Telephone: (415) 424-3400
7                                             asteyer@steyerlaw.com
                                              jmanning@steyerlaw.com
8                                             smacrae@steyerlaw.com

9                                             PEARSON, SIMON & WARSHAW, LLP
                                              Bruce L. Simon (Bar No. 96241)
10                                            Daniel L. Warshaw (Bar No. 185365)
                                              Alexander L. Simon (Bar No. 305734)
11                                            44 Montgomery Street, Suite 2450
                                              San Francisco, California 94104
12                                            Telephone: (415) 433-9000
                                              bsimon@pswlaw.com
13                                            dwarshaw@pswlaw.com
                                              asimon@pswlaw.com

14                                            FRIEDMAN OSTER & TEJTEL PLLC
                                              David F.E. Tejtel (admitted *pro hac vice*)
15                                            240 East 79th Street, Suite A
                                              New York, NY 10075
16                                            Telephone: (646) 661-5881
                                              dtejtel@fotpllc.com

17                                            CALDWELL CASSADY & CURRY
                                              Bradley W. Caldwell (admitted *pro hac vice*)
18                                            Jason D. Cassady (admitted *pro hac vice*)
                                              John Austin Curry (admitted *pro hac vice*)
19                                            2101 Cedar Springs Road, Suite 000
                                              Dallas, TX 75201
20                                            Telephone: (214) 888-4848
                                              bcaldwell@caldwellcc.com
21                                            jcassady@caldwellcc.com
                                              acurry@caldwellcc.com
22

23                                            *Counsel for Plaintiffs*
                                              *and Proposed Lead Counsel for the Class*

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1  Dated: June 14, 2017

By: */s/ Kristin Sheffield-Whitehead*
    Kristin I. Sheffield-Whitehead

2

3  KIRKLAND & ELLIS LLP
Elizabeth L. Deeley (Bar No. 230798)
Kristin I. Sheffield-Whitehead (Bar No. 304635)

4  555 California Street
San Francisco, California 94104

5  Telephone: (415) 439-1400
elizabeth.deeley@kirkland.com

6  kwhitehead@kirkland.com

7  JOSEPH A. LOY (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP

8  601 Lexington Avenue
New York, New York 10022

9  Telephone: (212) 446-4800
joseph.loy@kirkland.com

10  *Attorneys for Defendant*
*Apple Inc.*

11

12

13      IT IS SO ORDERED.

14  DATED: June 14, 2017

15

16  GRANTED

17

18  Judge Nathanael M. Cousins

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A-1**

**GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Northern District of California on _____, 201 __ in the case of *Grace et al. v. Apple Inc.*, Case No. 17-cv-00551 LHK, pending in the Northern District of California.

I agree to comply with and be bound by all the terms of the Stipulation and Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of the Stipulation and Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Stipulation and Protective Order even if such enforcement proceedings occur after termination of this action.

Executed on _____ at _____.


_____
Name:

Address:

STIPULATED PROTECTIVE ORDER

## EXHIBIT A-2

## EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare:

1.      I reside at _____.

2.      I have read the Stipulation and Protective Order ("Order") in *Grace et al. v. Apple Inc.*, Case No. 17-cv-00551 LHK, pending in the Northern District of California.

3.      I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4.      I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any Protected Material obtained pursuant to the Order.

5.      By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of California for resolving any and all disputes regarding the Order and this Acknowledgment of Confidentiality. I further agree that any and all disputes regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment of Confidentiality.

6.      By signing below, I hereby confirm that I am not currently and do not currently anticipate becoming an officer, director, or employee of, providing any form of consulting services to, or becoming involved in any competitive decision-making on behalf of any entity on the Restricted Competitors List with respect to the subject matter of this suit (including any messaging, tablet, or mobile phone applications, products, or services). I further agree that: (1) during the pendency of these proceedings I shall not accept any position as an employee, officer, or director of any entity on the Restricted Competitors List; (2) for the two years

STIPULATED PROTECTIVE ORDER

following the close of expert discovery or during the pendency of these proceedings, whichever is shorter, I shall not consult with, or provide services to any entity on the Restricted Competitors List; and (3) I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any Protected Material made available to me pursuant to the Order.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed on _____ at _____.


_____

Name:

Address:

STIPULATED PROTECTIVE ORDER

1

**FILER'S ATTESTATION**

2

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this

3

document has been obtained from each of the above signatories.

4

Dated: June 14, 2017                    By:  */s/ Jill M. Manning*
                                                  Jill M. Manning

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1

**CERTIFICATE OF SERVICE**

2

3
On June 14, 2017, I electronically filed the foregoing with the Clerk of the Court by

4
using the CM/ECF system which will send notice of electronic filing to all persons registered

5
for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1

6
have been so served.

By: */s/ Linda Rorem*

7
Linda Rorem

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER