Elizabeth L. Deeley (SBN 230798)
Kristin I. Sheffield-Whitehead (SBN 304635)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: elizabeth.deeley@kirkland.com
Email: kwhitehead@kirkland.com

Joseph A. Loy (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Email: joseph.loy@kirkland.com

Attorneys for Defendant
*Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA GRACE and KEN POTTER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 5:17-CV-00551-LHK <br><br> **DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Apple Inc. (hereinafter "Apple"), by and through its attorneys, Kirkland & Ellis LLP, answers the First Amended Complaint (the "Complaint") of plaintiffs Christina Grace and Ken Potter in this action as follows:

Except as otherwise expressly recognized herein, Apple denies each and every allegation contained in the Complaint.  Apple states that the headings, sub-headings, photographs, and footnotes throughout the Complaint do not constitute well-pleaded allegations of fact and therefore require no response.  To the extent a response is required, Apple states that cited articles and documents speak for themselves, and Apple otherwise denies the allegations in the headings, sub-headings, photographs, and footnotes in the Complaint.  Apple expressly reserves the right to seek to amend or supplement or both its Answer as may be necessary.

## NATURE OF THE ACTION

1.      Responding to the introductory paragraph and paragraph 1 of the Complaint, Apple admits that Christina Grace and Ken Potter (collectively, "Plaintiffs") are the only named plaintiffs in this case and that they filed this lawsuit as a putative class action.  Except as expressly stated, Apple denies each and every allegation in this paragraph and in the introductory paragraph.

2.      Responding to paragraph 2 of the Complaint, Apple states that Plaintiffs have quoted a portion of a statement by Tim Cook, which statement speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

3.      Responding to paragraph 3 of the Complaint, Apple denies each and every allegation in this paragraph.

4.      Responding to paragraph 4 of the Complaint, Apple admits that FaceTime is a proprietary calling feature of the iOS Software first released in 2010.  In 2010, iOS 4 supported the use of FaceTime to make video calls.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

5.      Responding to paragraph 5 of the Complaint, Apple admits that some versions of FaceTime could exchange audio and video data that would result in Apple making payments to Akamai.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

6.      Responding to paragraph 6 of the Complaint, Apple denies each and every allegation in this paragraph.

7.      Responding to paragraph 7 of the Complaint, Apple states that the referenced jury verdict speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

8.      Responding to paragraph 8 of the Complaint, Apple states that Plaintiffs have selectively quoted only a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

9.      Responding to paragraph 9 of the Complaint, Apple admits that it made iOS 7 available to users in September 2013.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

10.      Responding to paragraph 10 of the Complaint, Apple denies each and every allegation in this paragraph.

11.      Responding to paragraph 11 of the Complaint, Apples denies each and every allegation in this paragraph.

12.      Responding to paragraph 12 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the selectively quoted portions of the referenced media report or the media report as a whole.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

13.      Responding to paragraph 13 of the Complaint, Apple states that Plaintiffs selectively quoted only a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

14.      Responding to paragraph 14 of the Complaint, Apple denies each and every allegation in this paragraph.

15.      Responding to paragraph 15 of the Complaint, Apple denies each and every allegation in this paragraph.

16.     Responding to paragraph 16 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of the referenced media reports. Except as expressly stated, Apple denies each and every allegation in this paragraph

17.     Responding to paragraph 17 of the Complaint, Apple states that Plaintiffs selectively quoted a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

18.     Responding to paragraph 18 of the Complaint, Apple states that Plaintiffs selectively quoted a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

19.     Responding to paragraph 19 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.

## JURISDICTION AND VENUE

20.     Responding to paragraph 20 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple is without information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies each and every allegation therein.

21.     Responding to paragraph 21 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple is without information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies each and every allegation therein.

## INTRADISTRICT ASSIGNMENT

22.     Responding to paragraph 22 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple is without information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies each and every allegation therein.

1

**THE PARTIES**

2      23.     Responding to paragraph 23 of the Complaint, Apple denies that Plaintiff Grace

3  suffered injury or damage of any kind.  Apple is without knowledge or information sufficient to form

4  a belief as to the truth of the allegations that Plaintiff Christina Grace is a citizen of California who

5  resides in Marin County, California, currently owns an iPhone device, and was operating an iPhone 4

6  running iOS 6 or an earlier operating system on April 16, 2014, and on that basis denies those

7  allegations.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

8      24.     Responding to paragraph 24 of the Complaint, Apple is without knowledge or

9  information sufficient to form a belief as to the truth of the allegations that Plaintiff Grace used the

10 FaceTime feature on an iPhone 4 to communicate with her family or that FaceTime stopped working

11 on an iPhone 4 owned by Plaintiff Grace on April 16, 2014, and on that basis, denies those allegations.

12 Except as expressly stated, Apple denies each and every allegation in this paragraph.

13     25.     Responding to paragraph 25 of the Complaint, Apple denies that Plaintiff Potter

14 suffered injury or damage of any kind.  Apple is without knowledge or information sufficient to form

15 a belief as to the truth of the allegations that Plaintiff Ken Potter is a citizen of California who resides

16 in San Diego County, California, currently owns two iPhone devices, and was operating two iPhone

17 4 devices running iOS 6 or an earlier operating system on April 16, 2014, and on that basis, denies

18 those allegations.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

19     26.     Responding to paragraph 26 of the Complaint, Apple is without knowledge or

20 information sufficient to form a belief as to the truth of the allegations in this paragraph and on that

21 basis denies each and every allegation.

22     27.     Responding to paragraph 27 of the Complaint, Apple is without knowledge or

23 information sufficient to form a belief as to the truth of the allegations that Plaintiff Potter tried to use

24 FaceTime to communicate with his family or that FaceTime stopped working on iPhone 4 devices

25 owned by Plaintiff Potter on April 16, 2014, and on that basis, denies those allegations.  Except as

26 expressly stated, Apple denies each and every allegation in this paragraph.

27     28.     Responding to paragraph 28 of the Complaint, Apple is without knowledge or

28 information sufficient to form a belief as to the truth of the allegations that Plaintiff Potter took an

iPhone 4 for his own use and purchased an iPad (4th generation) for his family and on that basis denies those allegations.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

29.     Responding to paragraph 29 of the Complaint, Apple admits that its headquarters and principal place of business is in Cupertino, California and that it designs, manufactures, and sells various consumer electronics, computer software, and online services, and at one time designed, manufactured, and sold the iPhone 4 and iPhone 4S.  Apple further admits that it operates retail stores throughout California.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

<u>**SUBSTANTIVE ALLEGATIONS**</u>

30.     Responding to paragraph 30 of the Complaint, Apple admits it released the original version of the iPhone in the United States on June 29, 2007 and that it has since released successive versions of the iPhone.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

31.     Responding to paragraph 31 of the Complaint, Apple states that the cited document speaks for itself. Except as expressly stated, Apple denies each and every allegation in this paragraph.

32.     Responding to paragraph 32 of the Complaint, Apple admits that it released the iPhone 4S on October 14, 2011 and that more than four million iPhone 4S devices were sold in its first weekend.  Apple further states that the cited document speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

33.     Responding to paragraph 33 of the Complaint, Apple states that the quoted document speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

34.     Responding to paragraph 34 of the Complaint, Apple admits that the iPhone 4 and 4S devices operate through a proprietary iPhone operating system called iOS.  The quoted documents speak for themselves.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

35.     Responding to paragraph 35 of the Complaint, Apple admits that FaceTime is a proprietary calling feature of the iOS Software first released in 2010.  In 2010, iOS 4 supported the

use of FaceTime to make video calls. Apple further states that the referenced document speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

36.    Responding to paragraph 36 of the Complaint, Apple states that Plaintiffs selectively quoted a portion of the referenced document, which speaks for itself.  Apple is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph and denies them on that basis.

37.    Responding to paragraph 37 of the Complaint, Apple admits that FaceTime was first released with the iPhone in 2010. Apple further states that the cited documents speak for themselves. Apple further admits Apple's former CEO Steve Jobs spoke at the 2010 Worldwide Developer's conference and that the video of his publically-available comments speak for themselves.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

38.    Responding to paragraph 38 of the Complaint, Apple admits that there were advertisements that referenced FaceTime and that those advertisements speak for themselves.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

39.    Responding to paragraph 39 of the Complaint, Apple states that the referenced advertisement speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

40.    Responding to paragraph 40 of the Complaint, Apple states that the referenced advertisement speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

41.    Responding to paragraph 41 of the Complaint, Apple states that the referenced advertisement speaks for itself. Except as expressly stated, Apple denies each and every allegation in this paragraph.

42.    Responding to paragraph 42 of the Complaint, Apple states that the referenced advertisement speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

43.    Responding to paragraph 43 of the Complaint, Apple denies each and every allegation in this paragraph.

44.     Responding to paragraph 44 of the Complaint, Apple states this paragraph states a legal conclusion to which no response is required.  Apple is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and on that basis denies each and every allegation.

45.     Responding to paragraph 45 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and on that basis denies each and every allegation.

46.     Responding to paragraph 46 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and on that basis denies each and every allegation.

47.     Responding to paragraph 47 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and on that basis denies each and every allegation.

48.     Responding to paragraph 48 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and on that basis denies each and every allegation.

49.     Responding to paragraph 49 of the Complaint, Apple denies each and every allegation in this paragraph.

50.     Responding to paragraph 50 of the Complaint, Apple denies each and every allegation in this paragraph.

51.     Responding to paragraph 51 of the Complaint, Apple admits that on August 11, 2010, VirnetX filed a lawsuit against Apple in the United States District Court of the Eastern District of Texas, captioned *VirnetX Inc. v. Apple Inc., et al.*, 6:10-cv-00417 (the "VirnetX Action"). The complaint alleged that Apple infringed two patents, specifically U.S. Patent Nos. 6,502,135 and 7,418,504.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

52.     Responding to paragraph 52 of the Complaint, Apple denies each and every allegation in this paragraph.

53.     Responding to paragraph 53 of the Complaint, Apple denies each and every allegation in this paragraph.

54.     Responding to paragraph 54 of the Complaint, Apple denies each and every allegation in this paragraph.

55.     Responding to paragraph 55 of the Complaint, Apple denies each and every allegation in this paragraph.

56.     Responding to paragraph 56 of the Complaint, Apple admits that it was sued by VirnetX and that the VirnetX complaint against Apple speaks for itself as to VirnetX's allegations. Apple further admits that the case went to trial.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

57.     Responding to paragraph 57 of the Complaint, Apple states that the docket in the referenced VirnetX action speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

58.     Responding to paragraph 58 of the Complaint, Apple denies each and every allegation in this paragraph.

59.     Responding to paragraph 59 of the Complaint, Apple admits that some versions of FaceTime could exchange audio and video data that would result in Apple making payments to Akamai.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

60.     Responding to paragraph 60 of the Complaint, Apple denies each and every allegation in this paragraph.

61.     Responding to paragraph 61 of the Complaint, Apple denies each and every allegation in this paragraph.

62.     Responding to paragraph 62 of the Complaint, Apple denies each and every allegation in this paragraph.

63.     Responding to paragraph 63 of the Complaint, Apple states that the cited documents speak for themselves.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

64.     Responding to paragraph 64 of the Complaint, Apple denies each and every allegation in this paragraph.

65.     Responding to paragraph 65 of the Complaint, Apple states that Plaintiffs selectively referred to only a portion of the referenced documents, which speak for themselves.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

66.     Responding to paragraph 66 of the Complaint, Apple states that Plaintiffs selectively quoted only a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

67.     Responding to paragraph 67 of the Complaint, Apple admits that it made iOS 7 available to users in September 2013. Except as expressly stated, Apple denies each and every allegation in this paragraph.

68.     Responding to paragraph 68 of the Complaint, Apple denies each and every allegation in this paragraph.

69.     Responding to paragraph 69 of the Complaint, Apple states that Plaintiffs selectively quoted only a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

70.     Responding to paragraph 70 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of the referenced media report.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

71.     Responding to paragraph 71 of the Complaint, Apple admits that the iPhone 5S included the A7 chip with 64-bit architecture.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

72.     Responding to paragraph 72 of the Complaint, Apple admits that the iPhone 5S and iPhone 5C contained one gigabyte of random access memory and that the iPhone 4 and iPhone 4S contained 512 megabytes of random access memory.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

73.     Responding to paragraph 73 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of the referenced media report. Except as expressly stated, Apple denies each and every allegation in this paragraph.

74.     Responding to paragraph 74 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of the referenced media report. Except as expressly stated, Apple denies each and every allegation in this paragraph.

75.     Responding to paragraph 75 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of the referenced media report. Except as expressly stated, Apple denies each and every allegation in this paragraph.

76.     Responding to paragraph 76 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of the referenced media report. Except as expressly stated, Apple denies each and every allegation in this paragraph.

77.     Responding to paragraph 77 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of the referenced media report. Except as expressly stated, Apple denies each and every allegation in this paragraph.

78.     Responding to paragraph 78 of the Complaint, Apple admits that it received a communication containing the text referenced in paragraphs 109 and 110.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

79.     Responding to paragraph 79 of the Complaint, Apple admits that users who transitioned to iOS 7 were unable to revert back to earlier versions of iOS.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

80.     Responding to paragraph 80 of the Complaint, Apple denies each and every allegation in this paragraph.

81.     Responding to paragraph 81 of the Complaint, Apple admits that an iPhone can connect to the internet via a cellular connection or a Wi-Fi connection.  Apple is without knowledge or information sufficient to form a belief as to users' agreements with their cellular telephone service providers, including without limitation providers' coverage networks, users' data allotments, or any data charges.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

82.     Responding to paragraph 82 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to what users consider to be the advantages or value of Wi-Fi as opposed to cellular connections, which connectivity options are faster and/or available to users depending on their location, or whether users believe Wi-Fi connections are superior.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

83.     Responding to paragraph 83 of the Complaint, Apple denies each and every allegation in this paragraph.

84.     Responding to paragraph 84 of the Complaint, Apple denies each and every allegation in this paragraph.

85.     Responding to paragraph 85 of the Complaint, Apple states that Plaintiffs have selectively quoted only a portion of the referenced document, which speaks for itself.  Apple admits that an iOS device can pair with most Bluetooth accessories, including headsets, headphones, keyboards, speakers, and hands-free units.  Apple further admits that the iPhone 4S utilized Bluetooth 4.0 wireless technology.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

86.     Responding to paragraph 86 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies each and every allegation in this paragraph.

87.     Responding to paragraph 87 of the Complaint, Apple denies each and every allegation in this paragraph.

88.     Responding to paragraph 88 of the Complaint, Apple admits that in early 2014 some of its users were still using iOS 6 or earlier operating systems and states that the referenced document speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

89.     Responding to paragraph 89 of the Complaint, Apple denies each and every allegation in this paragraph.

90.     Responding to paragraph 90 of the Complaint, Apple denies each and every allegation in this paragraph.

91.     Responding to paragraph 91 of the Complaint, Apple denies each and every allegation in this paragraph.

92.     Responding to paragraph 92 of the Complaint, Apple denies each and every allegation in this paragraph.

93.     Responding to paragraph 93 of the Complaint, Apple denies each and every allegation in this paragraph.

94.     Responding to paragraph 94 of the Complaint, Apple denies each and every allegation in this paragraph.

95.     Responding to paragraph 95 of the Complaint, Apple denies each and every allegation in this paragraph.

96.     Responding to paragraph 96 of the Complaint, Apple states that Plaintiffs selectively quoted only a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

97.     Responding to paragraph 97 of the Complaint, Apple denies each and every allegation in this paragraph.

98.     Responding to paragraph 98 of the Complaint, Apple states that Plaintiffs selectively quoted only portions of the referenced documents, which speak for themselves.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

99.     Responding to paragraph 99 of the Complaint, Apple denies each and every allegation in this paragraph.

100.     Responding to paragraph 100 of the Complaint, Apple states that Plaintiffs selectively quoted only portions of the referenced documents, which speak for themselves.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

101.     Responding to paragraph 101 of the Complaint, Apple states that Plaintiffs selectively quoted only a portion of the referenced testimony, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

102.     Responding to paragraph 102 of the Complaint, Apple states that Plaintiffs selectively quoted only portions of the referenced testimony and document, which speak for themselves.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

103.     Responding to paragraph 103 of the Complaint, Apple states that Plaintiffs selectively quoted only a portion of the referenced testimony, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

104.     Responding to paragraph 104 of the Complaint, Apple denies each and every allegation in this paragraph.

105.     Responding to paragraph 105 of the Complaint, Apple denies each and every allegation in this paragraph.

106.     Responding to paragraph 106 of the Complaint, Apple denies each and every allegation in this paragraph.

107.     Responding to paragraph 107 of the Complaint, Apple states that Plaintiffs selectively quoted only a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

108.     Responding to paragraph 108 of the Complaint, Apple states that Plaintiffs selectively quoted only a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

109.     Responding to paragraph 109 of the Complaint, Apple states that Plaintiffs selectively quoted only a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

110.     Responding to paragraph 110 of the Complaint, Apple states that Plaintiffs selectively quoted only a portion of the referenced document, which speaks for itself.  Except as expressly stated, Apple denies each and every allegation in this paragraph.

111.     Responding to paragraph 111 of the Complaint, Apple denies each and every allegation in this paragraph.

## CLASS ACTION ALLEGATIONS

112.    Responding to paragraph 112 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.  Apple denies that class treatment is appropriate.

113.    Responding to paragraph 113 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.  Apple denies that class treatment is appropriate.

114.    Responding to paragraph 114 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.  Apple denies that class treatment is appropriate.

115.    Responding to paragraph 115 of the Complaint and each of its subparts, this paragraph and its subparts state a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph and its subparts.  Apple denies that class treatment is appropriate.

116.    Responding to paragraph 116 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.  Apple denies that class treatment is appropriate.

117.    Responding to paragraph 117 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.  Apple denies that class treatment is appropriate.

118.    Responding to paragraph 118 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.  Apple denies that class treatment is appropriate.

119.    Responding to paragraph 119 of the Complaint and each of its subparts, this paragraph and its subparts state a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph and its subparts.  Apple denies that class treatment is appropriate.

120.     Responding to paragraph 120 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.  Apple denies that class treatment is appropriate.

121.     Responding to paragraph 121 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.  Apple denies that class treatment is appropriate

122.     Responding to paragraph 122 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.  Apple denies that class treatment is appropriate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: TRESPASS TO CHATTELS

123.     Responding to paragraph 123 of the Complaint, Apple incorporates its responses to and denials of the foregoing allegations as if fully set forth herein.

124.     Responding to paragraph 124 of the Complaint, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 and on that basis denies each and every allegation.

125.     Responding to paragraph 125 of the Complaint, Apple denies each and every allegation in this paragraph.

126.     Responding to paragraph 126 of the Complaint, Apple denies each and every allegation in this paragraph.

127.     Responding to paragraph 127 of the Complaint, Apple denies each and every allegation in this paragraph.

128.     Responding to paragraph 128 of the Complaint, Apple denies each and every allegation in this paragraph.

129.     Responding to paragraph 129 of the Complaint, Apple denies each and every allegation in this paragraph.

<u>**SECOND CAUSE OF ACTION: VIOLATIONS OF THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.***</u>

130.    Responding to paragraph 130 of the Complaint, Apple incorporates its responses to and denials of the foregoing allegations as if fully set forth herein.

131.    Responding to paragraph 131 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.

132.    Responding to paragraph 132 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.

133.    Responding to paragraph 133 of the Complaint, Apple denies each and every allegation in this paragraph.

134.    Responding to paragraph 134 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.

135.    Responding to paragraph 135 of the Complaint, this paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Apple denies each and every allegation in this paragraph.

**PRAYER FOR RELIEF**

Apple denies that Plaintiffs' purported class is certifiable or that Plaintiffs or the putative members of the purported class suffered injury or damage of any kind, and further denies that Plaintiffs or the putative members of the purported class are entitled to relief of any kind, including but not limited to any of the relief sought in paragraphs (a) through (l) of their demand for relief.

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiffs, Apple asserts the following additional or affirmative defenses.

## First Affirmative Defense

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted and fails to state facts sufficient to constitute a cause of action against Apple.

## Second Affirmative Defense

### (Lack of Standing)

The claims of Plaintiffs and the purported class are barred in whole or in part because Plaintiffs and the putative members of the purported class lack standing to assert any or all of the causes of action alleged.

## Third Affirmative Defense

### (Lack of Article III Standing)

The claims of Plaintiffs and the purported class are barred in whole or in part because Plaintiffs and the putative members of the purported class lack standing under Article III of the United States Constitution.

## Fourth Affirmative Defense

### (Contractual Defenses)

The claims of Plaintiffs and the purported class are barred in whole or in part by contracts and/or agreements they entered into with Apple.

## Fifth Affirmative Defense

### (No Injury in Fact or Lost Money or Property)

The claims of Plaintiffs and the purported class are barred in whole or in part because Plaintiffs and the putative members of the purported class have not sustained the required injury in fact or lost money or property as is necessary to confer standing pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq*.

## Sixth Affirmative Defense

### (No Injury and No Damage)

The claims of Plaintiffs and the purported class are barred in whole or in part because Plaintiffs and the putative members of the purported class have not suffered any damage or injury.

**Seventh Affirmative Defense**

**(Speculative Damages)**

Plaintiffs and the purported class are not entitled to any recovery from Apple because the alleged damages, if any, are speculative.

**Eighth Affirmative Defense**

**(Failure to Mitigate)**

Plaintiffs and the purported class failed to mitigate damages, if any.

**Ninth Affirmative Defense**

**(Improper Class Action)**

This action is not properly maintainable as a class action as alleged by Plaintiffs, because, without limitation, Plaintiffs are not proper class representatives, the class is not ascertainable, irresolvable conflicts exist within the class, a class action is not a superior means of adjudication, individual issues predominate, and Ninth Circuit precedent bars a nationwide class.

**Tenth Affirmative Defense**

**(Action Unconstitutional)**

The claims in the Complaint violate Apple's rights under the United States and California Constitutions, including without limitation the following provisions: (a) the claims constitute an impermissible burden on interstate commerce in contravention of Article 1, Section 8 of the United States Constitution; (b) the claims violate Apple's right to Due Process under the Fourteenth Amendment of the United States Constitution; (c) the claims contravene the constitutional prohibition against vague and overbroad laws; (d) the claims contravene freedom of speech rights under the California Constitution and the First and Fourteenth Amendments of the United States Constitution; and (e) the claims contravene the Due Process Clause of the California Constitution.

**Eleventh Affirmative Defense**

**(Consent and/or Ratification)**

The claims of Plaintiffs and the purported class are barred in whole or in part by the doctrine of ratification and because Plaintiffs and the putative members of the purported class consented and/or acquiesced to any conduct engaged in by Apple.

**Twelfth Affirmative Defense**

**(Waiver and/or Release)**

The Complaint is barred in whole or in part by the doctrine of waiver and/or doctrine of release.

**Thirteenth Affirmative Defense**

**(Estoppel and/or Equitable Estoppel)**

The claims of Plaintiffs and the purported class are barred in whole or in part by their own conduct, actions, and inactions, which amount to and constitute an estoppel and/or equitable estoppel of all claims and relief sought.

**Fourteenth Affirmative Defense**

**(Unclean Hands)**

Plaintiffs and the purported class are barred by the doctrine of unclean hands from maintaining each and every purported claim against Apple and from recovering any damages thereunder from Apple.

**Fifteenth Affirmative Defense**

**(Proportional Fault)**

The alleged injuries of Plaintiffs and/or any putative member of the purported class are the result, in whole or in part, of the acts or omissions of entities or individuals other than Apple, including Plaintiffs and the putative members of the purported class, and Apple's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

**Sixteenth Affirmative Defense**

**(Statute of Limitations)**

Each of the causes of action in the Complaint is barred in whole or in part by the applicable statutes of limitation.

**Seventeenth Affirmative Defense**

**(Laches)**

The Complaint is barred in whole or in part by the doctrine of laches.

**Eighteenth Affirmative Defense**

**(Good Faith)**

The claims of Plaintiffs and the purported class are barred in whole or in part by Apple's good faith and/or good faith legal defense.

**Nineteenth Affirmative Defense**

**(Necessity)**

Apple is not liable for any alleged harm to Plaintiffs and the purported class because the alleged trespass, if any, was lawful in that it was necessary to prevent serious harm to property.

**Twentieth Affirmative Defense**

**(Conduct not Unfair)**

Apple is not liable for any alleged harm to Plaintiffs and the purported class because Apple's alleged conduct was not "unfair" pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq*.

**Twenty-First Affirmative Defense**

**(No Punitive Damages or Attorneys' Fees)**

To the extent that Plaintiffs or any putative members of the purported class seek recovery of punitive damages and/or attorneys' fees, the UCL does not provide for them, and Plaintiffs have not made the requisite showing for either with respect to trespass to chattels.

**Twenty-Second Affirmative Defense**

**(Reservation of Rights and Additional Defenses)**

Apple reserves the right to amend its Answer to raise additional affirmative defenses as they are discovered and/or to amend these affirmative defenses.  Additionally, Apple specifically reserves all affirmative or other defenses that it may have against Plaintiffs and the putative members of the purported class. It is not necessary at this time for Apple to delineate such defenses against the purported class because no class has been certified, and the putative members of the purported class are not parties to this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Apple prays for the following relief:

1.     That Plaintiffs and the putative members of the purported class take nothing by this action;

2.     That judgment on the Complaint be entered in favor of Apple;

3.     That the Court deny Plaintiffs' request to certify this action as a class action;

4.     That the request for injunctive relief be denied;

5.     That Apple be awarded its costs incurred, including reasonable attorneys' fees; and

6.     That the Court award Apple such other and/or further relief as the Court may deem just and proper.

DATED:  August 11, 2017

Respectfully submitted,
KIRKLAND & ELLIS LLP


*/s/ Elizabeth L. Deeley*

Elizabeth L. Deeley (SBN 230798)
Kristin I. Sheffield-Whitehead (SBN 304635)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: elizabeth.deeley@kirkland.com
Email: kwhitehead@kirkland.com

Joseph A. Loy (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Email: joseph.loy@kirkland.com

Attorneys for Defendant
*Apple Inc.*

1

**CERTIFICATE OF SERVICE**

2        On August 11, 2017, I caused the foregoing to be electronically filed with the Clerk of the

3   Court by using the CM/ECF system which will send a notice of electronic filing to all persons

4   registered for ECF.  All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-

5   1 have been so served.

6

7                                          */s/ Elizabeth L. Deeley*
                                          Elizabeth L. Deeley
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28