ALLAN STEYER (Bar No. 100318)
JILL M. MANNING (Bar No. 178849)
D. SCOTT MACRAE (Bar No. 104663)
**STEYER LOWENTHAL BOODROOKAS
    ALVAREZ & SMITH LLP**
One California Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 424-3400
Facsimile: (415) 421-2234
asteyer@steyerlaw.com
jmanning@steyerlaw.com
smacrae@steyerlaw.com

BRUCE L. SIMON (Bar No. 96241)
DANIEL L. WARSHAW (Bar No. 185365)
ALEXANDER L. SIMON (Bar No. 305734)
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone:   (415) 433-9000
Facsimile:    (415) 433-9008
bsimon@pswlaw.com
dwarshaw@pswlaw.com
asimon@pswlaw.com

[Additional counsel listed on signature page]

*Attorneys for Plaintiffs and
Proposed Lead Counsel for the Class*

ELIZABETH L. DEELEY (Bar No. 230798)
KRISTIN I. SHEFFIELD-WHITEHEAD
(Bar No. 304635)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
elizabeth.deeley@kirkland.com
kwhitehead@kirkland.com

JOSEPH A. LOY (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
joseph.loy@kirkland.com

*Attorneys for Defendant
Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA GRACE and KEN POTTER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>APPLE INC.,<br><br>    Defendant. | CASE NO. 5:17-cv-00551-LHK<br><br>**STIPULATED SOURCE CODE PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

Pursuant to ¶ 3 of the Stipulated Protective Order entered in this case (Dkt. No. 61), the Parties have agreed to the following provisions to protect the confidentiality of any Apple Source Code, to the extent such source code is produced in this case. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 10.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1  Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.2  Competitive Decision-Making:  a person's activities, associations, or relationship with any of its clients that involve advice about or participation in the relevant business decisions or the analysis underlying the relevant business decisions of the client in competition with or a business relationship with the Producing Party.

2.3  Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

2.4  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or

STIPULATED SOURCE CODE PROTECTIVE ORDER

as a consultant in this Action and who is not a past or a current employee of a Party or of any entity on the Restricted Competitors List and who, at the time of retention, is not anticipated to become an employee of a Party or any entity on the Restricted Competitors List. This definition includes any professional jury or trial consultant retained in connection with this litigation but does not include mock jurors. A list of Apple Inc.'s ("Apple") restricted competitors has been separately produced to Outside Counsel ("Restricted Competitors List") in the context of the Stipulated Protective Order (Dkt. No. 61) and may be updated from time-to-time.

2.6     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7     Non-Parties:  each and every Non-Party, collectively.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Parties:  each and every Party, collectively.

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16    Source Code:  computer code, scripts, assembly, object code, source code listings, comments for source code, source code revision histories, and descriptions of source code, object code listings, comments for object code, object code revision histories, and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and other electronic files used in network operations, comments for network operation files, and network operation revision histories.

3.    **SCOPE**

The protections conferred by this Source Code Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

4.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

STIPULATED SOURCE CODE PROTECTIVE ORDER

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    <u>Production of Source Code</u>.  To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "<u>HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE</u>" if it comprises or includes confidential, proprietary, and/or trade secret Source Code. Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

5.2    <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate or an incorrect designation of qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon receiving Protected Material with a timely corrected confidentiality designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order and shall destroy the Protected Material that was not designated properly.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below.  For the avoidance of doubt, no Protected Material produced by a Party or by a Non-Party in connection with this case may be used in any other litigation or proceeding of any kind, including but not limited to any patent prosecution or acquisition, patent reexamination, patent litigation, or reissue proceedings.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

STIPULATED SOURCE CODE PROTECTIVE ORDER

6.2     <u>Disclosure of Protected Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

(a)  The Receiving Party's Outside Counsel;

(b)  Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(c)  Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A hereto; (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party; (c) such expert or consultant is not involved in Competitive Decision-Making on behalf of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 7 below;

(d)  Court reporters, stenographers and videographers retained to record testimony taken in this action;

(e)  The Court, jury, and court personnel;

(f)  Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A hereto;

(g)  At a deposition or at trial, any Person who otherwise has access to the Protected Material pursuant to this Protective Order, as well as any current or former employees of the Producing Party who has or has had access to the relevant Protected Material by virtue of their employment with the Producing Party;

(h)  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

STIPULATED SOURCE CODE PROTECTIVE ORDER

(i)  Any other person with the prior written consent of the Producing Party.

6.3     Location.  Any Source Code that is produced by Apple will be made available for inspection at the San Francisco office of its outside counsel, Kirkland & Ellis LLP, or any other location mutually agreed by the Plaintiffs and Apple.  These items will be made available for inspection between the hours of 9 a.m. and 6 p.m. Monday through Friday (excluding holidays) and from 9 a.m. to 5 p.m. on Saturday and Sunday (excluding holidays).  The requesting party shall make its best efforts to restrict its access to normal business hours.[1]  One week prior to the beginning of trial and continuing through the end of trial, each Producing Party shall make its Source Code available for inspection at a location in San Jose, California. The Producing Party shall make the Source Code available in its native format and with the same tools and file structure which the Source Code had when originally produced in this matter.

6.4     Notice.  Prior to the first inspection of any requested Source Code, the Receiving Party shall provide twenty one (21) days' notice of the Source Code that it wishes to inspect. The Receiving Party shall provide two (2) business days' notice prior to any additional Source Code inspections that Apple has made available for inspection pursuant to Section 6.5 below. One week prior to the beginning of trial and continuing through the end of trial, the Receiving Party only need provide three (3) hours' notice for the inspection of Source Code.

6.5     Source Code Production Protocol.  Source Code that is designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(a)  All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet

---

[1] After a Producing Party has received three (3) requests by a requesting Party to inspect Source Code outside of normal business hours, the Producing Party may refuse further inspections, except for during normal business hours.  However, the Producing Party and requesting party will work in good faith to provide reasonable hours of access.

access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  If requested by the Receiving Party, the producing party shall install tools reasonably necessary to review the source code on the Source Code Computers including, but not limited to: Grep, Understand C, Visual Slick Edit, Source-Navigator, PowerGrep and/or ExamDiff Pro.  If the Producing Party does not possess an appropriate license to any such software tools, the Requesting Party may provide the Producing Party with a licensed copy of such software tools, and the Producing Party shall install such software tools on the Source Code Computers.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computers.

(b)  No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, smartphones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The Producing Party will provide the Receiving Party with a secure location near the Source Code Review Room to store their cellular telephones etc. and to make phone calls.

(c)  The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computers, and such notes shall be clearly labeled and treated as "<u>HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE</u>" under this Protective Order.

(d)  The Producing Party may visually monitor the activities of the Receiving Party's

representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code are being created or transmitted in any way.  The Producing Party may not videotape the activities of the Receiving Party's representatives during any Source Code review.

(e)  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds and blank paper for on-site printing during inspection of the Source Code.  The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "<u>HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE</u>."  The Receiving Party shall not request paper copies of Source Code for the purposes of reviewing the Source Code other than electronically in the first instance.  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "<u>HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE</u>" any pages printed by the Receiving Party.  Within three (3) business days, the Producing Party shall either (i) send one copy set of such pages to the Receiving Party, for next business day delivery or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question was excessive or not printed for a permitted purpose.

(f)  All persons who will review a Producing Party's Source Code Computers on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be

identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing the Source Code Computers shall sign each day they view the Source Code Computers a log maintained by the Producing Party that will include the names of persons who enter the locked room to view the Source Code Computers and when they enter and depart.  The Receiving Party shall be entitled to a copy of the log upon one (1) business day's advance notice to the Producing Party, but the Receiving Party may only request such a log one time per month.

(g)  Unless otherwise agreed in advance by the Parties in writing, at the end of each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials (consistent with this Order) from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session and has the right to shred any notes, documents, or other written material left in the room.

(h)  Other than as provided herein, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computers including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  Except as is allowed by this Protective Order, the Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.  Copies of Source Code shall not be mailed except with permission by the Producing Party.  Any copies of Source Code mailed pursuant to the foregoing shall be mailed with a tracking number and require a signature by the recipient.

(i)  The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Section 6.5(e), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies

STIPULATED SOURCE CODE PROTECTIVE ORDER

are stored.  Upon one (1) business day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party, but the Producing Party may only request such a log one time per month.

(j)  The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code (consistent with this Order) shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(k)  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(l)  Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code) except in preparation for or in connection with: (i) filing (under seal) and service of papers, motions, and pleadings in this matter; (ii) expert reports in this matter; and (iii) a hearing or trial in this matter. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy may be made for a Court filing, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely

STIPULATED SOURCE CODE PROTECTIVE ORDER

to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored. Additionally, any such electronic copies must be labeled "<u>HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE</u>" as provided for in this Order.

## 7.   **NOTICE OF DISCLOSURE**

7.1   <u>Pre-Disclosure Notice</u>.  Prior to disclosing any Protected Material to any person described in Paragraphs 6.2(c) and 6.2(f) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  The Party seeking to disclose Protected Material shall also provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

7.2   <u>Objections</u>.  Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.  If the Producing Party objects to disclosure to

11                                     5:17-cv-00551-LHK

the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.  For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

7.3    <u>Agreement to be Bound</u>.  Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Expert/Consultant Acknowledgement of Confidentiality and Agreement to be Bound by Source Code Protective Order" (Exhibit A hereto) and serve it on all Parties.

7.4    <u>Continued Ability to Object</u>.  An initial failure to object to a Person under Section 7.2 shall not preclude the non-objecting Party from later objecting to continued access by that Person for actual violations of this Stipulated Protective Order.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, Protected Material may thereafter be provided to the Person.

8.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons to execute the appropriate acknowledgment and agreement to be bound (Exhibit A hereto).

10. **MISCELLANEOUS**

10.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

10.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

11. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) confirms that all the Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 above.

STIPULATED SOURCE CODE PROTECTIVE ORDER

Dated: October 19, 2017

By: */s/ Jill M. Manning*
     Jill M. Manning

STEYER LOWENTHAL BOODROOKAS
   ALVAREZ & SMITH LLP
Allan Steyer (Bar No. 100318)
Jill M. Manning (Bar No. 178849)
D. Scott Macrae (Bar No. 104663)
One California Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 424-3400
asteyer@steyerlaw.com
jmanning@steyerlaw.com
smacrae@steyerlaw.com

PEARSON, SIMON & WARSHAW, LLP
Bruce L. Simon (Bar No. 96241)
Daniel L. Warshaw (Bar No. 185365)
Alexander L. Simon (Bar No. 305734)
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
bsimon@pswlaw.com
dwarshaw@pswlaw.com
asimon@pswlaw.com

FRIEDMAN OSTER & TEJTEL PLLC
David F.E. Tejtel (admitted *pro hac vice*)
240 East 79th Street, Suite A
New York, NY 10075
Telephone: (646) 661-5881
dtejtel@fotpllc.com

CALDWELL CASSADY & CURRY
Bradley W. Caldwell (admitted *pro hac vice*)
Jason D. Cassady (admitted *pro hac vice*)
John Austin Curry (admitted *pro hac vice*)
2101 Cedar Springs Road, Suite 000
Dallas, TX 75201
Telephone: (214) 888-4848
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com

*Counsel for Plaintiffs
and Proposed Lead Counsel for the Class*

STIPULATED SOURCE CODE PROTECTIVE ORDER

Dated: October 19, 2017

By: /s/ Joseph A. Loy
　　　Joseph A. Loy

KIRKLAND & ELLIS LLP
Elizabeth L. Deeley (Bar No. 230798)
Kristin I. Sheffield-Whitehead (Bar No. 304635)
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
elizabeth.deeley@kirkland.com
kwhitehead@kirkland.com

JOSEPH A. LOY (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
joseph.loy@kirkland.com

*Attorneys for Defendant*
*Apple Inc.*

IT IS SO ORDERED.

DATED:  October 20, 2017

GRANTED

Judge Nathanael M. Cousins

STIPULATED SOURCE CODE PROTECTIVE ORDER

**EXHIBIT A**

**EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND
AGREEMENT TO BE BOUND BY SOURCE CODE PROTECTIVE ORDER**

I, _____, declare:

1.      I reside at _____.

2.      I have read the Source Code Stipulation and Protective Order ("Order") in *Grace et al. v. Apple Inc.*, Case No. 17-cv-00551 LHK, pending in the Northern District of California.

3.      I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4.      I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any Protected Material obtained pursuant to the Order.

5.      By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of California for resolving any and all disputes regarding the Order and this Acknowledgment of Confidentiality. I further agree that any and all disputes regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment of Confidentiality.

6.      By signing below, I hereby confirm that I am not currently and do not currently anticipate becoming an officer, director, or employee of, providing any form of consulting services to, or becoming involved in any Competitive Decision-Making on behalf of any entity on the Restricted Competitors List with respect to the subject matter of this suit (including any messaging, tablet, or mobile phone applications, products, or services). I further agree that: (1) during the pendency of these proceedings I shall not accept any position as an employee, officer, or director of any entity on the Restricted Competitors List; (2) for the two years

18

following the close of expert discovery or during the pendency of these proceedings,

whichever is shorter, I shall not consult with, or provide services to any entity on the Restricted

Competitors List; and (3) I shall not at any time, either during the pendency of these

proceedings or after conclusion of these proceedings, use or divulge any Protected Material

made available to me pursuant to the Order.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed on _____ at _____.


_____

Name:

Address:

STIPULATED SOURCE CODE PROTECTIVE ORDER

1

**FILER'S ATTESTATION**

2

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this

3

document has been obtained from each of the above signatories.

4

Dated: October 19, 2017                                      By: */s/ Jill M. Manning*

Jill M. Manning

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED SOURCE CODE PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

On October 19, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

By: */s/ Suneel Jain*
Suneel Jain

STIPULATED SOURCE CODE PROTECTIVE ORDER