**Suneel Jain**

| | |
|---|---|
| **From:** | David Tejtel <dtejtel@fotpllc.com> |
| **Sent:** | Wednesday, September 20, 2017 4:44 PM |
| **To:** | Sheffield-Whitehead, Kristin |
| **Cc:** | Jill Manning; Austin Curry; Suneel Jain; Deeley, Elizabeth L.; Warshaw, Daniel L. |
| **Subject:** | Re: Grace v. Apple |
| **Attachments:** | Grace v. Apple -- Plaintiffs' Revised ESI Search Terms.docx |

Kristin:

As previewed in my September 14 email, although we were hoping to receive information from you regarding some of the outstanding items on which Apple committed to follow up, in an attempt to keep things moving we have drafted revised proposed ESI search terms, which are attached.  For the avoidance of doubt, the attached terms may require revision based upon the information that you ultimately provide with respect to the outstanding follow-up items.

Please let us know as soon as possible whether these terms are acceptable.

Thank you.

Best,
Dave


David Tejtel
**Friedman Oster & Tejtel PLLC**
240 E. 79th Street
New York, NY 10075
(646) 661-5881 (Office)
(434) 825-6330 (Cell)
dtejtel@fotpllc.com


On Wed, Sep 20, 2017 at 9:43 AM, David Tejtel <dtejtel@fotpllc.com> wrote:
> Understood, and thank you.  We look forward to receiving your response.
>
> Best,
> Dave
>
>
> David Tejtel
> **Friedman Oster & Tejtel PLLC**
> 240 E. 79th Street
> New York, NY 10075
> (646) 661-5881 (Office)
> (434) 825-6330 (Cell)
> dtejtel@fotpllc.com
>
>
> On Wed, Sep 20, 2017 at 9:40 AM, Sheffield-Whitehead, Kristin <kwhitehead@kirkland.com> wrote:

Dave,

I am aiming to get you a substantive response today or tomorrow.  As I noted on Monday, I am catching up on matters after being tied up virtually all of last week, including making sure I have the latest updates with respect to the matters we've been discussing.

Regards,
Kristin

Kristin Sheffield-Whitehead
---------------------------------------------------------
KIRKLAND & ELLIS LLP
555 California Street, San Francisco, CA 94104
T +1 415 439 1420   M +1 310 927 0910
F +1 415 439 1500
---------------------------------------------------------
kristin.sheffield-whitehead@kirkland.com

On Sep 20, 2017, at 6:11 AM, David Tejtel <dtejtel@fotpllc.com> wrote:

> Kristin:
>
> I write to follow up on my emails below.  Can you please let me know when you will substantively respond to my September 14 email regarding Apple's responses and objections to Plaintiff's requests for production?
>
> Thank you.
>
> Best,
> Dave
>
>
> David Tejtel
> **Friedman Oster & Tejtel PLLC**
> 240 E. 79th Street
> New York, NY 10075
> (646) 661-5881 (Office)
> (434) 825-6330 (Cell)
> dtejtel@fotpllc.com
>
>
> On Mon, Sep 18, 2017 at 5:04 PM, David Tejtel <dtejtel@fotpllc.com> wrote:
>> Thanks Kristin.  Recognizing that tomorrow is the earliest you think you could provide a response, what is the earliest date by which you can commit to provide a substantive response?
>>
>> Best,
>> Dave
>>
>>
>> David Tejtel
>> **Friedman Oster & Tejtel PLLC**

240 E. 79th Street
New York, NY 10075
(646) 661-5881 (Office)
(434) 825-6330 (Cell)
dtejtel@fotpllc.com


On Mon, Sep 18, 2017 at 4:58 PM, Sheffield-Whitehead, Kristin <kwhitehead@kirkland.com> wrote:

David,


Thank you for your email.  I am just back in CA after being in NY all last week on another case and am still catching up (for example, as Austin knows, we had a meet and confer this morning regarding source code in this case).  From a quick read, it looks like you wanted a response today, but I need some time to review everything you've laid out here so my response will likely come tomorrow at the earliest.


Regards,

Kristin


**Kristin Sheffield-Whitehead**

**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
T +1 415 439 1420  M +1 310 927 0910
F +1 415 439 1500

kristin.sheffield-whitehead@kirkland.com


**From:** David Tejtel [mailto:dtejtel@fotpllc.com]
**Sent:** Thursday, September 14, 2017 6:13 PM
**To:** Sheffield-Whitehead, Kristin <kwhitehead@kirkland.com>
**Cc:** Jill Manning <jmanning@steyerlaw.com>; Austin Curry <acurry@caldwellcc.com>; Suneel Jain <sjain@steyerlaw.com>; Deeley, Elizabeth L. <edeeley@kirkland.com>
**Subject:** Re: Grace v. Apple


Dear Kristin:


Thank you for meeting and conferring with us with respect to Apple's August 28, 2017 responses and objections (the "Responses and Objections") to Plaintiffs' First Requests for the Production of Documents (the "Requests"), which Plaintiffs served on Apple on May 8,

2017.  I write to follow up on our September 1, 2017 and September 5, 2017 discussions of Apple's Responses and Objections (together, the "Meet and Confer").

One universal issue on which the parties have not yet agreed is the relevant time period.  The parties had extensive negotiations about this in connection with the ESI Stipulation.  Plaintiffs' compromise position then, which has not changed, is that June 24, 2010 to the present is the relevant time period and that Apple must produce documents during this time period. However, to the extent Apple has agreed to produce documents responsive to certain of the requests for a limited time period, it should (1) produce those documents immediately, notwithstanding the parties' dispute, and (2) provide a written explanation of Apple's position that a more limited time frame is appropriate.

Follow-Up Items

During the Meet and Confer, Apple agreed to follow up on several issues, including:

- Whether Apple is withholding – and/or intends to withhold – documents pursuant to any of its General Objections;

- The basis for Apple's objections to Plaintiffs' definitions of the terms "FaceTime," "FaceTime Break," Peer-to-Peer Method," "Relay Method," "Relay Usage," and "VirnetX Actions" (*i.e.*, General Objection No. 10);

- The extent, type and availability of Apple documents concerning the number and duration of FaceTime calls during the relevant period (*i.e.*, Request No. 1);

- The extent, type and availability of Apple documents reflecting raw data relating to Relay Usage (as defined in the Requests) during the relevant period (*i.e.*, Requests Nos. 2, 4 and 5);

- Whether – and how far back – Apple can query for Relay Usage data (*i.e.*, Requests Nos. 2, 4 and 5);

- The extent, type and availability of Apple documents reflecting the breakdown of iOS version usage by product during the relevant period (*i.e.*, Request No. 6);

- The extent, type and availability of Apple documents reflecting in absolute and percentage terms iOS usage rates and transitions between iOS versions during the relevant period (*i.e.*, Request No. 10);

- The extent, type and availability of Apple documents concerning customer complaints or concerns regarding performance and/or functionality issues related to iOS 7 during the relevant period (*i.e.*, Requests Nos. 12 and 13); and

- Whether Apple's agreement to produce documents regarding the "***performance*** of iOS 7" (emphasis added) includes ***all*** issues potentially caused by or arising from iOS 7, including issues arguably unrelated to the "performance of iOS 7" such as reduced battery life (*i.e.*, Request No. 12).

With respect to this list, please let us know (1) for each bulleted item, whether you have additional information to provide; (2) to the extent you do not have additional information to provide for a particular bulleted item, when you expect to have additional information to provide; and (3) whether Apple intends to provide additional information with respect to any items in addition to those in the bulleted list.

<u>Summary of Certain Other Issues Discussed During the Meet and Confer</u>

Regarding General Objection #4, you stated that despite Apple's objection to "collecting, searching, or producing documents (including communications) with outside or in-house counsel generated in response to this lawsuit," Apple would not refuse on the basis of that objection to collect or search any documents pre-dating the filing of Plaintiffs' Complaint.   You committed to alert Plaintiffs if it appears that General Objection #4 will result in the exclusion from Apple's document collection and/or search process any document(s) that, but-for General Objection #4, would have been included.

You stated that you did not believe Apple would withhold any documents on the basis of General Objection #14, but that you would alert Plaintiffs' counsel to the extent that belief changes.

You confirmed that where Apple did not agree within its Responses and Objections to produce documents in response to a particular Request (*e.g.*, Requests Nos. 3, 8, 16, 17, 18, 20, 22, 23, 24, 26), Apple was standing on that objection/refusal and would not be providing any documents in response to that particular Request.

For several of Plaintiffs' Requests, you explained that despite indicating in your Responses and Objections to those particular Requests that you would not produce certain documents, you would in fact produce certain responsive documents so long as (1) those documents hit on ESI search terms to be agreed upon by the parties, and (2) Apple deemed those documents to "concern[] the April 16, 2014 digital certificate expiration that impacted FaceTime on iPhone 4 and 4S devices operating on iOS 6 or earlier versions—including documents regarding Apple's attempts to resolve that issue—located after a reasonably diligent search[.]"  Examples of documents that would be produced pursuant to the process described in the preceding sentence include: (1) for Requests Nos. 2, 4 and 5, documents (including communications) concerning, *e.g.*, Apple's desire to reduce Relay Usage, Apple's attempts to reduce Relay Usage and the impact of iOS 7 on Relay Usage; (2) for Request No. 11, documents concerning Apple's ability after April 16, 2014 to restore FaceTime to devices running on iOS 6 and earlier; and (3) for Request No. 27, documents concerning iOS 6.1.6, including documents concerning how FaceTime worked on iOS 6.1.6 and documents showing why iOS 6.1.6 was only available on certain devices.  To the extent you believe any other categories of documents would be produced pursuant to the process described in the first sentence of this paragraph, please identify them.

During discussions regarding Request No. 6, you confirmed that Apple considers iOS 7 and all prior iOS versions relevant to this action.

You stated Apple's belief that the United States Constitution and certain privacy laws prevent Apple from disclosing to Plaintiffs' counsel, even on a confidential basis, Apple users' personal identifying information (including a user's name, billing address, Apple ID, phone number and/or DSID).  You stated that the only user identifying information Apple will agree to provide is preexisting user serial numbers internally used by Apple.  Please identify the specific language within the United States Constitution and/or any law that you believe prevents Apple from providing users' personal identifying information to Plaintiffs' counsel pursuant to the Protective Order entered in this case.

For Request No. 10, you confirmed that Apple does not intend to withhold documents concerning the ***percentage*** of users using different iOS versions (as opposed to absolute numbers relating to iOS usage).

For Request No. 12, after Plaintiffs' counsel asked whether Apple would produce documents relating to customer concerns regarding the impact of iOS 7 on product performance rather than just "***Apple's assessment*** of performance of iOS 7" (emphasis added), counsel for the parties agreed to revisit this issue once Apple has a better sense of the available documents regarding performance issues related to iOS 7.

During discussions regarding Request No. 14, after Plaintiffs' counsel reiterated its concerns regarding Apple's refusal to provide identifying information for Apple users, and after Plaintiffs' counsel also asked at what point and in what form Apple anticipates providing Plaintiffs and/or Plaintiffs' counsel with information sufficient to identify putative class members, you stated that it is premature to address Plaintiffs' concerns regarding identification of putative class members and that Apple would not address the issue unless and until Plaintiffs succeed in certifying a class in this action.

For Request No. 15, you confirmed that aside from documents concerning the monetary value of FaceTime, Apple would not produce documents reflecting Apple's internal views or assessments of the value, importance and/or impact of FaceTime.

During discussions regarding Request No. 16, you would not state whether Apple was withholding – and/or intending to withhold – documents based on its repeated objection that Plaintiffs purportedly wrongly presuppose that Apple intentionally "broke" FaceTime.  Rather, you stated that Apple would provide documents relating to the expiration of the digital certificate, which you believed would convince Plaintiffs that Apple had not, in fact, "broken" FaceTime.  You stated that if the documents that Apple ultimately produces do not convince Plaintiffs that Apple did not "break" FaceTime, then Plaintiffs could follow up regarding production of additional documents at that later time.  Counsel for

Plaintiffs explained that Apple was effectively proposing to withhold documents on the basis of Apple's subjective belief as to a highly disputed factual issue.  Counsel for Plaintiffs further explained that it would likely be impossible for Plaintiffs to determine whether information was being withheld, and that Apple is plainly in a far better position to do so.  You maintained your position that, after Apple produces documents, Plaintiffs could revisit this issue.

For Requests Nos. 22 and 23, you stated that Apple refused to search and/or produce (1) any portion of any transcript (confidential or otherwise) from the VirnetX Action, whether or not relevant to the issues in this action; and/or (2) the documents produced in the VirnetX Action.   When asked whether Apple would run agreed upon search terms on the confidential transcripts from the VirnetX Action – to which Plaintiffs do not have access – you stated that Apple would not.

For Request No. 24, you stated that Apple does not have or maintain organization charts.  Plaintiffs' counsel asked whether Apple would agree to provide a list of Apple employees whose work concerned and/or involved (i) the FaceTime Break (as defined in the Requests), and/or (ii) Apple's attempts to reduce Relay Usage.  You stated that Apple would not provide any such list, that Plaintiffs could glean the relevant Apple employees from whatever documents Apple ultimately produces, and if Plaintiffs believe that relevant individuals have not been identified within those produced documents, then Plaintiffs can raise that issue with Apple at that later time.  Counsel for Plaintiffs explained that forcing Plaintiffs to rely on documents produced by Apple to identify the relevant individuals would necessarily preclude Plaintiffs from knowing about the involvement of individuals *not* identified within the documents produced by Apple.  Apple stood on its position that it was premature for Plaintiffs to seek the identities of relevant Apple employees, and that Plaintiffs should review whatever documents Apple ultimately produces and then, if review of those documents leads Plaintiffs to believe that relevant individuals have not been identified within those documents, Plaintiffs should raise the issue.

\*   \*   \*

To the extent you disagree with any of the above, please identify (1) the precise points on which you disagree, and (2) the precise reason for your disagreement.  For the avoidance of doubt, the issues addressed above do not constitute the full universe of Plaintiffs' concerns, issues or disputes with respect to Apple's Responses and Objections, or discovery generally, and Plaintiffs reserve all rights.

As discussed during the Meet and Confer, Plaintiffs have endeavored to work collaboratively on these and other discovery issues and have no desire to unnecessarily involve the Court.  Nevertheless, in order to meet the deadlines set forth in the Court's schedule, Plaintiffs promptly will seek judicial relief where Apple refuses to honor its discovery obligations, and where judicial intervention is necessary to protect Plaintiffs' rights to prosecute their claims.  As such, in the spirit of good faith and candor, Plaintiffs hereby

inform Apple that, to the extent it has not changed its position with respect to the matters set forth above, they intend to file a Motion to Compel.  If Apple has changed its position with respect to any of the requests set forth above, please let us know by September 18, 2017.

Finally, by way of update, we have been working on revised search terms and to be able to do so on an informed basis were hoping to receive further information from you regarding some of the follow-up items listed above, but given the passage of time without any updates, we now intend to provide a revised draft to you in the near term even if no updates are provided.  To the extent that you believe you are waiting on Plaintiffs to follow up on any other items or issues discussed during the Meet and Confer (or otherwise), please let us know.

Thank you.

Best regards,

David

David Tejtel

**Friedman Oster & Tejtel PLLC**

240 E. 79th Street

New York, NY 10075

(646) 661-5881 (Office)

(434) 825-6330 (Cell)

dtejtel@fotpllc.com

On Fri, Sep 1, 2017 at 3:56 PM, Sheffield-Whitehead, Kristin <kwhitehead@kirkland.com> wrote:

> sure
>
> **Kristin Sheffield-Whitehead**

KIRKLAND & ELLIS LLP
555 California Street, San Francisco, CA 94104
T +1 415 439 1420   M +1 310 927 0910
F +1 415 439 1500

kristin.sheffield-whitehead@kirkland.com


**From:** David Tejtel [mailto:dtejtel@fotpllc.com]
**Sent:** Friday, September 1, 2017 12:52 PM
**To:** Jill Manning <jmanning@steyerlaw.com>
**Cc:** Austin Curry <acurry@caldwellcc.com>; Suneel Jain <sjain@steyerlaw.com>; Sheffield-Whitehead, Kristin <kwhitehead@kirkland.com>; Deeley, Elizabeth L. <edeeley@kirkland.com>
**Subject:** Re: Grace v. Apple


I just spoke to Jill who had a power outage issue, but has found a workaround.  Can everybody dial back into the same conference line?  Kristin, I know you only have a few minutes.


David Tejtel

**Friedman Oster & Tejtel PLLC**

240 E. 79th Street

New York, NY 10075

(646) 661-5881 (Office)

(434) 825-6330 (Cell)

dtejtel@fotpllc.com




On Wed, Aug 30, 2017 at 2:32 PM, Jill Manning <jmanning@steyerlaw.com> wrote:

Call in: 1-888-806-5025

Participate Code: 357650#

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.