Elizabeth L. Deeley (SBN 230798)
Kristin I. Sheffield-Whitehead (SBN 304635)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: elizabeth.deeley@kirkland.com
Email: kwhitehead@kirkland.com

Joseph A. Loy (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Email: joseph.loy@kirkland.com

Attorneys for Defendant
*Apple Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA GRACE and KEN POTTER, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>APPLE INC.,<br><br>                    Defendant. | CASE NO. 5:17-CV-00551-LHK<br><br>**DEFENDANT APPLE INC.'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:  PLAINTIFFS**

**RESPONDING PARTY:    DEFENDANT APPLE INC.**

**SET NUMBER:              ONE**

1    Defendant Apple Inc. ("Apple") responds to Plaintiffs' First Requests for Production of

2    Documents, including the Definitions and Instructions incorporated therein (collectively, the

3    "Requests"), as follows:

4                                    **SPECIFIC OBJECTIONS**

5    **REQUEST FOR PRODUCTION NO. 1:**

6    Documents sufficient to establish (i) the total number and total duration of FaceTime calls

7    connected during each day of the Relevant Time Period, (ii) the total number and total duration of

8    FaceTime calls connected through the Peer-to-Peer Method during each day of the Relevant Time

9    Period, and (iii) the total number and total duration of FaceTime calls connected through the Relay

10   Method during each day of the Relevant Time Period.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

12   Apple incorporates by reference its General Objections as if fully set forth herein.  Apple

13   objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the

14   needs of this case, including because it is not limited to a relevant time period or to the devices and

15   versions of iOS at issue in this case.  Apple objects to this Request because the term "connected" is

16   vague and ambiguous and because Plaintiffs' Request makes incorrect assumptions about the way

17   FaceTime works.  Subject to and without waiving its General or Specific Objections, Apple will meet

18   and confer with Plaintiffs regarding what data is available, if any, with respect to FaceTime usage data

19   from within the timeframe of November 7, 2012 through May 16, 2014.

20   **REQUEST FOR PRODUCTION NO. 2:**

21   All Documents concerning (i) Your Relay Usage; (ii) any costs, fees, expenses and/or charges

22   incurred by You in connection with Your Relay Usage, including any contracts, draft contracts or

23   Communications concerning any such costs, fees, expenses and charges; and/or (iii) payments made

24   by You in connection with Your Relay Usage, including payments related to use of Akamai's servers.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

26   Apple incorporates by reference its General Objections as if fully set forth herein.  Apple

27   objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the

28   needs of this case, including because it is not limited to a relevant time period and because it seeks

DEFENDANT'S RESPONSES TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF            1            CASE NO. 5:17-CV-00551-LHK
DOCUMENTS

"all" documents when a subset would be sufficient.  Subject to and without waiving its General or Specific Objections, Apple agrees to produce non-privileged documents, if any, sufficient to show Apple's payments to Akamai from November 7, 2012 to May 16, 2014 for FaceTime calls and Apple's contracts with Akamai applicable to FaceTime relay service from 2012 through the end of 2015.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning the impact of the VirnetX Actions on (i) FaceTime calls connected through the Peer-to-Peer Method during the Relevant Time Period; (ii) Your Relay Usage; (iii) any costs, fees, expenses and/or charges expected, incurred and/or paid by You in connection with Your Relay Usage; (iv) iOS, and/or (v) FaceTime.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request to the extent it wrongly presupposes and suggests that Apple intentionally "broke" FaceTime for any reason, much less to reduce Apple's payments to Akamai.  Apple objects to this Request because the phrase "concerning the impact of the VirnetX Actions" is vague and ambiguous.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period or to the devices and versions of iOS at issue in this case and because it seeks "all" documents when a subset would be sufficient.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning (i) Your desire and/or attempts to reduce Relay Usage, and/or (ii) any expected or actual costs, fees, expenses or charges in connection with Your Relay Usage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request to the extent it wrongly presupposes and suggests that Apple had a desire to or attempted to reduce its payments to Akamai by "breaking" FaceTime.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period and because it seeks "all" documents when a subset would be sufficient.  Apple objects to this Request because the phrase "Your desire and/or

1   attempts to reduce" is vague and ambiguous.  Apple objects to this Request to the extent its second

2   subpart is duplicative of Request No. 2.  Subject to and without waiving its General or Specific

3   Objections, Apple agrees to produce non-privileged documents, if any, sufficient to show Apple's

4   payments to Akamai from November 7, 2012 to May 16, 2014 for FaceTime calls and Apple's

5   contracts with Akamai for FaceTime relay service from 2010 through the end of 2015.

6   **REQUEST FOR PRODUCTION NO. 5:**

7       All Documents concerning the intended, expected and/or actual impact of iOS 7 on (i) Relay

8   Usage, and/or (ii) any expected or actual costs, fees, expenses or charges incurred by You in

9   connection with Your Relay Usage.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11      Apple incorporates by reference its General Objections as if fully set forth herein.  Apple

12  objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the

13  needs of this case, including because it is not limited to the devices at issue in this case and because it

14  seeks "all" documents when a subset would be sufficient.  Apple objects to this Request because the

15  phrase "intended, expected and/or actual impact of iOS 7" is vague and ambiguous.  Apple objects to

16  this Request to the extent it is duplicative of Request Nos. 2 and 4.  Subject to and without waiving its

17  General or Specific Objections, Apple agrees to produce non-privileged documents, if any, sufficient

18  to show Apple's payments to Akamai from November 7, 2012 to May 16, 2014 for FaceTime calls

19  and Apple's contracts with Akamai for FaceTime relay service from 2010 through the end of 2015.

20  **REQUEST FOR PRODUCTION NO. 6:**

21      Documents sufficient to show, on a product-by-product basis, a breakdown of the iOS versions

22  used by iPhone, iPad and iPod Touch users throughout the Relevant Time Period.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

24      Apple incorporates by reference its General Objections as if fully set forth herein.  Apple

25  objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the

26  needs of this case, including because it is not limited to a relevant time period or to the devices and

27  versions of iOS at issue in this case.  Apple objects to this Request because the phrase "breakdown of

28  the iOS versions" is vague and ambiguous.  Subject to and without waiving its General or Specific

1  Objections, Apple will meet and confer regarding what data is available, if any, with respect to this

2  Request from within the timeframe of September 1, 2013 to April 16, 2015 and as limited to iPhone 4

3  and 4S devices and the iOS versions at issue in this case.

4  **REQUEST FOR PRODUCTION NO. 7:**

5       All Documents concerning the FaceTime Break, including all Documents concerning (i) the

6  origin of the idea for the FaceTime Break; (ii) the decision to implement the FaceTime Break; (iii)

7  potential alternatives to the FaceTime Break; (iv) actions taken in furtherance of and/or to implement

8  the FaceTime Break (including Documents showing how the FaceTime Break was actually

9  implemented); (v) preparation for—and expectations concerning—the FaceTime Break; (vi) views

10  and beliefs concerning the propriety and/or impact" of the FaceTime Break; (vii) the impact of the

11  FaceTime Break on iPhones, iPads, iPod Touches and/or other Apple devices; (viii) the impact of the

12  FaceTime Break on Your Relay Usage, and any fees, costs, charges or expenses related thereto; and

13  (ix) reactions, responses and complaints concerning the FaceTime Break.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

15       Apple incorporates by reference its General Objections as if fully set forth herein.  Apple

16  objects to this Request to the extent it wrongly presupposes and suggests that Apple intentionally

17  "broke" FaceTime for any reason, much less to reduce Apple's payments to Akamai.  Apple objects

18  to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of

19  this case, including because it is not limited to the devices at issue in this case and because it seeks

20  "all" documents when a subset would be sufficient.  Apple objects to this Request because the terms

21  "origin of the idea," "decision to implement," "potential alternatives," "actions taken in furtherance of

22  and/or to implement," "actually implemented," "preparation for," "expectations concerning," "views

23  and beliefs concerning the propriety and/or impact," "the impact of," and "reactions, responses, and

24  complaints" are vague and ambiguous.  Apple objects to this Request to the extent it is duplicative of

25  Request Nos. 2, 4, and 5.  Subject to and without waiving its General or Specific Objections, Apple

26  (a) agrees to produce non-privileged documents, if any, concerning the April 16, 2014 digital

27  certificate expiration that impacted FaceTime on iPhone 4 and 4S devices operating on iOS 6 or earlier

28  versions—including documents regarding Apple's attempts to resolve that issue—located after a

reasonably diligent search and subject to the parties' agreement on reasonable search terms, and (b) will meet and confer with Plaintiffs regarding what data is available, from a relevant time period, with respect to customer care log data regarding FaceTime on iPhone 4 and 4S devices.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify the name, contact information (including billing address), Apple ID, phone number, DSID, registered country, and iOS version used by each such Apple iPhone user for each of the following dates: (i) April 15, 2014; (ii) April 16, 2014; and (iii) April 17, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to the devices at issue in this case.  Apple objects to this Request because the phrase "each such Apple iPhone user" is vague and ambiguous.  Apple objects to this Request to the extent that it seeks private and confidential information of non-parties whose privacy is protected by the United States Constitution, all other state constitutions, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2522, 2701-2711, and/or all other applicable federal and state privacy laws.  Apple is not authorized to and cannot waive third parties' statutory and constitutional privacy rights and will not produce any documents implicating such rights. Apple objects to this Request to the extent it is duplicative of Request No. 14.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show (i) all FaceTime calls attempted during the Relevant Time Period, (ii) the date and duration of each FaceTime call attempted during the Relevant Time Period; and (iii) whether each such call was successfully connected.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period or to the devices and versions of iOS at issue in this case.  Apple objects to this Request because the phrases "calls attempted" and "successfully connected" are vague and ambiguous.  Apple objects to this Request to

the extent it is duplicative of Request No. 1.  Subject to and without waiving its General or Specific Objections, Apple will meet and confer with Plaintiffs regarding what data is available, if any, with respect to FaceTime usage data from within the timeframe of November 7, 2012 through May 16, 2014.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning iOS usage rates during the Relevant Time Period, including Documents sufficient to show, on a product-by-product basis (including the product version), the expected and actual number and percentage of Apple iPhone, iPad and iPod Touch customers who moved to different iOS versions during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period or to the devices and versions of iOS at issue in this case and because it seeks "all" documents when a subset would be sufficient.  Apple objects to this Request because the phrases "expected . . .  number and percentage" and "moved to different iOS versions" are vague and ambiguous.  Subject to and without waiving its General or Specific Objections, Apple agrees to produce non-privileged documents, if any, sufficient to show the number of iPhone 4 and 4S users who upgraded from iOS 6 or earlier versions to iOS 7 from September 2013 through September 2014, to the extent such data is available to Apple.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning Your ability to restore FaceTime functionality to devices running pre-iOS 7 operating systems following the FaceTime Break.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request to the extent it wrongly presupposes and suggests that Apple intentionally "broke" FaceTime.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to the devices at issue in this case and because it seeks "all" documents when a subset would be sufficient.  Apple

objects to this Request because the phrase "Your ability to restore FaceTime functionality" is vague and ambiguous. Apple objects to this Request as duplicative of Request Nos. 7 and 27. Subject to and without waiving its General or Specific Objections, Apple agrees to produce non-privileged documents, if any, concerning the April 16, 2014 digital certificate expiration that impacted FaceTime on iPhone 4 and 4S devices operating on iOS 6 or earlier versions—including documents regarding Apple's attempts to resolve that issue—located after a reasonably diligent search and subject to the parties' agreement on reasonable search terms.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning iPhone performance or functionality issues related to, caused by and/or arising from iOS 7, including performance or functionality issues affecting iPhone 4 and iPhone 4S devices following migration to iOS 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Apple incorporates by reference its General Objections as if fully set forth herein. Apple objects to this Request to the extent it wrongly presupposes and suggests that iOS 7 was not compatible with iPhone 4 and 4S devices. Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period or to the devices at issue in this case and because it seeks "all" documents when a subset would be sufficient. Apple objects to this Request because the phrases "performance or functionality issues" and "related to, caused by and/or arising from" are vague and ambiguous, as is Plaintiffs' reference to iOS 7 without specifying which version of iOS 7. Apple objects to this Request to the extent that it is duplicative of Request No. 13. Subject to and without waiving its General or Specific Objections, Apple will meet and confer with Plaintiffs regarding what data is available, if any, with respect to Apple's assessment of performance of iOS 7 on iPhone 4 and iPhone 4S devices.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents reflecting any outreach – including any inquiries, questions, complaints and/or any other comments – to Apple concerning performance or functionality issues related to, caused by and/or arising from iOS 7, including any logs or databases kept by Apple customer care.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2         Apple incorporates by reference its General Objections as if fully set forth herein.   Apple

3    objects to this Request to the extent it wrongly presupposes and suggests that iOS 7 was not compatible

4    with iPhone 4 and 4S devices.   Apple objects to this Request as overly broad, unduly burdensome, and

5    not relevant or proportional to the needs of this case, including because it is not limited to a relevant

6    time period or to the devices at issue in this case and because it seeks "all" documents when a subset

7    would be sufficient.   Apple objects to this Request because the term "outreach," and the phrases

8    "performance or functionality issues," and "related to, caused by and/or arising from" are vague and

9    ambiguous, as is Plaintiffs' reference to iOS 7 without specifying which version of iOS 7.   Subject to

10   and without waiving its General or Specific Objections, Apple will meet and confer with Plaintiffs

11   regarding what customer care log data, if any, is available—from a relevant time period and as limited

12   to iPhone 4 and 4S devices—that is responsive to this Request.

13   **REQUEST FOR PRODUCTION NO. 14:**

14        Data sufficient to show (i) the identity of each Apple iPhone user affected by the FaceTime

15   Break; (ii) the iPhone device and iOS version used by each such iPhone user as of the time of the

16   FaceTime Break; (iii) each such iPhone user's Apple ID, and (iv) the most updated contact information

17   available for each such iPhone user.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

19        Apple incorporates by reference its General Objections as if fully set forth herein.   Apple

20   objects to this Request to the extent it wrongly presupposes and suggests that Apple intentionally

21   "broke" FaceTime.   Apple objects to this Request overly broad, unduly burdensome, and not relevant

22   or proportional to the needs of this case, including because it is not limited to the devices at issue in

23   this case.   Apple objects to this Request because the phrase "affected by the FaceTime Break" is vague

24   and ambiguous.   Apple objects to this Request to the extent that it seeks private and confidential

25   information of non-parties whose privacy is protected by the United States Constitution, all other state

26   constitutions, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2522, 2701-2711,

27   and/or all other applicable federal and state privacy laws.   Apple is not authorized to and cannot waive

28   third parties' statutory and constitutional privacy rights and will not produce any documents

DEFENDANT'S RESPONSES TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS

8

CASE NO. 5:17-CV-00551-LHK

1  implicating such rights.  Apple objects to this Request to the extent it is duplicative of Request No. 8.

2  Subject to and without waiving its General or Specific Objections, Apple will meet and confer with

3  Plaintiffs regarding what data is available, from a relevant time period, with respect to customer care

4  log data regarding FaceTime on iPhone 4 and 4S devices.

5  **REQUEST FOR PRODUCTION NO. 15:**

6       All Documents reflecting Your internal assessments, analyses, discussions and/or

7  determinations concerning FaceTime's (i) economic and/or non-economic value, (ii) importance to

8  customers, and/or (iii) impact on the cost and/or value of any iPhone product.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

10       Apple incorporates by reference its General Objections as if fully set forth herein.  Apple

11  objects to this Request to the extent it wrongly presupposes and suggests that any unavailability of

12  FaceTime affected the value of iPhone 4 and 4S devices or that the value of any other iPhone product

13  is even at issue in this case.  Apple objects to this Request as overly broad, unduly burdensome, and

14  not relevant or proportional to the needs of this case, including because it is not limited to a relevant

15  time period or to the devices at issue in this case and because it seeks "all" documents when a subset

16  would be sufficient.  Apple objects to this Request because the terms "internal assessments, analyses,

17  discussions and/or determinations," "economic and/or non-economic value," "importance to

18  customers," and "impact on the cost and/or value" are vague and ambiguous.  Subject to and without

19  waiving its General or Specific Objections, Apple agrees to produce advertisements for iPhone 4 or

20  4S devices that reference FaceTime, as well as documents sufficient to show the impact of FaceTime

21  on the price of the iPhone, if any.

22  **REQUEST FOR PRODUCTION NO. 16:**

23       All Documents reflecting, referencing or relating to how the FaceTime Break affected the

24  value of iPhone 4 and 4S devices.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

26       Apple incorporates by reference its General Objections as if fully set forth herein.  Apple

27  objects to this Request to the extent it wrongly presupposes and suggests that Apple intentionally

28  "broke" FaceTime and/or that any unavailability of FaceTime affected the value of iPhone 4 and 4S

devices.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period and because it seeks "all" documents when a subset would be sufficient.  Apple objects to this Request because the phrase "affected the value" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents sufficient to show the resale value of iPhone 4 devices on a monthly basis since June 24, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period.  Apple objects to this Request because the phrase "resale value" is vague and ambiguous.  Apple objects to this Request to the extent it seeks publically available information that is as available to Plaintiffs as to Apple.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents sufficient to show the resale value of iPhone 4S devices on a monthly basis since October 1, 2011.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period.  Apple objects to this Request because the phrase "resale value" is vague and ambiguous.  Apple objects to this Request to the extent it seeks publically available information that is equally available to Plaintiffs and Apple.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents reflecting the trade-in value of iPhone 4 and 4S devices on a monthly basis since January 1, 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the

1   needs of this case, including because it is not limited to a relevant time period and because it seeks

2   "all" documents when a subset would be sufficient.  Apple objects to this Request because the phrase

3   "trade-in value" is vague and ambiguous.  Apple objects to this Request to the extent it seeks publically

4   available information that is equally available to Plaintiffs and Apple.  Subject to and without waiving

5   its General or Specific Objections, Apple agrees to produce non-privileged documents, if any,

6   sufficient to show the trade-in value offered by Apple for iPhone 4 and 4S devices on a monthly basis

7   from October 2013 through October 2014.

8   **REQUEST FOR PRODUCTION NO. 20:**

9       All Documents concerning the reasons why customers traded in iPhone 4 and 4S devices

10   and/or purchased new iPhone, iPad and iPod Touch devices during the Relevant Time Period.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

12       Apple incorporates by reference its General Objections as if fully set forth herein.  Apple

13   objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the

14   needs of this case, including because it is not limited to a relevant time period and because it seeks

15   "all" documents when a subset would be sufficient.  Apple objects to this Request because the phrase

16   "reasons why customers traded in . . . and/or purchased" is vague and ambiguous.

17   **REQUEST FOR PRODUCTION NO. 21:**

18       All Documents reflecting or referencing communications between You and users of iPhones,

19   iPads and/or iPod Touches regarding the FaceTime Break.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

21       Apple incorporates by reference its General Objections as if fully set forth herein.  Apple

22   objects to this Request to the extent it wrongly presupposes and suggests that Apple intentionally

23   "broke" FaceTime.  Apple objects to this Request as overly broad, unduly burdensome, and not

24   relevant or proportional to the needs of this case, including because it is not limited to a relevant time

25   period or to the devices at issue in this case and because it seeks "all" documents when a subset would

26   be sufficient.   Apple objects to this Request because the phrase "reflecting or referencing

27   communications between You and users" is vague and ambiguous.  Apple objects to this Request to

28   the extent that it seeks private and confidential information of non-parties whose privacy is protected

by the United States Constitution, all other state constitutions, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2522, 2701-2711, and/or all other applicable federal and state privacy laws. Apple is not authorized to and cannot waive third parties' statutory and constitutional privacy rights and will not produce any documents implicating such rights.  Apple objects to this Request to the extent that it is duplicative of Request No. 7.  Subject to and without waiving its General or Specific Objections, Apple (a) agrees to produce non-privileged documents, if any, concerning the April 16, 2014 digital certificate expiration that impacted FaceTime on iPhone 4 and 4S devices operating on iOS 6 or earlier versions—including documents regarding Apple's attempts to resolve that issue— located after a reasonably diligent search and subject to the parties' agreement on reasonable search terms, and (b) as with Request No. 7, will meet and confer with Plaintiffs regarding what data is available, from a relevant time period, with respect to customer care log data regarding FaceTime on iPhone 4 and 4S devices.

**REQUEST FOR PRODUCTION NO. 22:**

All deposition exhibits of Apple witnesses, deposition transcripts of Apple witnesses, hearing exhibits, hearing transcripts, trial exhibits of Apple documents, and trial transcripts from the VirnetX Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period or to the devices, iOS versions, or application (FaceTime) at issue in this case and because it seeks thousands of pages worth of documents, including highly confidential documents and source code, irrelevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents produced by You in the VirnetX Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the

needs of this case, including because it is not limited to a relevant time period or to the devices, iOS versions, or application (FaceTime) at issue in this case and because it seeks millions of pages worth of documents, including highly confidential documents and source code, irrelevant to any issue in this case.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to show, throughout the Relevant Time Period, Apple's organizational structure and personnel directories, including Documents showing the names, titles and job descriptions of all persons whose work concerned and/or involved (i) the FaceTime Break, (ii) Your attempts to reduce Relay Usage, and/or (iii) any of Your FaceTime, iOS and/or iPhone features/products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request to the extent it wrongly presupposes and suggests that Apple intentionally "broke" FaceTime for any reason, much less to reduce Apple's payments to Akamai.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period or to the devices, iOS versions, or application (FaceTime) at issue in this case.  Apple objects to this Request because the phrases "whose work concerned and/or involved" and "FaceTime, iOS and/or iPhone features/products" are vague and ambiguous.  Subject to and without waiving its General or Specific Objections, Apple refers to the documents it has agreed to produce in response to Requests 7, 11, 21, 27, and 28, and states that additional information regarding this Request beyond that provided in those documents is more properly sought through an interrogatory that is both appropriately limited to the claims and defenses at issue in this case and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents related to the iPhone devices owned by Plaintiffs Christina Grace and Ken Potter during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to the devices at issue in this case and because it seeks "all" documents when a subset would be sufficient.  Subject to and without waiving its General or Specific Objections, Apple will produce non-privileged documents, if any, related to Apple devices owned by Plaintiffs, located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning your document retention and destruction policy or policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period and because it seeks "all" documents when a subset would be sufficient.  Apple objects to this Request to the extent it seeks the production of documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges or protections.  Apple objects to this Request to the extent that it seeks the production of documents that contain sensitive, confidential, competitive, developmental or commercial research information that is of a proprietary nature and/or is protected by other privacy protections provided by applicable laws, rules, and/or regulations.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents related to iOS 6.1.6, including: (i) Documents showing how FaceTime worked on iOS 6.1.6; (ii) Documents showing why iOS 6.1.6 was made available to iPod Touch 4th Generation and iPhone 3GS; (iii) Documents showing why iOS 6.1.6 was not made available to devices other than iPod Touch 4th Generation and iPhone 3GS; and (iv) Documents showing whether iPod Touch 4th Generation and iPhone 3GS would experience any issues or problems running iOS 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the

needs of this case, including because it is not limited to a relevant time period or the devices at issue in this case and because it seeks "all" documents when a subset would be sufficient.  Apple objects to this Request because the phrases "how FaceTime worked," "made available," and "issues or problems running iOS 7" are vague and ambiguous.  Subject to and without waiving its General or Specific Objections, Apple agrees to produce non-privileged documents, if any, concerning the April 16, 2014 digital certificate expiration that impacted FaceTime on iPhone 4 and 4S devices operating on iOS 6 or earlier versions—including documents regarding Apple's attempts to resolve that issue—located after a reasonably diligent search and subject to the parties' agreement on reasonable search terms.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents related to FaceTime's use of digital certificates including: (i) Documents showing the purpose of using digital certificates in establishing FaceTime calls; (ii) Documents showing any changes to how digital certificates were used or checked in establishing FaceTime calls; (iii) Documents showing the number of iOS devices having Apple-issued expired digital certificates on each of April 15, 2014, April 16, 2014, and April 17, 2014; (iv) Documents showing the percentage of iOS devices having Apple-issued expired digital certificates on each of April 15, 2014, April 16, 2014, and April 17, 2014; (v) Documents showing whether iOS 7, when installed, provided iOS devices with new Apple-issued digital certificates; (vi) Documents showing whether anyone actually used the FaceTime feature from a non-iOS device by using an expired digital certificate; and (vii) Documents reflecting discussions surrounding Apple's decision to check the expiration of digital certificates leading up to the FaceTime Break.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Apple incorporates by reference its General Objections as if fully set forth herein.  Apple objects to this Request to the extent it wrongly presupposes and suggests that Apple intentionally "broke" FaceTime.  Apple objects to this Request as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period or to the devices and versions of iOS at issue in this case and because it seeks "all" documents when a subset would be sufficient.  Apple objects to this Request because the phrases "use of digital certificates," "purpose of using digital certificates in establishing FaceTime calls," "changes to how

digital certificates were used or checked in establishing FaceTime calls," "Apple-issued expired digital certificates," "provided iOS devices with new Apple-issued digital certificates," "actually used the FaceTime feature from a non-iOS device by using an expired digital certificate," and "discussions surrounding Apple's decision to check the expiration of digital certificates leading up to the FaceTime Break" are vague and ambiguous.  Apple objects to this Request to the extent it is duplicative of Request Nos. 7, 8, 11, 14, and 27.  Subject to and without waiving its General or Specific Objections, Apple agrees to produce non-privileged documents, if any, concerning the April 16, 2014 digital certificate expiration that impacted FaceTime on iPhone 4 and 4S devices operating on iOS 6 or earlier versions—including documents regarding Apple's attempts to resolve that issue—located after a reasonably diligent search and subject to the parties' agreement on reasonable search terms.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each Specific Objection set forth above, as if fully set forth therein.

1.      Apple's responses, objections, and any related document productions are made without waiving or intending to waive any of the following objections or rights:  (a) The right to make evidentiary objections, including without limitation the right to object to competency, relevancy, materiality, privilege, and admissibility of evidence for any purpose in this or any other actions or subsequent proceedings; (b) The right to object to or dispute the validity or accuracy of the data or information contained within the documents produced; (c) The right to object to the use of any document that may be produced, or the subject matter thereof; (d) The right to object on any ground at any time to a demand for further production or other discovery involving or relating to the subject matter of these Requests; and (e) The right at any time to revise, correct, supplement, clarify, or amend the objections or responses to the Requests if further factual developments or analysis warrant a modification or if additional information is obtained or documents are located that are responsive to these Requests.  Instead, Apple makes all responses, objections and any related document productions with the intent of preserving all applicable rights, including these rights, and Apple objects to the Requests to the extent that they purport to impose or infer a waiver of any right or objection by Apple.

2.      Apple's responses and objections to Plaintiffs' Requests are based on information and documents presently available to Apple.  It is possible that future discovery and investigation may supply additional facts, information, or documents, add meaning to known facts, and establish entirely new factual conclusions and contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein.  Apple reserves the right to produce additional responsive documents that may come to Apple's attention in the future and to use such documents in any hearing or proceeding in this matter.

3.      Apple is responding to these Requests as it interprets and understands them.   If Plaintiffs subsequently assert an interpretation of any Request that differs from Apple's understanding, Apple reserves the right to supplement the objections and/or responses herein, if appropriate.

4.      Apple objects to producing materials protected by the attorney-client privilege, work product doctrine, or any other available legal privileges or protections against discovery. Apple objects, without limitation, to collecting, searching, or producing documents (including communications) with outside or in-house counsel generated in response to this lawsuit.

5.      Apple objects to the Requests to the extent that they seek to impose obligations that are beyond those required by the applicable Federal Rules of Civil Procedure or Civil Local Rules for the Northern District of California, or to the extent they purport to impose discovery obligations different from or beyond those to which the parties agreed in their Stipulation and Order Regarding Discovery of Electronically Stored Information and Paper Documents (ECF. No. 63, the "ESI Stipulation"), including without limitation with respect to a privilege log.

6.      Apple objects to collecting or producing documents that are publically or equally available to both Plaintiffs and Apple, already in the possession of Plaintiffs, and/or can be obtained with less burden or expense from another source, including sources that are publically available.

7.      Apple objects to the extent that a Request seeks private and confidential information of non-parties whose privacy is protected by the United States Constitution, all other state constitutions, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2522, 2701-2711, and/or all other applicable federal and state privacy laws.  Apple is not authorized to and cannot waive third parties' statutory and constitutional privacy rights and will not produce any documents implicating such rights.

8.      Apple objects to the extent that a Request seeks multiple copies of a document.

9.      Apple objects to the Requests to the extent that they are vague, ambiguous, and/or fail to describe with reasonable particularity the item or category of documents requested.

10.     Apple's responses, objections, and any related document requests shall not be construed in any way as an admission that any statement made by Plaintiffs in these Requests is either factually or legally binding upon Apple.  Apple objects to the Requests to the extent that they characterize facts, events, circumstances, or issues relating to the subject matter of this litigation.  This includes, without limitation, Plaintiffs' use of and definitions for the following terms:  "FaceTime," "FaceTime Break," "Peer-to-Peer Method," "Relay Method," "Relay Usage," and "VirnetX Actions."

11.     Apple's objections to these Requests do not serve as an admission by Apple that responsive information exists and otherwise would have been provided by Apple absent such objections.

12.     Apple objects to the Requests to the extent that they are overly broad or unduly burdensome, including but not limited to Requests that are not limited in scope, or designate a time or scope that, in light of the relevant circumstances, is overbroad or is neither relevant nor proportional to the needs of this case.  This includes, without limitation, Plaintiffs' definition of the "Relevant Time Period" as June 24, 2010 to the present.[1]

13.     Apple objects to Requests seeking "all" documents or communications as overly broad and unduly burdensome and contrary to the Federal Rules of Civil Procedure and the Local Rules.

14.     Apple objects to the Requests to the extent that they purport to require Apple to respond on behalf of any person or entity other than Apple.  Apple responds to these Requests only on behalf of itself.

---

[1]  Plaintiffs' Requests define the "Relevant Time Period" as January 1, 2010 to the present, but as reflected in the parties' ESI Stipulation, Plaintiffs have since changed that time period to be June 24, 2010 to the present. (*See* ECF. No. 63 at Section II.A.1, Preservation)  Apple "does not agree that all ESI preserved pursuant to [] Section II is relevant and does not agree that all such ESI will be produced," (*id.* at Section II.A), nor does Apple agree that June 24, 2010 to the present is the relevant time period.

15.     Apple objects to the Requests to the extent that they fail to describe the information sought with reasonable particularity.

16.     Apple objects to the Requests to the extent that they assume facts not in evidence or that are false.

17.     Apple objects to each Request to the extent that it is duplicative of other discovery requests made in this litigation.

18.     Apple objects to the definitions of "APPLE," "YOU," and "YOUR" to the extent they seek to impose obligations on persons or entities not parties to this litigation and to the extent they seek to impose overly broad and unduly burdensome obligations on Apple to search for and collect documents in the possession, custody, or control of persons or entities not parties to this litigation. Apple objects to the definitions of "APPLE," "YOU," and "YOUR" as vague, ambiguous, and overly broad.

19.     By producing electronic documents in response to the Requests, Apple does not represent that an expert forensic search has been undertaken to locate responsive electronic documents.

DATED:  August 28, 2017

Respectfully submitted,
KIRKLAND & ELLIS LLP

*/s/ Kristin Sheffield-Whitehead*

Elizabeth L. Deeley (SBN 230798)
Kristin I. Sheffield-Whitehead (SBN 304635)
KIRKLAND & ELLIS LLP
555 California Street, Suite 2700
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: elizabeth.deeley@kirkland.com
Email: kwhitehead@kirkland.com

Joseph A. Loy (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Email: joseph.loy@kirkland.com

Attorneys for Defendant
*Apple Inc.*

**CERTIFICATE OF SERVICE**

On August 28, 2017, I caused the foregoing to be served via electronic mail upon counsel of record.

*/s/ Kristin Sheffield-Whitehead*
Kristin Sheffield-Whitehead