# Sheffield-Whitehead, Kristin

| | |
|---|---|
| **From:** | Sheffield-Whitehead, Kristin |
| **Sent:** | Monday, October 16, 2017 2:33 PM |
| **To:** | 'Jill Manning'; Austin Curry; Deeley, Elizabeth L.; Castillo, Cynthia Alicia; Loy, Joseph A. |
| **Cc:** | grace@caldwellcc.com; David Tejtel; Warshaw, Daniel L. |
| **Subject:** | RE: Grace, et al. v. Apple Inc. -- Outstanding Discovery Issues |

Jill,

Since the discovery stay was lifted, Apple has been and continues to be willing to work on the issues the parties have been discussing, but Plaintiffs continue to be uncooperative and take unreasonable positions, which have led to unnecessary delay.

For example, in response to Apple's requests during meet and confers for *reasonable* date ranges and better connectors for the parties' ESI search terms, Plaintiffs responded with *zero* proposed date ranges and connectors that are just as unhelpful as Plaintiffs' first proposal. Preliminary testing for just three of these unworkable search strings pulled back over a million documents. As a result of Plaintiffs' refusal to agree to reasonably targeted search terms, Apple has had to engage in time-consuming, resource-taxing additional steps to test alternative search strings to support the facially obvious principle that date ranges and better connectors are necessary to appropriately target searches. Had Plaintiffs applied that basic principle from the start (or even after Apple included date limits and better connectors in Apple's counter-proposal for the terms), the parties would be further along in this process.

Similarly, when Apple asked Plaintiffs to provide counter-proposals for date ranges for individual document requests, Plaintiffs responded by (1) lumping requests together without any explanation as to why those requests made sense to group together; (2) for *eleven* such requests (nearly half), maintaining the same, irrelevant and unjustified date range Plaintiffs first proposed; and (3) providing *zero* support for why their proposed date ranges were relevant to the parties' claims or defenses or proportional to the needs of this case, even though Apple explained its rationale for its date ranges during the parties' meet and confers.

As one example, Plaintiffs continue to seek "relay usage" documents from May 2012 (a full six months before the alleged "motive" could even have existed) through December 2014 (a full eight months after the digital certificate expired), despite the fact that Apple has (1) proposed a date range of November 7, 2012 (when the alleged "motive" allegedly arose) through May 16, 2014 (a month after the digital certificate expired) and (2) already produced documents showing that "relay usage" documents have no relevance here, because Apple had a flat fee arrangement with Akamai. As another example, in Request No. 14, Plaintiffs seek "the identity of each Apple user affected by the FaceTime Break," which Plaintiffs define as occurring on April 16, 2014, yet Plaintiffs continue to insist on a date range of June 24, 2010 to present for that request. These unreasonable and unjustified positions are antithetical to the Federal Rules of Civil Procedure and Northern District of California's ESI guidelines, including the proportionality requirement explicit in both. Despite all of this, Apple and its outside counsel have been sorting through and considering Plaintiffs' date ranges in good faith, in order to determine where the parties may be able reach agreement.

With respect to negotiating a source code protective order, Plaintiffs merely cut and paste source code provisions from a more complete protective order and sent an unworkable draft full of internal cross-references that referenced non-existent provisions and which therefore made no sense. As you note, it was only recently that Plaintiffs proposed following the source code provisions in the N.D. Cal model protective order. That was certainly not Plaintiffs' position from the start.

What would be helpful, as Apple has requested (in some cases, numerous times), is if Plaintiffs would allow Apple the time to finalize and produce its data reports as well as work through the parties' search term and date range proposals,

make reasonable counter-proposals for search terms and date ranges, and appoint one person on Plaintiffs' end to engage in ongoing dialogue about these matters.

Please let me know your availability tomorrow to meet and confer regarding the search terms, and as part of that discussion, please be prepared to propose reasonable date ranges for each search string. I prefer before noon PT, if possible.

Regards,

Kristin

**Kristin Sheffield-Whitehead**

**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
T +1 415 439 1420   M +1 310 927 0910
F +1 415 439 1500

kristin.sheffield-whitehead@kirkland.com

---

**From:** Jill Manning [mailto:jmanning@steyerlaw.com]
**Sent:** Friday, October 13, 2017 10:00 AM
**To:** Sheffield-Whitehead, Kristin <kwhitehead@kirkland.com>; Austin Curry <acurry@caldwellcc.com>; Deeley, Elizabeth L. <edeeley@kirkland.com>; Castillo, Cynthia Alicia <cynthia.castillo@kirkland.com>; Loy, Joseph A. <jloy@kirkland.com>
**Cc:** grace@caldwellcc.com; David Tejtel <dtejtel@fotpllc.com>; Warshaw, Daniel L. <dwarshaw@pswlaw.com>
**Subject:** RE: Grace, et al. v. Apple Inc. -- Outstanding Discovery Issues

Kristin,

Plaintiffs served their first request for production documents on May 8. After the Court denied Apple's motion to dismiss, Plaintiffs advised Apple on August 2 that discovery should begin immediately and not after search terms are finalized. Plaintiffs specifically requested production of certain categories of documents that are not dependent on search terms, including Requests 14-19, relating to identifying the size and scope of the class and the diminution in value to the Class members' devices caused by the FaceTime break, and Requests 22-23. Apple has failed to produce documents responsive to those requests. Delay = 72 days.

Apple responded to Plaintiffs' document request on August 28 with objections to every request and produced only 288 documents. Although Apple agreed to make a rolling production, it has produced no further documents since that date, and, despite multiple requests, has failed to provide a schedule or any details about timing and volume of a rolling production that Apple will commit to. Delay = 46 days.

Of the 288 documents produced to date by Apple, five of those documents are merely placeholder slips indicating that Apple held back production of the actual documents because they include source code. *See* APL-GRACE_00000945; APL-GRACE_00000946; APL-GRACE_00000974; APL-GRACE_00000975; APL-GRACE_00000981. To gain production of these documents and relevant source code in general, Plaintiffs proposed that Apple agree to a supplemental protective order verbatim to what Apple agreed to in the *VirnetX* case. In response, Apple injected new provisions that are unnecessary to protect Apple's source code and would only impose significant logistical problems on Plaintiffs. In fact, Apple attempted to add pages and pages of restrictions that have nothing to do with source code. Plaintiffs asked Apple to justify these new provisions, but Apple has refused to answer any of Plaintiffs' questions. To break the log jam, Plaintiffs proposed that the parties agree to follow the source code provisions in the N.D. Cal. model protective order. Apple has not responded. Delay = 63 days.

On August 2, Plaintiffs asked Apple to prepare a first draft of search terms given Apple's access to relevant terminology and documents and knowledge of its systems and databases that contain discoverable ESI. Apple refused. Plaintiffs sent

Apple a first draft of search terms on August 14. The parties met and conferred, and Apple provided a counter-proposal on August 25. Plaintiffs provided a counter-counter proposal on September 20. To date, Apple has not run or tested the proposed search terms (or has not shared the results with Plaintiffs) and has not responded to Plaintiffs' most recent proposal. Delay = 60 days.

Plaintiffs served Apple with Plaintiffs' first set of interrogatories on August 29, and Apple served its objections on September 28. The parties have had several meet and confer discussions about them. To date, Apple has not answered any of the interrogatories nor agreed to a date certain when it will serve amended responses that answer the interrogatories. Delay = 15 days

Plaintiffs have made several specific requests for production of data, most recently during the September 29, 2017 meet and confer. To date, Apple has yet to respond meaningfully to those requests. Delay = 14 days

Your email requests Plaintiffs appoint an e-discovery liaison. According to the Northern District's rules, the e-discovery liaison is someone "who will be knowledgeable about and responsible for discussing their respective ESI" and "will be, or have access to those who are, knowledgeable about the location, nature, accessibility, format, collection, searching, and production of ESI in the matter." Given that Apple has not requested any e-discovery from Plaintiffs, we do not understand how appointing an e-discovery liaison will materially advance the parties' meet and confer efforts. If, at some future date, Apple requests e-discovery from Plaintiffs, we will appoint an e-discovery liaison.

Plaintiffs remain willing to meet and confer regarding the matters set forth above. However, the number of outstanding discovery items that do not appear to have an immediate resolution and Apple's continued refusal or failure to engage in a rolling production of documents or even to provide a schedule or details about a rolling production are causing an unacceptable delay and impeding Plaintiffs' prosecution of this matter. Accordingly, Plaintiffs intend to submit these matters to Magistrate Judge Cousins for resolution.

Jill M. Manning
Steyer Lowenthal Boodrookas
Alvarez & Smith LLP
One California Street, Suite 300
San Francisco, CA 94111
main:   415.421.3400
direct:  415.743.2824
fax:     415.421.2234
email:   jmanning@steyerlaw.com
web:     www.steyerlaw.com
🌲 Please consider the environment before printing this email.
NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**From:** Sheffield-Whitehead, Kristin [mailto:kwhitehead@kirkland.com]
**Sent:** Thursday, October 12, 2017 5:20 PM
**To:** Austin Curry <acurry@caldwellcc.com>; Deeley, Elizabeth L. <edeeley@kirkland.com>; Castillo, Cynthia Alicia <cynthia.castillo@kirkland.com>; Loy, Joseph A. <jloy@kirkland.com>
**Cc:** grace@caldwellcc.com; Jill Manning <jmanning@steyerlaw.com>; David Tejtel <dtejtel@fotpllc.com>; Warshaw, Daniel L. <dwarshaw@pswlaw.com>
**Subject:** RE: Grace, et al. v. Apple Inc. -- Outstanding Discovery Issues

Counsel,

In the last two weeks, I have received over half a dozen emails from three different lawyers from your side on various, piecemeal, and ever-changing discovery issues.  Your approach is not helpful; it's creating needless complexities and wasting both parties' time while we work through the issues we've discussed during our meet and confers.  The Northern District of California's ESI Guidelines expressly contemplate the use of an e-discovery liaison, (*see* Guideline 2.05), and at this point, you should appoint someone to that role so that I can communicate with that person going forward.  Please let me know who that will be.

Second, yes, it is taking some time to work through your document requests, interrogatories, and counter-proposals for date ranges and search terms.  That is in large part due to (1) the fact that your document requests, interrogatories, date ranges and search terms are not "reasonably targeted, clear, and as specific as practicable," (Guideline 1.02), and (2) the fact that you have requested data that, as we have discussed, Apple does not keep in the way your requests assume, and, in some cases, at all.  Although Apple could have, consistent with proportionality requirements, responded that such information was not available in a reasonably searchable fashion, Apple has in good faith taken on the extraordinary task of figuring out a way to create reports to provide information along the lines of what you have requested, subject to Apple's objections and the data limitations we have discussed, including data regarding which users were on which versions of iOS at certain times.

With respect to that iOS version data, John's email from this morning misstates what we discussed during the meet and confer in terms of timing. I did not promise production by a date certain, for any data report. Nor did I agree to any deadline. Instead, I repeatedly stated that I could not commit to a date certain, that we are diligently working on various of Plaintiffs' requests, and that I hoped we would be in a position to make another production within a couple of weeks.  After explaining what we were working towards, you responded by posing, for the first time, a specific query.  I have inquired as to whether this query is possible and will let you know what I hear.

Plaintiffs' failure to serve reasonably targeted, clear, and specific discovery requests has also caused delay by unnecessarily drawing out the parties' ongoing discussions.  As just one example, when Plaintiffs recently provided counter-proposals for date ranges, Plaintiffs continued to seek documents from June 24, 2010 through the present for Request No. 7, which seeks various documents concerning the "FaceTime Break."  Plaintiffs' own allegations claim that the "FaceTime Break" was only dreamed up as a result of the November 7, 2012 VirentX verdict, so it cannot be the case that documents before November 2012 can have any relevance here.  Yet Plaintiffs continue to press the irrelevant date range.

Similarly, when Apple provided proposed revisions to Plaintiffs' proposed search terms, Apple included both date limitations and the more limited connecter "within 10" rather than "AND."  Plaintiffs' counter-proposal included *no* date limitations, and had replaced *only some* of the "AND"s with "within 200" (which is functionally equivalent to "AND").  Plaintiffs thus continue to push for discovery that is not "reasonably targeted," in a manner that does not evidence the cooperation contemplated by the ESI Guidelines, (*see* Guideline 1.02), and which is only adding time to this process.  Indeed, the over-breadth of Plaintiffs' proposed search terms has caused Apple and its outside counsel to spend more time than expected to analyze testing from a sampling of those terms.  I tried to make this process more efficient from the outset with Apple's proposed revisions, but Plaintiffs refused.

Despite the foregoing, Apple has pressed forward with its investigation, collection, and review, as best as it can and in good faith.  We expect to make another production shortly, but to be in a position to make regular rolling productions, we first need to reach agreement on the search terms.  I expect to be in a position to discuss those early next week and will be in touch to schedule a meet and confer.

Regards,
Kristin

**Kristin Sheffield-Whitehead**

**KIRKLAND & ELLIS LLP**

555 California Street, San Francisco, CA 94104
T +1 415 439 1420  M +1 310 927 0910
F +1 415 439 1500
---
kristin.sheffield-whitehead@kirkland.com

---

**From:** Austin Curry [mailto:acurry@caldwellcc.com]
**Sent:** Thursday, October 12, 2017 10:09 AM
**To:** Sheffield-Whitehead, Kristin <kwhitehead@kirkland.com>; Deeley, Elizabeth L. <edeeley@kirkland.com>; Castillo, Cynthia Alicia <cynthia.castillo@kirkland.com>; Loy, Joseph A. <jloy@kirkland.com>
**Cc:** grace@caldwellcc.com; Jill Manning <jmanning@steyerlaw.com>; David Tejtel <dtejtel@fotpllc.com>; Warshaw, Daniel L. <dwarshaw@pswlaw.com>
**Subject:** Grace, et al. v. Apple Inc. -- Outstanding Discovery Issues

Kristin,

I write to follow up on various outstanding issues that are not already covered by separate threads:

1. **ESI search terms and date ranges.** On October 6th, you wrote: "we have been and are still evaluating these proposed date ranges. I am also still in the process of getting search term analytics. I'll be in touch with you regarding both next week." The week is almost over. Please get back to us on this.

2. **Rolling production.** Apple has made just one production, on August 28th, consisting of just 288 documents. That was a month and a half ago. Apple's rolling document production doesn't seem to be doing much rolling. Please give us a schedule—one that you can commit to—for your rolling document production that tells us: (i) how many rounds of production Apple will make; (ii) when each round of production will be made; and (iii) when Apple's document production will be substantially complete.

3. **Follow-up on our September 29th meet and confer.** On our September 29th meet and confer:

   a. We asked you to produce the graphic referenced as "<PastedGraphic-1.png>" in APL-GRACE_00001002. Please commit to a date by which you will produce this graphic, and let us know when that date is.

   b. You expressed uncertainty as to whether Apple even has documents responsive to some of our document requests and, if so, what the nature of those documents is. You promised to resolve your uncertainty and tell us about the existence and nature of the following categories of documents: (**1**) documents concerning the number and duration of FaceTime calls during the relevant period (per Plaintiffs' Request No. 1); (**2**) documents reflecting raw data relating to relay usage during the relevant period (per Plaintiffs' Requests Nos. 2, 4 and 5); (**3**) documents reflecting the breakdown of iOS version usage by product during the relevant period (per Plaintiffs' Request No. 6); (**4**) documents reflecting in absolute and percentage terms iOS usage and adoption rates during the relevant period (per Plaintiffs' Request No. 10); and (**5**) documents concerning customer complaints or concerns regarding performance and/or functionality issues related to iOS 7 during the relevant period (per Plaintiffs' Requests Nos. 12 and 13). Please let us know this information.

    c.  You said you'd clarify whether Apple's agreement to produce documents regarding the "*performance* of iOS 7" (emphasis added) includes all performance *issues* potentially caused by or arising from iOS 7, including issues performance issues related to *devices*, such as reduced battery life (per Request No. 12).  Please do so.

Regards,
Austin Curry


Austin Curry /// Caldwell Cassady & Curry
2101 Cedar Springs Rd., Suite 1000, Dallas, TX 75201
Telephone: 214.888.4842
acurry@caldwellcc.com
www.caldwellcc.com

The information contained in this e-mail is confidential, subject to the attorney-client privilege, and the work-product doctrine.  If you have received this email in error, please notify me and delete this email immediately.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.