R. Alexander Pilmer (SBN 166196)
Tanya L. Greene (SBN 267975)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile (213) 680-8500
Email: alexander.pilmer@kirkland.com
        tanya.greene@kirkland.com

Joseph A. Loy (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joseph.loy@kirkland.com

Joshua H. Lerner (SBN 220755)
Sonal N. Mehta (SBN 222086)
Eugene Novikov (SBN 257849)
Stephen Elkind (admitted *pro hac vice*)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300
Email: jlerner@durietangri.com
        smehta@durietangri.com
        enovikov@durietangri.com
        selkind@durietangri.com

Attorneys for Defendant
*Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA GRACE and KEN POTTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 5:17-CV-00551-LHK (NC)<br><br>**DEFENDANT APPLE INC.'S STATE LAW VARIATIONS APPENDIX IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Lucy H. Koh<br>Dept.: Courtroom 8—4th Floor<br>Date:  August 2, 2018<br>Time:  1:30 p.m. |

## State Law Variations in Consumer Protection Statutes

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alabama (Alabama Code § 8-19-1 *et seq.*) | Not by consumers, only by AG. Ala. Code Tit. 8 § 8-19-10(f). | Yes. Monetary damage required. Ala. Code § 8-19-10. | Yes. "Any person against whom any civil action or proceeding is brought pursuant to this chapter shall have a defense to such action or proceeding upon a showing by a preponderance of the evidence presented that such person did not knowingly commit any act or knowingly engage in any activity which constitutes a violation of any provision of this chapter." Ala. Code § 8-19-13. | No. | No action may be brought under this chapter more than one year after the person bringing the action discovers or reasonably should have discovered the act or practice. Ala. Code § 8-19-14. | Yes. Ala. Code 8-19-10(e). | Yes. Ala. Code Tit. 8 § 8-19-10(a)(2). | Yes. Ala. Code 8-19-10(a)(2). | No. | Injunctive relief. Ala. Code Tit. 8 § 8-19-10(h). | Yes. Ala. Code Tit. 8 § 8-19-10(a)(3). | Yes. Ala. Code Tit. 8 § 8-19-10(a)(3). |
| Alaska (Alaska Stat. §§ 45.50.471 through .561) | Yes. *See, e.g., Turner* v. *AlaskaCommc'ns. Sys. Long Distances, Inc.,* 78 P.3d 264, 266-70 (Alaska 2003). | Yes - actual loss of money or property. Alaska Stat. § 45.50.531(a); *Garrison* v. *Dixon,* 19 P.3d 1229, 1235 | No - only that acts were capable of being misleading or deceptive. *Odom* v. *Fairbanks Mem 7 Hosp.,* 999 P.2d 123, 132 (Alaska 2000); *Kenai* | No. *See AS* 45.50.531(a); *State v. O'Neill Investigations, Inc.,* 609 P.2d 520, 534 (Alaska 1980) ("Actual injury as a result of the deception | 2 years from date violation was or reasonably should have been discovered. Alaska Stat. § 45.50.531(f). | Pre-suit notice required only before an action for injunctive relief. Alaska Stat. § 45.50.535. | 3 times actual damages or $500, whichever is greater. Alaska Stat. § 45.50.531(a). | Automatic and mandatory for violations; 50% of the award must be deposited into state's general fund. *Kenai Chrysler,* 167 | Yes - recoverable under Alaska common law in addition to treble damages. Alaska Stat. § 45.50.531; *Kenai Chrysler,* | Any other relief court considers necessary and proper. Alaska Stat. § 45.50.531(a). | Yes. Alaska Civil Rule 82(a). | Yes - mandatory if the action was frivolous. Alaska Stat. § 45.50.537(b). |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | n.22 (Alaska 2001). | *Chrysler Ctr., Inc.* v. *Denison*, 167 P.3d 1240, 1255 (Alaska 2007). | is not required. All that is required is a showing that the acts or practices were capable of being interpreted that way."); *Odom*, 999 P.2d at 132. | | | | P.3d at 1259 - 60n.65. | 167 P.3d at 1260. | | | |
| Arizona (Ariz. Rev. Stat. Ann. § 44- 1521 through 44-1534) | Yes. | Yes - distinct and palpable injury. *Fernandez* v. *Takata Seat Belts, Inc.*, 108 P.3d 917, 919 *(Ariz.* 2005) | Yes - intent that consumers rely on the misrepresentation. Ariz. Rev. Stat. Ann. § 44-1522(A). | Yes, even if unreasonable reliance. *Kuehn* v. *Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2004); *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992); Dunlap v. *Jimmy GMC of Tucson, Inc.*, 666 P.2d 83, 87 (Ariz. Ct. App. 1983) | 1 year from date of transaction giving rise to the action; discovery rule applies. Ariz. Rev. Stat. § 12-541(5), *Murry* v. *Western Am. Mortgage Co.*, 604 P.2d 651, 654 (Ct. App. Ariz. 1979); *Bergdale* v. *Countrywide Bank FSB*, No. CV-12-8057- PCT-SMM, 2014 U.S. Dist. LEXIS 86370, at *11 (D. Ariz. June 25, 2014). | No. | Actual damages suffered as a result of the unlawful act or practice. *Holeman*, 803 F. Supp. at 242; *Dunlap*, 666 P.2d at 87); *Nataros* v. *Fine Arts Gallery of Scottsdale, Inc.*, 612 P.2d 500, 504 (Ariz. Ct. App. 1980). | No. *See generally* Ariz. Rev. Stat. Ann. § 44-1528, 44- 1531. | Yes, when the conduct is wanton or reckless or involves spite or ill will. *Dunlap*, 666 P.2d at 88; *Holeman*, 803 F. Supp. at 242-43; *Howell* v. *Midway Holdings, Inc.*, 362 F. Supp. 2d 1158, 1165 (D. Ariz. 2005); *Linthicum* v. *Nationwide Life Ins. Co.*, 723 P.2d 675, 680 (Ariz. 1986). | Yes - injunctive relief. Ariz. Rev. Stat. Ann. § 44-1528, 44- 1531. | Yes - recoverable by prevailing party if claim "arises out of contract," and in court's discretion. Ariz. Rev. Stat. § 12-341.01(A); *Bennett* v. *Appaloosa Horse Club*, 35 P.3d 426, 432 (Ariz. Ct. App. 2001). | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Arkansas (Ark. Code Ann. § 4-88-107) | *Anderson v. Stewart*, 366 Ark. 203, 234 S.W.3d 295 (2006) | Yes, actual financial loss required. Ark. Code Ann. § 4-88-113. | No. *Curtis Lumber Co. v. Louisiana Pac. Corp.*, 618 F.3d 762, 776 (8th Cir. 2010). | Yes. *Apex Oil Co., Inc. v. Jones Stephens Corp.*, 881 F.3d 658, 662 (8th Cir. 2018). | 5 years from the date of the violation or the date upon which the cause of action arises. Ark. Code Ann. § 4-88-115. | No. | Yes. Ark. Code Ann. § 4-88-113(a)(2)(A). | No. | No. | Yes. Ark. Code Ann.§ 4-88-104. | Yes. Ark. Code Ann. § 4-88-113(f)(3).. | No. |
| California - UCL (Cal. Bus. & Prof. Code § 17200, *et seq*.) | Yes. | Yes - injury in fact and lost money or property. *Californians for Disability Rights* v. *Mervyn's, LLC*, 39 Cal. 4th 223, 227 (2006);Proposition . 64, § 3. | No. *South Bay Chevrolet* v. *Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 877 (1999) (citing *Hewlett* v. *Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499,591 (1997)). | Yes, but on a showing that misrepresentation was material, reliance is inferred as to all class members. *Stearns* v. *Ticketmaster Corp.*, 655 F.3d 1013, 1020-22 (9th Cir. 2011) (discussing *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009), and *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 129 (2009)). | 4 years from date cause of action accrued; discovery rule does not apply. Cal. Bus. & Prof. Code § 17208; *Keegan* v. *Am. Honda Motor Co.*, 284 F.R.D. 504, 543 (C.D. Cal. 2012) (quoting *Karl Storz Endoscopy- America, Inc.* v. *Surgical Techs., Inc.*, 285 F.3d 848,857 (9th Cir. 2002)). | No. | No. *Cortez* v. *Purolator Air Filtration Products. Co.*, 23 Cal. 4th 163, 173-74 (2000). | No. *Cortez*, 23 Cal. 4th at 173-74. | No. *State Farm* v. *Superior Court*, 45 Cal. App. 4th 1093, 1110 (1996). | Yes - injunctive relief and restitution. *Korea Supply Co.* v. *Lockeed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); *Cortez*, 23 Cal. 4th at 173-74. | No, but CCP permits if suit enforced a right affecting the public. Cal. Civ. Proc. Code § 1021.5; *Serrano v. Unruh*, 32 Cal. 3d 621, 639 n.29 (1982). | No. *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1169 (2002). |
| Colorado (Colo. Rev. Stat. Ann. §§ 6-1- 101, *et seq*.) - | Yes. *Robinson v. Lynmar Racquet Club*, Inc., 851 P.2d 274, 277 (Colo.. App. 1993). | Yes. Colo. Rev. Stat. Ann.§ 6- 1-113(1)(a); *Wimberly v. Ettenberg*, 194 | Yes. *Rhino Linings USA, Inc.* v. *Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (Colo. 2003). | Yes. *Rhino Linings*, 62 P.3d at 147-48. | 3 years from date violation was or reasonably could have been discovered.Colo. | No. | Actual damages or $500, whichever is greater. Colo. Rev. Stat. Ann. § 6-1-113(2)(a)(I)-(III). In class actions, | As an alternative to actual damages, if bad faith conduct. Colo. Rev. Stat. Ann. § 6-1- | No. *See generally* Colo. Rev. Stat. Ann.§ 6-1-113(2). | No. ee generally Colo. Rev. Stat. Ann.§ 6-1-113(2). | Yes. Colo. Rev. Stat. Ann.§ 6-1- 113(2) - (4) | Yes - if claims are "groundless" or otherwise improper. Colo. Rev. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| individual actions | | Colo. 163, 570 P.2d 535 (1977) | | | Rev. Stat. Ann §6-1-115. | | only actual damages are permitted. Colo. Rev. Stat.Ann. § 6-1-113(2)(a). | 113(2)(a)(I)-(III). | | | | Stat.Aann. § 6-1- 113(3). |
| Colorado (Colo. Rev. Stat. §§ 6-1-101, *et seq.*) - class actions | | | | | | | In class actions, only actual damages are permitted. Colo. Rev. Stat. Ann. § 6-1-113(2)(a). | | | | | |
| Connecticut (Conn. Gen. Stat. Ann. § 42- 110a, *et seq.*) | Yes. Conn. Gen. Stat. Ann.§ 42-110g(b). | Yes, but only must show that damages are capable of being discovered, observed, or established. *Ganim v. Smith & Wesson Corp.*, 258 Conn. 313, 780 A.2d 98 (2001); *Lentini* v. *Fidelity Nat. Title Ins. Co. of New York*, 479 F. Supp. 2d 292, 302 (D. Conn. 2007). | No. *Lentini*, 479 F. Supp. 2d at 302-303. | No. *Hinchliffe v. Am. Motors Corp.*, 184 Conn. 607, 440 A.2d 810, 815-16 (1981) | 3 years after date of violation; no discovery rule applies. *See* Conn. Gen. Stat.Ann. § 42-110g(f); *Ride, Inc. v. APS Tech., Inc.*, Civil Action No. 3:11-CV-1721 (JCH), 2014 U.S. Dist. LEXIS 44484, at *39 (D. Conn. Mar. 31, 2014*); Kaplan* v. *Gruder*, CV 960334308S, 1999 Conn. Super. LEXIS 1322, at *31-32 (Conn. Super. Ct. May 19, 1999). | No. | Yes. Conn. Gen. Stat.Ann.§ 42-110g(d); *Nguyen* v. *Kabel*, HHDCV12603020 9S, 2013 Conn. Super. LEXIS 2554, at *22 (Conn. Super. Nov. 5, 2013). | No. *See generally* Conn. Gen. Stat. Ann. § 42- 110g. | Yes - most likely if reckless indifference to the rights of others. Conn. Gen. Stat. Ann. § 42- 110g(a); *Fabri v. United Tech. Int'l, Inc.*, 387 F.3d 109, 124 (2d Cir. 2004). Punitives may be available even in the absence of actual damages. *Rowe* v. *Champion Mortg. Co.*, CV020514286S, 2006 Conn. Super. LEXIS 1455, *30-31 (Conn. Super. | Yes - injunctive or other equitable relief. Conn. Gen. Stat.Ann. § 42-110g(d); *Nguyen*, 2013 Conn. Super. LEXIS 2554, at *22. | Yes - only those fees related to the prosecution of the CUTPA claim. Conn. Gen. Stat. Ann.§ 42-110g(d); *Jacques All Trades Corp.* v. *Brown*, 752 A.2d 1098, 1105 (Conn. App. Ct. 2000). | No. *See generally* Conn. Gen. Stat. Ann.§ 42- 110g(d). |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Ct. May 12, 2006) (quoting *Tillquist* v. *Ford Motor Credit Co.*, 714 F. Supp. 607, 617 (D. Conn. 1989)). | | | |
| Delaware (6 Del. Code Ann. tit. 6 § 2511, *et seq.*) | Yes. | Yes. *Pack & Process, Inc.* v. *Celotex Corp.*, 503 A2d 646, 657-58 (Del. Super. Ct. 1984). | Only for concealment claims - must show defendant intended reliance on the concealment.  Del. Code Ann. tit. 6 § 2513(a); *Stephenson* v. *Capano Dev., Inc.*, 462 A 2d 1069, 1074 (Del. 1983); *Brandywine Volkswagen* v. *State*, 312 A.2d 632, 634 (Del.1973); *Pack & Process*, 503 A.2d at 657. | No. *Pack & Process*, 503 A.2d at 658; *see also State ex rel. Brady v. Publishers Clearing House*, 787 A.2d 111 (Del. Ch. 2001) | 3 years from date violation was or reasonably could have been discovered.  Del. Code Ann. tit. 10 § 1806; *Pack & Process*, 503 A.2d at 650. | No. | Yes. *Stephenson*, 462 A.2d at 1076. | No. | Yes, if fraud is gross, oppressive, aggravated, or involves breach of trust or confidence and plaintiff is awarded compensatory damages. *Stephenson*, 462 A.2d at 1076-77. | Yes - injunctive relief. Del. Code Ann. tit. 6 § 2523. | No. *Stephenson*, 462 A.2d at 1078. | No. *Stephenson*, 462 A.2d at 1078. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| District of Columbia (D.C. Code § 28-3901 to 28-3913) | Yes. *See, e.g., Dist. Cablevision Ltd. P'ship v. Bassin,* 828 A.2d 714 (D.C. 2003); *Wells v. Allstate Ins. Co.,* 210 F.R.D. 1 (D.D.C. 2002). | No. D.C. Code Ann. § 28-3904, 28-3905(k); *Wells.* 210 F.R.D. at 8. | No. *Beck* v. *Test Masters Educ. Serv...,* 994 F. Supp.2d 90, 93-94 (D.D.C. 2013) (citing *Cannon* v. *Wells Fargo Bank. NA.,* 926 F. Supp. 2d 152, 173-74 (D.D.C. 2013)). | No. D.C. Code Ann. § 28-3904, 28-3905(k); *Wells.* 210 F.R.D. at 8. | 3 years from date violation was or reasonably could have been discovered. D.C. Code Ann. § 12-301(8); *Richards* v. *Duke Univ.,* 480 F. Supp. 2d 222, 235 (D.D.C. 2007). | No. | No. D.C. Code Ann. § 28-3905(k)(l); *Williams v. First Gov't Mortgage & Investors Corp.,* 225 F.3d 738, 745 (D.C. Cir. 2000). | Yes - treble damages or $1,500 per violation, whichever is greater. D.C. Code Ann. § 28-3905(k)(l); *Williams,* 225 F.3d at 745. | Yes - if defendant acted with evil motive, actual malice, or in willful disregard of plaintiffs rights. D.C. Code § 28-3905 (k)(l); *Williams,* 225 F.3d at 745; *Daka, Inc. v. Breiner,* 711 A 2d 86,98-99 (D.C. 1998). | Yes - injunctive relief and any other relief court deems proper. D.C. Code Ann. § 28-3905(k)(l); *Williams,* 225 F.3d at 745. | Yes. D.C. Code Ann. § 28-3905(k)(l); *Williams,* 225 F.3d at 745. | No. *See generally* D.C. Code Ann.§ 28-3905(k)(l). |
| Florida (Fla. Stat. Ann. §§ 501.201, *et seq.*) | Yes. *See, e.g.,*) *Philip Morris USA Inc. v. Hines,* 883 So. 2d 292 (Fla. Dist. Ct. App. 2003); *Latman* v. *Costa Cruise Lines, N. V.,* 758 So. 2d 699(Fla. Dist. Ct. App. 2000) | Yes - actual damages. *McGuire* v. *Ryland Group, Inc.,* 497 F. Supp. 2d 1347, 1355 (M.D. Fla. 2007); *KC Leisure, Inc.* v. *Haber,* 972 So. 2d 1069 (Fla. Dist. Ct. App. 2008 | No. *Davis* v. *Powertel, Inc.,* 776 So. 2d 971, 973-74 (Fla. Dist. Ct. App. 2000); *W.S. Badcock Corp.* v. *Myers,* 696 So. 2d 776, 779 (Fla. Dist. Ct. App. 1996). | Courts split. Some courts hold reliance is not required. *Grillasca* v. *Amerada Hess Corp.,* No. 8:05-cv-1736-T-17TGW, 2006 WL 3313719, at *4 (M.D. Fla. Nov. 14, 2006); *Davis* v. *Powertel, Inc.,* 776 So. 2d 971, 973 (Fla. Dist. Ct. App.2000). Others hold reliance is | The later of 4 years after violation or 2 years after last payment in transaction; statute cannot be tolled. Fla. Stat.Ann.§ 501.207(5); *Yusuf Mohamad Excavation, Inc.* v. *Ringhaver Equip., Co.,* 793 So. 2d 1127 (Fla. Dist. Ct. App.2001); *Davis* v. *Monahan,* 832 So. 2d 70 8 (Fla. 2002). | No. | Yes - limited to the amount in which violator was unjustly enriched by the violation. Fla. Stat.Ann.§ 501.207(5); 501.211. | No. Fla. Stat.Ann. § 507.207(3). | No. *Rollins, Inc.* v. *Pleller,* 454 So. 2d 580. 585 (Fla. Dist. Ct. App.1984); Fla. Stat. Ann.§ 501.212(3). | Yes - declaratory judgments, injunctions. Fla. Stat.Ann. § 501.211. | Yes - prevailing party may receive reasonable attorney's fees. Fla. Stat. Ann.§ 501.2105(1). | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | required. *Rosa* v. *Amoco Oil Co.,* 262 F. Supp. 2d 1364, 1368-69 (S.D. Fla. 2003); *Mac-Gray Serv., Inc.* v. *DeGeorge,* 913 So. 2d 630. 634 (Fla. Dist. Ct. App. 2005); *Black Diamond Prop., Inc. v. Haines,* 940 So. 2d 1176, 1179 & n.1 (Fla. Dist. Ct. App. 2006). | | | | | | | | | |
| Georgia - GFBPA (Ga. Code Ann.§ 10-1-390, *et seq.*) | No.Ga. Code Ann.. § 10-l-399(a); *Honig* v. *Comcast of Georgia,* 537 F. Supp. 2d 1277 (N.D. Ga. 2008); *Friedlander* v. *PDK Labs Inc.,* 266 Ga. 180, 465 S.E.2d 670 (1996) | Yes.Ga. Code Ann.. § 10-1-399; *Regency Nissan. Inc. v. Taylor,* 194 Ga. App. 645,391 S.E.2d 467, 470 (Ga. Ct. App. 1990). | No. *Regency Nissan,* 391 S.E.2d at 470; Henderson v. Gandy, 270 Ga. App. 827, 608 S.E.2d 248,252 (2004); Ga. Code Ann. § 10-1-373. | Yes.Ga. Code Ann.. § 10-l-399(a);  Crown Ford, Inc. v. Crawford, 221 Ga. App. 881, 473 S.E.2d 554 (1996)*Baranco. Inc. v. Bradshaw, 194 Ga. App.* 645,456 S.E.2d 592, 594,  (1995); *Zeeman* v. *Black,* 156 Ga. App. 82 (1980). | 2 years from date violation was or reasonably should have been discovered. Ga. Code Ann. § 10-1-401(a)(1). | Plaintiff must give written notice at least 30 days before commencing suit; defendant then has 30 days to tender written settlement offer which, if rejected, may limit plaintiffs recovery. *Regency Nissan,* 194 Ga. App. 645. | General damages recoverable. Ga. Code Ann.. § 10-1- 399(a); *Conseco Fin.* Servicing Corp. v. Hill, 252 Ga. App. 774, 556 S.E.2d 468,473 (2001 | Yes, if intent is proven. Ga. Code Ann.  § 10- 1-3 99(c); *Conseco Fin. Serv. Corp.,* 556 S.E.2d at 473. | Exemplary damages available only in the case of intentional violation. Ga. Code Ann. . § 10-1- 399(c); *Conseco Fin. Serv. Corp.,* 556 S.E.2d at 473. | Yes - equitable injunctive relief. Ga. Code Ann.. § 10-l-399(a); *Conseco Fin. Serv. Corp.,* 556 S.E.2d at 473. | Yes, but may be limited by rejection of reasonable response to pre-suit written demand provision. Ga. Code Ann.. § 10-1- 399(d). | No. *See generally* Ga. Code Ann.. § 10-l-399(d). |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hawaii (Haw. Rev. Stat. Ann. § 480-2) - individual actions | Yes. *See, e.g., Daly* v. *Harris*, 215 F. Supp. 2d 1098, 1103 (D. Haw. 2002); *Hum* v. *Dericks*, 162 F.R.D. 628 (D. Haw. 1995). | Required for damages; not for injunctive relief. Haw. Re. Stat.Ann. § § 480-13, 481A- 4; *Sambor* v. *Omnia Credit Servs., Inc.,* 183 F. Supp. 2d 1234, 1244 (D. Haw. 2002); *Davis* v. *Wholesale Motors, Inc.,* 949 P.2d 1026, 1038 (Haw. Ct. App. 1997). | No. Haw. Rev. Stat. Ann.§ 480-2, 481A-4; *Davis*, 949 P.2d 1026. | No, but causation is. *See* Haw. Rev. Stat. Ann § 480-13; *Sambor*, 183 F. Supp. 2d at 1244. | 4 years from date of violation; discovery rule applies. Haw. Rev. Stat. § 480-24(a); *Dodds* v. *BAC Home Loans Servicing, DP, No. 10-00371. 2011 U.S. Dist. LEXIS 42561. at \*22-23 (D. Haw. Apr. 19, 2011); Basque* v. *Liau,* 441 P.2d 636, 637-38 *(Haw. 1968).* | No. | Yes - minimum of $1,000 or treble damages; if an elder, minimum of $5,000 or treble damages. Haw. Rev. Stat. Ann § 480-13(b)(l). | Yes. *Hebert* v. *Fin. Factors, Ltd,* 788 P.2d 833, 838 (Haw. 1990). | No. *Zanakis-Pico* v. *Cutter Dodge, Inc.,* 98 Haw. 309,47 P.3d 1222, 1232 (Haw. 2002). | Yes. Haw. Rev. Stat. Ann § 480-13(b)(2). | Yes. Haw. Rev. Stat. Ann § 480- 13(b)(1). | No. *See generally* Haw. Rev. Stat. Ann § 480- 13. |
| Hawaii (Haw. Rev. Stat. § 480-2) - class actions | | | | | | | In class actions, recoverable relief is the same but the $1,000 minimum does not apply and the court uses its discretion to fairly apportion the treble damages. Haw. Rev. Stat. § Ann. 480-13(c)(l). | | | | | |
| Idaho (Idaho Code Ann.. § 48-601 *et seq.*) | Yes, but class may bring action only for actual damages or $1,000, whichever is greater. Idaho Code Ann § 48-608 | Yes. Ascertainable loss of money or property. Idaho Code Ann. § 48-608. | Yes. *Swafford v. Huntsman Springs, Inc.,* 163 Idaho 209, 409 P.3d 789, 793 (2017). | No. | Two years after cause of action accrues. Idaho Code Ann § 48-619. | No. | Yes. Idaho Code Ann § 48-608. Actual damages or $1,000, whichever is greater. *Id.* | Yes, for repeated or "flagrant violations." Idaho Code Ann § 48-608(1). | Yes, for repeated or "flagrant violations." Idaho Code Ann § 48-608(1). | Yes, for repeated or "flagrant violations." Idaho Code Ann § 48-608(1). | Yes. Idaho Code Ann § 4-608(5). | Yes, in court's discretion if Plaintiff brought action for harassment or suit is spurious. Idaho Code Ann § 4-608(5). |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Illinois - UDTPA (815 Ill. Comp. Stat. Ann. 510/1- 510/7) | Yes. | No, only likelihood of future injury. 815 Ill. Comp. Stat. Ann. 510/3; *Smith* v. *Prime Cable Co. of Chicago,* 276 Ill.. App. 3d 843, 860, 658 N.E.2d 1325 (1995) | No. *McGraw-Edison Co.* v. *Walt Disney Productions,* 787 F.2d 1163, 1173-74 (7th Cir. 1986). | No. *McGraw-Edison Co.,* 787 F.2d at 1173-74. | 3 years after plaintiff suffered injury.  815 Ill. Comp. Stat. Ann. 505/10(a)€. | No. | Injunctive relief is the only available remedy under the UDTPA 815 Ill. Comp. Stat. Ann. 510/3. However, violations of the UDTPA constitute per se violations of the CFA for which damages and fees are recoverable. *See* 815 Ill. Comp. Stat. Ann. 505/2; *Dorr-Oliver, Inc. v. Flouid-Quip, Inc.,* 834 F. Supp. 1008 (N.D. 111. 1993). | | | | | |
| Indiana (Ind. Code Ann. §§ 24- 5-0.5-3(a)(l)- (18))-incurable acts  Indiana (Ind. Code Ann. §§ 24- 5-0.5-3(a)(l)- (18)) uncured acts | Yes. Ind. Code §24-5-0.5-4(b). | Yes. Ind. Code Ann. § 24-5-0.5-4(a). | Yes - intent to defraud or mislead. *McKinney* v. *State,* 693 N.E.2d 65, 68-69 (Ind. 1998). No. *McKinney,* 693 N.E.2d at 68-69. | Yes. Ind. Code Ann. § 24-5-0.5-4(a); *Captain & Co.* v. *Steinberg,* 505 N.E.2d 88,98-99 (Ind. Ct. App. 1987). | 2 years from occurrence of deceptive act; discovery rule does not apply. Ind. Code Ann. § 24- 5- 0.5-5(b); *AJ.'s Auto. Sales* v. *Freet,* 725 N.E.2d 955, 964-65 (Ind. Ct. App. 2000), *abrogated on other grounds, Camoplast Crocker, LLC* v. *Schoolcraft,* 12 N.E.3d 251 (Ind. 2014). | No.  Yes - plaintiff must give notice to supplier within the sooner of 6 months after discovery of deceptive act, 1 year after consumer transaction, or at least 30 days of any period of applicable warranty. Ind. | Yes - actual damages or $500, whichever is greater. Ind. Code Ann.§ 24-5-0.5-4(a). | Yes - court may increase damages for a willful act to not exceed the greater of 3 times actual damages or $1,000. Ind. Code Ann. § 24-5- 0.5-4(a). An elderly person can bring an action for treble damages. Ind. Code § 24-5-0.5-4(i). | No. *See generally* Ind. Code Ann. § 24-5-0.5- 4(a). | No - only the Attorney General can bring an action for equitable relief. Ind. Code Ann. § 24-5- 0.5-4(c). | Yes - court's discretion to award the prevailing party reasonable attorney's fees. Ind. Code Ann. § 24-5-0.5-4(a). | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Code § 24-5-0.5- 5 (a );*A.B.C. Home & Real Estate Inspection, Inc.* v. *Plummer,* 500 N.E.2d 1257, 1262 (Ind. Ct. App. 1986). | | | | | | | |
| Iowa Iowa Code Ann. § 714H.5) | Only if first approved by the Attorney General. Iowa. Code Ann.§ 714H.7. | Yes. Ascertainable loss of money or property. Iowa Code Ann. § 714H.5. | A person shall not engage in behavior that he knows or has reason to know is an unfair practice. Iowa Code Ann. § 714H.3. | No. | Within 2 years of the last event giving rise to the cause of action, or within 2 years of the discovery of the violation, whichever is later.Iowa. Code Ann.§ 714H.5. | No. | Yes.Iowa Code Ann.§ 714H.5. | Yes, for willful and wanton disregard for the rights or safety of another.  Iowa Code Ann. § 714H.5. | No. | Yes. IIowa. Code Ann.§ 714H.5. | Yes.Iowa. Code Ann.§ 714H.5. | No. |
| Kansas (Kan. Stat. Ann. § 50- 623, *et seq.*) - individual actions | Yes. Kan. Stat. Ann § 60-223; *Dragon v. Vanguard Indus.,* Inc., 277 Kan. 776, 89 P.3d 908, 911 (2004) | Yes. *Finstad* v. *Washburn Univ. of Topeka,* 252 Kan. 465,845 P.2d 685, 690-91 (. 1993). | No. *Willman* v. *Ewen,* 230 Kan. 262, 267, 634 P.2d 1061 (1981); *Haag* v. *Dry Basement, Inc.,* 11 Kan. App. 2d 649, 650 (1987). | Yes. *Finstad.* 845 P.2d at 689- 91. | 3 years after date of violation; discovery rule does not apply. *Alexander* v. *Certified Master Builders Corp.,* 268 Kan. 812, 1 P.3d 899, 908 (Kan. 2000); *Four Seasons Apartments, Ltd.* v. *AAA Glass Serv., Inc.,* 37 Kan. App. 2d 248, 152 P.3d 101, 105 (Kan. Ct. App. 2007). | No. | Yes - actual damages or a civil penalty of not more than $10,000 for each violation, whichever is greater. Kan. Stat. Ann §50-634(b), 636(a). | No. *See generally* Kan. Stat. Ann §50- 634(b). | Not explicitly, but case law suggests punitives may be available for individual actions. *See Equitable Life Leasing Corp.* v. *Abbick,* 757 P.2d 304, 307 (Kan. 1988). | Yes - declaratory judgment or injunction. Kan. Stat. Ann § 50-634(a)(l)- (2), (e). | Yes. Kan. Stat. Ann § 50- 634(e). | Yes, if P brought or maintained an action they knew to be groundless. Kan. Stat. Ann § 50-63 4(e). |
| Kansas (Kan. Stat. Ann. § 50- 623, *et* | | | | | | | Class actions may recover only those damages caused by the violation. Kan Stat. Ann § 50-634(c)-(d), cmt. 4; *Finstad,* 845 P.2d at 691; *Lowe* v. *Surpas Res. Corp.,* 253 F. Supp. 2d 1209, 1229 n.16 (D. Kan. 2003). | | | | | |

11

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *seq.*) - class actions | | | | | | | | | | | | |
| Kentucky (Ky. Rev. Stat. Ann.§ 367.220) | Yes. | Yes. *M.T. v. Saum*, 7 F. Supp. 3d 701, 706 (W.D. Ky. 2014). | Showing of causal nexus required. *M.T. v. Saum*, 7 F. Supp. 3d 701, 706 (W.D. Ky. 2014). | No. *Corder v. Ford Motor Co.*, 869 F. Supp. 2d 835, 838 (W.D. Ky. 2012). | 1 year after any action of the Attorney General has terminated or two years after the violation of Ky. Rev. Stat.Ann. § 367.170, whichever is later. Ky. Rev. Stat.Ann. § 367.220(5). | No. | Yes. Ky. Rev. Stat. Ann § 367.220(1). | No. | Yes, "where appropriate." Ky. Rev. Stat. Ann § 367.220(1). | Yes.  Ky. Rev. Stat. Ann § 367.220(3) | Yes, to prevailing party.  K. Rev. Stat. Ann § 367.220(3). | |
| Louisiana (La. Rev. Stat. Ann. § 51:1405, *et seq.*) | No - only the Attorney General can sue on behalf of a class of consumers. La. Rev. Stat. Ann.§ 51:1404(B), 1407, 1408, 1409(A), 1414; *State ex rel. Guste* v. *Gen. Motors Corp.*, 354 So. 2d 770 ( La. 1978) ); *Iberia Credit Bureau, Inc.* v. *Cingular Wireless LLC*, 379 F.3d 159, 174-75 (2004). | Yes. La. Rev. Stat. Ann. § 51:1409(A); *Landrum* v. *lid. of Comm'rs of Orleans Levee Dist.*, 758 F. Supp. 387. 392 (E.D. La. 1991). | Yes - more than mere negligence. *Marshall* v. *Citicorp Mortg., Inc.*, 601 So. 2d 669, 670-71 (La. Ct. App. 1992). | No, but must prove causation. La. Rev. Stat. Ann § 51:1409(A). | 1 year from date of transaction giving rise to action; discovery rule does not apply. La. Rev. Stat. Ann. § 51:1409(E); *Morris* v. *Sears, Roebuck & Co.*, 765 So. 2d 419, 422 (La. Ct. App. 2000). | No. | Yes. La. Rev. Stat. Ann § 51:1409. | Yes - for "knowing" violations, but only if defendant is put on notice by the director or Attorney General. La. Rev. Stat. Ann § 51:1409(A); *Laurents* v. *La. Mobile Homes, Inc.*, 689 So. 2d 536, 542-43 (La. Ct. App. 1997). | No. La. Rev. Stat. Ann § 51:1409(A). | No. La. Rev. Stat. Ann § 51:1409. | Yes. La. Rev. Stat. Ann § 51:1409. | No. *See generally* La. Rev. Stat. Ann § 51:1409. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Maine (Me. Rev. Stat. Ann. tit. 5 § 213) | Yes. *See Oceanside at Pine Point Condominium Owners Ass'n v. Peachtree Doors, Inc.*, 659 A.2d 267 (Me. 1995). | Yes. *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151, 160 (1st Cir. 2011). | No. *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 906 (Me. 1996). | Yes. *GxG Mgmt., LLC v. Young Bros. & Co.*, 457 F. Supp. 2d 47, 50 (D. Me. 2006) | "[C]laims under Maine's Unfair Trade Practices Act are subject to Maine's general six-year statute of limitations period for civil actions." *Campbell v. Machias Sav. Bank*, 865 F. Supp. 26, 34 (D. Me. 1994) | Yes. Me. Rev. Stat. Ann. tit. 5 § 213(1-A). | Yes. Me. Rev. Stat. Ann. tit. 5 § 213(1) | No. | No. | Yes. 5 Me. Rev. Stat. Ann. tit. 5 § 213(2). | Yes. Me. Rev. Stat. Ann. tit. 5 § 213(2). | No. |
| Maryland (Md. Comm. Law § 13-408) | Yes. *See, e.g., Green v. H & R Block, Inc.*, 355 Md. 488, 735 A.2d 1039 (Md. 1999). | No. Md. Ann., Com. Law § 13-302. | Yes. *Allen v. Bank of Am., N.A.*, 933 F. Supp. 2d 716, 727 (D. Md. 2013). | No. Md. Ann., Com. Law § 13-302. | Three years. Md. Code Ann., Cts. & Jud. Proc. § 5-101. | No. | Yes. Md. Comm. Law § 13-408. | No. | No. | If requested by Attorney General. Md. Comm. Law § 13-406. | Yes. Md. Comm. Law § 13-408(b). | |
| Massachusetts (Mass. Gen. Laws Ann.ch 93A § 9) | Yes. Mass. Gen. Laws Ann. ch 93A § 9(2). | Yes. *Refuse & Envtl. Sys., Inc. v. Indus. Servs. of Am., Inc.*, 932 F.2d 37, 43 (1st Cir. 1991). | No. *In re Leger*, 34 B.R. 873, 876 (Bankr. D. Mass. 1983) | No. *In re Leger*, 34 B.R. 873, 876 (Bankr. D. Mass. 1983) | 4 years. Mass. Gen. Laws Ann. ch. 93A § 11. | Yes. Mass. Gen. Laws Ann. ch 93A, §9(3). | Yes. Mass. Gen. Laws Ann. ch. 93A, § 9(1). | Yes, up to three times actual damages, not less than 2 times actual damages for willful and wanton behavior. Mass Gen. Laws Ann. ch. 93A, § 9(3). | No. | Yes. Mass. Gen. Laws Ann. ch . 93A, § 9(3). | Yes. Mass. Gen Laws Ann. ch. 93A, § 9(4). | No. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Michigan (Mich. Comp. Laws Ann. § 445.911) | Yes. Mich. Comp. Laws Ann. § 445.911(3). | Yes. Mich. Comp. Laws Ann. § 445.911. | Yes. *Dix v. Am. Bankers Life Assur. Co. of Fla.*, 429 Mich. 410, 418, 415 N.W.2d 206, 209 (1987) | In class action, no individual proof of reliance required. *Dix v. Am. Bankers Life Assur. Co. of Fla.*, 429 Mich. 410, 418, 415 N.W.2d 206, 209 (1987) | Six years. Mich. Comp. Laws Ann. § 600.5813. | No. | Yes. Mich. Comp. Laws Ann. § 445.911(2). | No. | No. | Yes. Mich. Comp. Laws Ann. § 445.911(1) (a) and (b). | Yes. Mich. Comp. Laws Ann. § 445.911(2). | No. |
| Minnesota - UDTPA (Minn. Stat. §§ 325D.43-325D.48) | Yes. *See, e.g.,, Schlink* v. *Edina Realty Title*, No. CT 02-018380, 2003 WL 23786984 (Minn. Dist. Ct. Sept. 9, 2003); *Curtis* v. *Philip Morris Cos. Inc.*, No. PI 01-018042, 2004 WL 2776228 (D. Minn. Nov. 29, 2004); *Mooney* v. *Allianz Life Ins. Co. of N. Am.*, 244 F.R.D. 531 (D. Minn. 2007). | Likelihood of future injury; past injuries not actionable. *I- Systems, Inc.* v. *Softwares, Inc.*, No. Civ. 02-1951 JRTFLN, 2004 WL 742082 (D. Minn. Mar. 29, 2004); *Wehner* v. *Linvatech Corp.*, No. 06-CV-1709-JMR/FLN, 2008 WL 495525, at *4 (D. Minn. Feb. 20, 2008). | No. *I-Systems*, 2004 WL 742082. | No. *Thompson* v. *Am. Tobacco Co., Inc.*, 189 F.R.D. 544, 552- 53 (D. Minn. 1999). | 6 years from discovery of the facts constituting fraud. Minn. Stat. § 541.05; *Tuttle* v. *Lorillard Tobacco Co., Ml* 377 F.3d 917, 926 (2004). | No. | No - the UDTPA provides injunctive relief only. Minn. Stat. § 325D.45(1); *Dennis Simmons, D.D.S, P.A.* v. *Modern Aero, Inc.*, 603 N.W.2d 336, 339 (Minn. Ct. App. 1999). | | | Yes. Minn. Stat. § 325D.45(1); *Dennis Simmons*, 603 N.W.2d at 339 | Yes, if D willfully engaged in the trade practice knowing it to be deceptive. Minn. Stat. § 325D.45(2). | Yes, if P brought the action knowing it to be groundless. Minin. Stat. § 325D.45(2). |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mississippi (Miss. Code Ann. § 75-24-15) | No. | | | | | Yes.  Miss. Code Ann. § 75-24-15(2). | Yes. Miss. Code Ann. § 75-24-15(1) | | | | No. | Yes, if consumer brought claim that was frivolous or filed for purposes of delay.  Miss. Code Ann. § 75-24-15(4). |
| Missouri (Mo. Rev. Stat. 407.010, *et seq.*) | Yes. Mo. Rev. Stat. § 407.025(2). | Yes. Mo. Rev. Stat. § 407.025(1); *Owen* v. *CMC*, 533 F.3d 913. 922 (8th Cir. 2008); *State ex rel. Nixon* v. *Telco Directory Pub.*, 863 S.W.2d 596 (Mo. 1993). | No. *State ex rel. Nixon* v. *Beer Nuts*, 29 S.W.3d 828, 837 (Mo. Ct. App. 2000); *State ex rel. Webster* v. *Areaco Inv. Co.*, 756 S.W.2d 633, 635 (Mo. Ct. App. 1988). | No. *State* v. *Areaco. Inv. Co.*, 756 S.W.2d 633, 635-36 (Mo. App. 1988). | 5 years from time plaintiff sustained damage from the unfair practice; discovery rule applies. Mo. Rev. Stat. § 516.120(1); *Boulds* v. *Chase Auto Fin. Corp.*, 266 S.W.3d 847, 851 (Mo. Ct. App. 2008); *Ullrich* v. *CADCO, Inc.*, 244 S.W.3d 772, 778 & n.3 (Mo. App. 2008). | No. | Yes. Mo. Rev. Stat. § 407.020.1; *Ullrich*. 244 S.W.3d 772; *Viene v. Concours Auto Sales. Inc.*, 787 S.W.2d 814 (Mo. App. 1990). | No. *See generally* Mo. Rev. Stat. § 407.025(1). | Yes, if defendant engaged in wanton, willful, or outrageous act, or acted with reckless disregard for consequences, from which evil motive can be inferred. Mo. Rev. Stat. § 407.025(1): *Hess* v. *Chase Manhattan Bank*, 220 S.W.3d 758 (Mo. 2007). | Yes, if plaintiff succeeds on a claim for actual damages. *Freeman Health Sys.* v. *Wass*, 124 S.W.3d 504 (Mo. App. 2004). | Yes - court may award the prevailing party reasonable attorney's fees. Mo. Rev. Stat. § 407.025(1). | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Montana (Mont. Code Ann. § 30-14-101 et seq.) | No. Mont. Code Ann. § 30-14-133(1). | Yes.  Mont. Code Ann. § 30-14-133(1). | Only that action be "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Rohrer v. Knudson*, 2009 MT 35, ¶ 31, 349 Mont. 197, 205 (2009). | No. | Two years.  Mont. Code Ann. § 27-2-211. | No. | Yes, actual damages or $500, whichever is greater.  Mont. Code Ann. § 30-14-133(1). | Court, in its discretion, may award up to three times the actual damages sustained.  Mont. Code Ann. § 30-14-133(1). | No. | Yes. Mont. Code Ann. § 30-14-111(1). | Yes - court may award the prevailing party reasonable attorney's fees.  Mont. Code Ann. § 30-14-133(3). | |
| Nebraska (Neb. Rev. Stat. Ann. § 59-1609) | Yes.  *See, e.g., Arthur v. Microsoft Corp.*, 676 N.W. 2d 29 (Neb. 2004); *Hage v. General Service Bureau*, 306 F. Supp. 2d 883 (D. Neb. 2003). | Yes,  Neb. Rev. Stat. Ann. § 59-1609. | Yes. | No. | Four years.  Neb. Rev. Stat. Ann. § 59-1612. | No. | Yes.  Neb. Rev. Stat. § 59-1609. | No. | No. | Yes. Neb. Rev. Stat. Ann. § 59-1608(1). | Yes. Neb. Rev. Stat. Ann. § 59-1609. | No. |
| Nevada (Nev. Rev. Stat. § 41.600) | Yes. | Yes. *Sattari v. Wash. Mut.*, 475 Fed. Appx. 648, 648 (9th Cir.) | No. Nev. Rev. Stat. §§ 598.0903-598.0999. 41.600(2)(e) | No, but causation is. *Sattari*, 475 Fed. Appx. at 648 | 4 years from date violation was or could have been reasonably | No. | Yes. Nev. Rev. Stat. § 41.600(3)(a)-(b). | No. *See generally* Nev. Rev. Stat. § 41.600(3)(a)- | No. *See generally* Nev. Rev. Stat. § 41.600(3)(a)-(b). | Yes - any equitable relief the court deems | Yes - prevailing party may obtain reasonable attorney's fees. Nev. Rev. Stat. § 41.600(3)(a)-(b). | No. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| New Hampshire (N.H.Rev. Stat. Ann.. § 358-A:1, *et seq.*) | Yes. N.H.Rev. Stat. Ann.. § 358-A:10-a. | Yes. N.H.Rev. Stat. Ann.. § 358- A:10-a. | No. RSA § 358-A:10; *Barrows* v. *Boles,* 687 A2d 979, 986-87 (N.H. 1996). | No, but causation is. *Mulligan* v. *Choice Mortg. Corp. USA,* No. CIV. 96-596-B, 1998 WL 544431, at *11 (D.N.H. Aug. 11. 1998). | 3 years from date violation was or reasonably could have been discovered. N.H.Rev. Stat. Ann.. § 358-A:3(IV-a); *Murray* v. *McNamara,* N o. 2013-630, 2015 N.H. LEXIS 23, at *7-8 (N.H. Mar. 20, 2015). | No. | Yes - actual damages or $1,000, whichever is greater. N.H.Rev. Stat. Ann.. § 358-A:10. | Yes - for a willful or knowing violation, mandatory award is at least 2 times but no more than 3 times actual damages. *Simpson* v. *Young,* No. 2004-700, 2005 N.H. LEXIS 184 (N.H. Dec. 29, 2005), *substituted opinion,* 153 N.H. 471 (2006); *Unit Owners Ass'n of Summit Vista Lot 8 Condo,* v. *Miller,* 141 N.H. 39 (1996). | No. N.H.Rev. Stat. Ann.. § 358- A:10. | Yes - equitable relief. N.H.Rev. Stat. Ann.. § 358-A: 10. | Yes. N.H.Rev. Stat. Ann.. § 358-A:10. | No. *See generally* N.H.Rev. Stat. Ann.. § 358-A:10. |
| New Jersey (N.J. Rev. Stat. Ann. §56:8-1, *et seq.*) | Yes. *Varacallo* v. *Mass. Mut. Life Ins. Co.,* 332 N.J. Super. 31, 45 (App. Div. 2006). | Yes. *Thiedemann* v. *Mercedes-Benz U.S. LLC,* 183 N.J. 234, 246 (2005). | If an omission, defendant must have acted knowingly. *Fenwick v. Kay Am. Jeep, Inc.,* 72 N.J. 372 (1977). If an affirmative act, only the potential to mislead is required. Rev. Stat. Ann. § 56:8- | No, only a causal nexus. N.J. Rev. Stat. Ann. § 56:8-19; *Int'l Union of Operating Eng'rs Local #68 Welfare Fund v. Merck & Co., Inc.,* 384 N.J. Super. 275, 281 (App. Div. *2006); DaBush v.* | 6 years from time plaintiff knew or should have known of the claim's existence. N.J. Rev. Stat. Ann. § 2A:14-1; *Mirra* v. *Holland Am. Line,* 331 N.J. Super. 86, 91 (App. Div. 2000); *Tammera v. Grossman,* Civ. No. 10-569 (DRD), | No. | Yes. N.J. Rev. Stat. Ann. § 56:8-19. | Mandatory when ascertainable loss of money or property is proved. N.J Rev.. Stat. Ann. § 56:8-19; *Cox* v. *Sears Roebuck & Co.,* 138 N.J 2, 24 (1994). | No. *Wildstein* v. *Tru Motors, Inc.,* 227 N.J. Super. 331 (Law. Div. 1998). | Yes - appropriate equitable relief. N.J Rev.. Stat. Ann. § 56:8-19. | Yes - mandatory on proof that defendant committed an unlawful act. N.J. Rev. Stat. Ann. § 56:8-19; *Cox,* 138 N.J. at 24; *BJM Insulation & Constr., Inc.* v. | No. *See generally* N.J. Rev. Stat. Ann. § 56:8-19. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2; *Lingar* v. *Live-In Companions, Inc.,* 300 N.J. Super. 22, 28 (App. Div. 1997). | *Mercedes Benz USA, Inc.,* 874 A2d 1110, 1121 (N.J. Super. Ct. App. Div. 2005); *N.J. Citizen Action* v. *Schering-Plough Corp.,* 842 A.2d 174, 178 (N.J. Super. Ct. App. Div. 2003). | 2010 U.S. Dist. LEXIS 32641, at *15-16 (D.N.J. Mar. 29, 2010). | | | | | | *Evans,* 287 N.J. Super. 513,517 (App. Div. 1996). | |
| New Mexico (N.M. Stat. Ann. § 57-12-1, *et seq.)* - individual actions | Yes. *Fiser* v. *Dell Comput. Corp.,* 144 N.M. 464, 468-69(2008). | To obtain injunctive relief, plaintiff must prove only that they are likely to be damaged. *Page & Wirtz Constr. Co.* v. *Solomon,* 794 P.2d 349, 354 (N.M. 1990); N.M. Stat. Ann.§ 57-12-10(A). To recover damages, plaintiff must show actual injury. N.M. Stat. Ann. § 57-12-10(B). | Yes - defendant must know or reasonably should have known representation is false. N.M. Stat. Ann. § 57-12-2(D); *Taylor* v. *United Mgmt., Inc.,* 51 F. Supp. 2d 1212, 1216 (D.N.M. 1999); *Stevenson* v. *Louis Dreyfus Corp.,* 811 P.2d 1308, 1311 (N.M. 1991). | No, but causation is. N.M. Stat. Ann. § 57-12-10(B); *Uniform Jury Instructions* 13- 1707 NMRA; *Stevenson,* 811 P.2d at 1311. | 4 years from date of violation; discovery rule applies. *Nance* v. *L.J. Dolloff Assocs., Inc.,* 138 N.M. 851, 856 (2005); *Tiberi* v. *Cigna Corp.,* 89 F.3d 1423, 1430 (10th Cir. 1996); *Anderson Living Trust v. WPX Energy Prod., LLC,* 27 F. Supp. 3d 1188, 1213-14 (D.N.M. 2014). | No. | Yes - actual damages or $100, whichever is greater. N.M. Stat. Ann. § 57-12-10(B); *Lohman* v. *Daimler-Chrysler Corp.,* 142 N.M. 437, 445-46 (2007). | Yes - if defendant's conduct willful, up to 3 times actual damages or $300, whichever is greater. N.M. Stat. Ann. § 57-12-10(B). | Not other than treble damages. *McLelland* v. *United Wis. Life Ins. Co.,* 127 N.M. 303, 306-07 (1999). | Yes - injunction if plaintiff is likely to be damaged. N.M. Stat. Ann. § 57-12-10(A). | Yes. N.M. Stat. § 57-12-10(C). | Yes, if claim is groundless. N.M. Stat. Ann. § 57-12-10(C). |
| New Mexico (N.M. Stat. Ann. § 57-12-1, *et seq.)* - class actions | | | | | | | Named plaintiffs may recover as an individual plaintiff *(i.e.,* actual damages for $100, whichever is greater, subject to trebling if conduct was willful); other class members may only recover such actual damages suffered by each class member as a result of the violation. N.M. Stat. Ann. §§ 57-12-10(B), (E). | | | | | |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| New York - N.Y. Gen. Bus. § 349 | Yes. *See* N.Y. C.P.L.R. § 901(b); N.Y. Gen. Bus. § 349(h); *Rubin* v. *Nine W. Group, Inc.*, No. 0763/99, 1999 WL 1425364. *2 (N.Y.S. Nov. 3, 1999); *Law! or Cablevision Sys. Corp.*. No. 12308-06. 2007 WL 914199 (N.Y. Sup. Ct. 2007). | Yes - actual harm. *Baron* v. *Pfizer, Inc.*, 840 N.Y.S.2d 445. 448 (N.Y. App. Div. 2007); *Tomasino* v. *Estee Lauder Cos.*, 13-CV-4692 (ERK) (RML), 2015 U.S. Dist. LEXIS 38918, at *9 (E.D.N.Y. Mar. 26, 2015). | No. *Stutman* v. *Chem. Bank*, 731 N.E.2d 608.612 (N.Y. 2000); *Tomasino*, 2015 U.S. Dist. LEXIS 38918, at *9. | No, but must prove causation. *Baron*, 840 N.Y.S.2d at 448; *Small* v. *Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55 (1999). | 3 years after plaintiff suffered injury; discovery rule may apply. N.Y. C.P.L.R. § 214(2); *State v. Daicel Chem. Indus., Ltd.*, 840 N.Y.S.2d 8, 11 (2007); *Avdon Capitol Corp.* v. *Nationwide Mut. Fire Ins. Co.*, 658 N.Y.S.2d 383 (1997); *Bidetti* v. *Salter*, 108 AD.2d 890, 891 (N.Y. 1985). | No. | Yes - actual damages or $50, whichever is greater. N.Y. Gen. Bus. §§ 349(h), 350- e(3). | Yes - court's discretion to increase award up to no more than 3 times actual damages not to exceed $1,000, if defendant's violation was willful or knowing. N.Y. Gen. Bus. §§ 349(h), 350- e(3). | No. Yee *generally* N.Y. Gen. Bus. §§ 349, 350. | No. *See generally* N.Y. Gen. Bus. § 349. | Yes. N.Y. Gen. Bus. §§ 349, 350-e. | No. *See generally* N.Y. Gen. Bus. §§ 349, 350. |
| North Carolina (N.C. Gen. Stat. §75-1.1, *et seq.*) | Yes. *Crow* v. *Citicorp Acceptance Co., Inc.*, 319 N.C. 274, 282-85 (1987). | Yes. *Neuse River Found., Inc.* v. *Smithfield Foods Inc.*, 155 N.C. App. 110, 113-14 (Ct. App. 2002). | No. *Excel Staffing Serv., Inc.* v. *HP Reidsville, Inc.*, 616 S.E.2d 349, 355 (N.D. Ct. App. 2005). | No. *Marshall* v. *Miller*, 302 N.C. 539, 544, 548 (1981); *Cullen* v. *Valley Forge Life Ins. Co.*, 161 N.C. App. 570, 580 (Ct. App. 2004). | 4 years from date of violation; discovery rule applies. N.C. Gen. Stat. § 75-16.2; *United States v. Ward*, 618 F. Supp. 884, 902-03 (E.D.N.C. 1985); *Nash* v. *Motorola Comm's & Elecs. Inc.*, 96 N.C. App. 329, 331 (N.C. Ct. App. 1989). | No. | Yes. N.C. Gen. Stat. § 75-16; *Ellis v. Northern Star Co.*, 388 S.E.2d 127, 131 (N.C. 1990). | Yes - treble damages mandatory for violation. *N.C. Nat. Bank* v. *Carter*, 71 N.C. App. 118, 121-23 (Ct. App. 1984); N.C. Gen. Stat. §75-16; *Pearce* v. *Am. Defender Life Ins. Co.*, 316 N.C. 461, 470 (1986). | No. *Pinehurst, Inc.* v. *O'Leary Bros. Realty, Inc.*, 79 N.C. App. 51, 62-63 (Ct. App. 1986). | No. N.C. Gen. Stat. § 75-1.1. | Yes, if violation was willful. N.C. Gen. Stat. (§75-16.1(1)). | Yes, if plaintiff knew or should have known the action was frivolous and malicious. N.C. Gen. Stat. § 75-16.1(2). |

19

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| North Dakota (N.D. Cent. Code §§ 51-15-01 through 51- 15-11) | Yes. *Rose* v. *United Equitable Ins. Co.,* 651 N.W.2d 683 (N.D. 2002). | Yes - threatened or actual injury. *Ackre* v. *Chapman & Chapman, PC,* 788 N.W. 2d 344, 352 at ¶23*; N.D. Fair Hous. Council, Inc.* v. *Haider,* No. CIV Al-98- 077, 1999 WL 33283355, at *3 (D.N.D. Mar. 9, 1999). | Yes - intent that others rely on the deceptive act. N.D. Cent. Code § 51-15-02. | No. N.D. Cent. Code § 51-15-02. | 6 years from time plaintiff knew or should have known of claim's existence. N.D. Cent. Code § 28- 01-16; *Hebron Pub. Sch. Dist. No. 13 of Morton Cnty. v. U.S. Gypsum Co.,* 475 N.W.2d 120, 126 (N.D. 1991). | No. | Yes - court discretion. N.D. Cent. Code § 51-15-09. | Yes - court may award up to 3 times actual damages if violation was knowing. N.D. Cent. Code § 51-15-09. | Yes. *DJ Coleman, Inc.* v. *Nufarm Ams., Inc.,* 693 F. Supp. 2d 1055, 1077 (D. N.D. Mar. 12, 2010). | No. *See generally* N.D. Cent. Code §§ 51-15-01 through 51-15-11. | Yes. N.D. Cent. Code § 51-15-09. | No, but North Dakota law requires that defendants be awarded attorney's fees for frivolous claims. N.D. Cent. Code § 28-26-01. |
| Ohio (ORC § 1345, *et seq.*) | Yes, only if a prior decision or rule put defendant on notice that the specific conduct at issue was deceptive or unconscionable prior to the subject transaction. ORC §§ 1345.05(A)(3), (B)(2), 1345.09(B); *Bower* v. *Int'l Bus. Machines,* | Yes. *Burdge* v. *Kerasotes Showplace Theatres, LLC,* No. CA2006-02- 023, 2006 WL 2535762, at *8 (Ohio Ct. App. Sept. 5, 2006). | No. *Foster* v. *D.B.S. Collection Agency,* Case No. 01-CV-514. 2008 U.S. Dist. LEXIS 22264, at *28-29 (S.D. Ohio Mar. 20, 2008); *Rose* v. *Zaring Homes. Inc.,* 702 N.E.2d 952, 956 (Ohio Ct. App. 1997). | No. *Foster,* 2008 U.S. Dist. LEXIS 22264, at *28-29; *Rose.* 702 N.E.2d at 956. | 2 years after violation or 1 year after termination of proceedings by the Attorney General; no discovery rule applies for actions seeking damages. O.R.C. § 1345.10(C) & *Weaver* v. *Armando's, Inc.,* Case No. 02 CA 153, 2003 Ohio App. LEXIS 4273, at *16 (7th Dist. Sept. 3, 2003). | No. | Yes. ORC § 1345.09(A). | Yes - 3 times amount of actual damages or $200, whichever is greater, but only if act was previously declared deceptive or unconscionable by an Ohio court or rule. ORC § 1345.09(B). | No. ORC § 1345.09; *Machne* v. *Samsung Telecomms. Am., L.P.,* Case No. 1:07 CV 0658, 2007 U.S. Dist. LEXIS 28915, at *5 (N.D. Ohio Apr. 19, 2007). | Yes - declaratory judgment, injunction. ORC § 1345.09(D). | Yes, if defendant knowingly committed a violation. ORC § 1345.09(F); *Einhorn* v. *Ford Motor Co.,* 48 Ohio St. 3d 27 (1990). | Yes, if plaintiff brought or maintained an action that was groundless or made in bad faith. ORC § 1345.09(F). |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | *Inc.*, 495 F. Supp. 2d 837 (S.D. Ohio 2007). | | | | | | | | | | | |
| Oklahoma (Okla. Stat. § 15-751, *et seq.*) | Yes. *Tibbetts* v. *Sight 'n Sound Appliance Centers, Inc.*, 2003 OK 72, 77 P.3d 1042; *Walls* v. *Am. Tobacco Co.*, 2000 OK 66, 11 P.3d 626. | Yes. 15 Okla. Stat. § 761.1(A); *Walls,*. 2000 OK, 11 P.3d at 629 (¶ 11) | Yes. 15 Okla. Stat. § 753. | No, but causation is. *Patterson* v. *Beall*, 2000 OK 19 P.3d 839, 846-47. | 2 years after date of plaintiff's injury; discovery rule applies. 12 Okla. Stat. § 95; *Daugherty* v. *Farmers Coop. Ass'n*, 1984 OK 72, 689 P.2d 947. | No. | Yes. Okla. St. 15 § 761.1(A). | No. *See generally* 15 Okla. St. § 761.1(A). | No, but possible civil penalties for unconscionable violations. 15 Okla. Stat. § 761.1(B). | No. *See generally* 15 Okla. Stat. § 761.1. | Yes, not to exceed $10,000, if a claim or defense asserted by non-prevailing party was in bad faith, not grounded in fact, or unwarranted by existing law or a good faith argument for extension, modification, or reversal or existing law. 15 Okla. Stat. § 761.1(A). | |
| Oregon (Or. Rev. Stat. § 646.638) | Yes.  Or. Rev. Stat. § 646.638(4). | | Yes.  *Leudeman v. Tri-West Constr. Co.*, 592 P.2d 281, 282 (Or. Ct. App. 1979). | In certain circumstances. *Sanders v. Francis*, 561 P.2d 1003, 1006 (Ore. 1977). | | No. | Yes. Or. Rev. Stat. § 646.638(1). | | Yes. Or. Rev. Stat. § 646.638. | | Court may award attorneys' fees to the prevailing party.  Or. Rev. Stat. § 646.638(3). | |
| Pennsylvania (73 Pa. Stat. § 201-1, *et seq.*) | Yes. *Toy* v. *Metropolitan Life Ins. Co.*, 928 A.2d 186, 201-03 (2007); *Weinberg* v. *Sun Co., Inc., Ill* A2d 442, 444 (Pa. 2001). | Yes. 73 P.S. § 201-9.2(a); *Weinberg. Ill* A2d at 446. | Yes. *Debbs* v. *Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002). | Yes. *Colaizzi* v. *Beck*, 895 A 2d 36, 40 (Pa. Super. 2006); *Huntv. U.S. Tobacco Co.*, 538 F.3d 217, 228 (3d Cir. 2008). | 6 years from date plaintiff had sufficient facts to be on notice of the wrong. *Lesoon v. Metropolitan Life Ins. Co*, 898 A2d 620, 627 (Pa. Super.), *allocator denied*, 912 A 2d 1293 (Pa. 2006); *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 879 | No. | Yes - actual damages or $100, whichever is greater. 73 P.S. § 201-9.2. | Yes - court may award up to 3 times actual damages, but not less than $100. 73 P.S. §201- 9.2. | No. *McCauslin v. Reliance Fin. Co.*, 751 A.2d 683, 685 (Pa. Super. 2000); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 401 (3d Cir. 2004). | Yes, as court may provide such additional relief as it deems proper. 73 P.S. § 201-9.2. | Yes. 73 P.S. § 201- 9.2. | No. *See generally* 73 P.S.§201-9.2. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | A.2d 270, 276 (Pa. Super. Ct. 2005). | | | | | | | |
| Rhode Island (R.I. Gen. Laws § 6-13.1-5) | Yes. R.I. Gen. Laws § 6-13.1-5.2(b). | Yes. R.I. Gen. Laws § 6-13.1-5.2 | No. *Long v. Dell, Inc.*, 93 A.3d 988, 1003 (R.I. 2014) | No. *Long v. Dell, Inc.*, 93 A.3d 988, 1003 (R.I. 2014) | 10 years. 9 R.I. Gen. Laws § 9-1-13. | No. | Yes, actual damages or $200, whichever is greater. R.I. Gen. Laws § 6-13.1-5.2(a). | No. | Yes. R.I. Gen. Laws § 6-13.1-5.2 | Yes. R.I. Gen. Laws § 6-13.1-5.2 | Yes. R.I. Gen. Laws § 6-13.1-5.2(d). | No. *See* R.I. Gen. Laws § 6-13.1-5.2. |
| South Carolina (S.C. Code Code §§ 39-5-10 to 39-5-560) | No. *Dema v. Tenet Phys. Services-Hilton Head, Inc.* 383 S.C. 115. 122 (2009); S.C. Code §§ 39-5-20, 39-5- 140(a). | Yes. S.C. Code § 39-5-140(a); *Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver. Inc.*, *91A* F.2d 502, 507 (4th Cir. 1992). | No, representation must simply have the capacity to deceive. *Inman* v. *Ken Hyatt Chrysler Plymouth, Inc.*, 363 S.E.2d 691, 692 (S.C. 1988); *Haley Nursery Co.* v. *Forrest,* 381 S.E.2d 906, 909 (S.C. 1989). | No. S.C. Code § 39-5-140(a); *Inman,* 363 S.E.2d at 692. | 3 years from date violation was or reasonably could have been discovered. S.C. Code § 39-5-150. | No. | Yes. S.C. Code § 39- 5-140(a). | Yes, mandatory if the violation was willful or knowing. S.C. Code § 39-5-140(a) | No. *Tousley* v. *N. Am. Van Lines, Inc.*, 752 F.2d 96 (4th Cir. 1985). | No. *See generally* S.C. Code §§ 39-5-10 to 39-5-560. | Yes. S.C. Code § 39-5-140(a). | No. *See* S.C. Code § 39-5-140(a). |
| South Dakota (S.D. Codified Laws § 37-24-6) | Yes. | No. S.D. Codified Laws § 37-24-6 | Yes. S.D. Codified Laws § 37-24-6. | No. *Nygaard v. Sioux Valley Hosps. & Health Sys.,* 2007 S.D. 34, ¶ 33, 731 N.W.2d 184, 196. | Four years S.D. Codified Laws § 37-24-33. | No. | S.D. Codified Laws § 37-24-31. | No. | No. | By attorney general only. S.D. Codified Laws § 37-24-23. | No. | No. |
| Tennessee (Tenn. Code § 47-18-109) | No. See Tenn. Code § 47-18-109(a)(1). | Yes. Tenn. Code § 47-18-109. | Some element of intent must be present. *Smith v. Scott Lewis Chevrolet Inc.,* 843 S.W. 2d 9, 12 | No. *Fleming v. Murphy,* No. W2006-00701-COA-R3CV, 2007 WL 2050930, at *7 | One year from discovery. Tenn. Code § 47-18-110. | No. | Tenn. Code § 47-18-109(a)(1). | Yes, for willful or knowing conduct. Tenn. Code § 47-18-109(a)(3). | No. Tenn. Code § 47-18-109(a)(3). | Yes, for willful or knowing conduct. Tenn. Code § 47-18-109(a)(3). | Yes. Tenn. Code § 47-18-109(e)(1). | Yes. Tenn. Code § 47-18-109(e)(2). |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | (Tenn. Ct. App. 1992). | (Tenn. Ct. App. July 19, 2007). | | | | | | | | |
| Texas (Tex. Bus. & Com. Code § 17.50). | Yes. Tex. Bus. & Com. Code § 17.501. | | No. *Williams v. Trail Dust Steak House, Inc.*, 727 S.W. 2d 812, 814 (Tex. Ct. App. 1987). | Yes. *Cobb v. Dunlap*, 656 S.W. 2d 550, 554 (Tex. Ct. App. 1983). | 2 years after the date upon which the practice occurred. Tex. Bus. & Com. Code § 17.565. | Yes. Tex. Bus. & Com. Code § 17.505. | Yes. Also may recover damages for mental anguish. Tex. Bus. & Com. Code § 17.50(b)(1), (3). | Yes, for knowing conduct. Tex. Bus. & Com. Code § 17.50(b)(1). | No. | Yes. Tex. Bus. & Com. Code § 17.50(b)(2). | Yes. Tex. Bus. & Com. Code § 17.50(d). | No. |
| Utah (Utah Code § 13-11-1 to 13-11- 23)- individual actions<br><br>Utah (Utah Code § 13-11-1 to 13-11- 23) - class actions | For equitable relief, always permitted. Utah Code § 13-11-19(3). For damages, only permissible if violation occurred after enforcing authority adopted a rule prohibiting the act, the act was declared to violate a final judgment made available to public for 10 days, or act was prohibited by a finalized consent judgment. Utah Code § 13-1 1-19(4)(a). | Yes. Utah Code § 13-11-19(2); *Andreason* v. *Felsted*, 137 P.3d 1, 4 (Utah Ct. App. 2006). | Yes. *Kee* v. *R-G Crown Bank*, 656 F. Supp. 2d 1348, 1356 (D. Utah 2009). | No, but causation is. Utah Code § 13-11-19(2). | 2 years after violation or 1 year after termination of proceedings by the enforcing authority; an equitable discovery rule may be applied in court's discretion on a showing of exceptional circumstances. Utah Code § 13- 11-19(8); Moore v. *Smith*. 158 P.3d 562, 570-71 (Utah Ct. App. 2007). | No. | Yes - actual damages or $2,000, whichever is greater. Utah Code § 13-11-19(2).<br><br>Actual damages are only available if defendant's specific acts were previously declared unlawful by a court or other authority. Utah Code § 13-1 1-19(4)(a). | No. *See* Utah Code § 13-11-19(4)(a). | No. *See* Utah Code § 13-11-19(4)(a). | Yes - declaratory judgment that a supplier violated, is violating, or is likely to violate this chapter. Utah Code § 13-11-19(1).<br>Yes- declaratory judgment, injunction. | Yes, if defendant's act violated the UCSPA. Utah Code § 13-11-19(5). | Yes, if P brought or maintained an action s/he knew to be groundless. Utah Code § 13-11-19(5). |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Vermont (9 V.S.A. §§ 2451 to 2480n) | Yes. *Elkins* v. *Microsoft Corp.,* 174 Vt. 328,331 (2002); *Salatino* v. *Chase,* 182 Vt. 267 (2007). | No injury required if reliance is shown. *Peabody* v. *P.J.'s Auto Vill., Inc.,* 153 Vt. 55 (1989); 9 V.S.A. § 2461(b). | No. *Inkel* v. *Pride Chevrolet-Pontiac, Inc.,* 183 Vt. 144, 150 (2008); *Winton* v. *Johnson & Dix Fuel Corp.,* 147 Vt. 236, 243 (1986). | No reliance required if injury is shown. 9 V.S.A. § 2461(b); *Jordan* v. *Nissan N. Am., Inc.,* 176 Vt. 465, 469 (2004). | 6 years; discovery rule applies in cases of fraudulent concealment of basis of the claim. 12 V.S.A § 511; *In re Peterson,* 93 B.R. 323, 327 (Bankr. D. Vt. 1988). | No. | Yes. 9 V.S.A. § 2461(b). | Yes - exemplary damages not exceeding 3 times the value of the consideration given by the consumer. 9 V.S.A. § 2461(b). | Yes, if defendant acted with malice. *Bruntaeger* v. *Zeller,* 147 Vt. 247, 253-54 (1986). | Yes - equitable relief. 9 V.S.A. § 2461(b). | Yes - mandatory for a violation. *Gramatan Home Inv'rs Corp.* v. *Starling,* 143 Vt. 527, 535-56 (1983). | Yes. *Jones* v. *Coughlin,* No. 519-8-04 Rdcv, 2006 Vt. Super. LEXIS 18, *6 (Vt. Super. Ct. Feb. 2, 2006). |
| Virginia (Va. Code § 59.1.196, *et seq.*) | No. The Act does not contain a class action provision, and Virginia law does not permit class actions unless authorized by statute. *E.g., King* v. *Virginia Birth-Related Neurological Injury Comp. Program,* 22 Va. Cir. 156, 159, (1990); *Kuhn* v. *West Alexandria Props., Inc.,* 22 Va. Cir. 439, 444 (Alexandria 1980). | Yes. *Polk v. Crown Auto, Inc.,* 228 F.3d 541 (4th Cir. 2000); *Alston* v. *Crown Auto,* 224 F.3d 332 (4th Cir. 2000). | Yes. *Grey- Theriot* v. *Ouansah,* Case No. 10-12304-SSM, 2011 Bankr, LEXIS 1319, at *9-10 (E.D. Va. Bankr. Apr. 11, 2011). | Yes. *Koschene* v. *Hutchinson,* 73 Va. Cir. 103 (2007); *Weiss* v. *Cassidy Dev. Corp.,* 63 Va. Cir. 76 (2003); *Sykes v. Brady-Bushey Ford, Inc.,* 69 Va. Cir. 219 (2005); *Cooper* v. *GGGR Invs., LLC,* 334 B.R. 179 (E.D. Va. 2005). | 2 years from date of plaintiff's injury; discovery rule applies. Va. Code §§ 8.01- 249,59.1-204; *Schmidt* v. *Household Fin. Corp., II,* 276 Va. 108 (2008); *Skibinski* v. *Lunger,* 70 Va. Cir. 423 (2006). | No. | Yes - actual damages or $500, whichever is greater. Va. Code § 59.1-204(A). | Yes - for willful violations, treble damages or $1,000, whichever is greater. Va. Code § 59.1- 204(A). | No. *See generally* § 59.1- 204. | No. Va. Code § 59.1- 201; *Physicians Comm. For Responsible Med.* v. *Gen. Mills, Inc.,* 283 Fed. Appx. 139 (4th Cir. 2008). | Yes, unless defendant made a written offer to cure that was rejected. Va. Code §§ 59.1-198,59.1-204(B), (C). | No. *See generally* Va. Code § 59.1-204. |
| Washington (RCW § | Yes. | Yes. RCW § 19.86.090; *Nordstrom,* | No. *Hangman Ridge Training Stables, Inc.* v. | No, but causation is. *Hangman* | 2 years from date of plaintiffs injury; discovery rule | No. | Yes. RCW § 19.86.090. | Yes - if actual damages sustained, court | No. *See generally* RCW § 19.86.090. | Yes. RCW § 19.86.090. | Yes, even if no actual money damages are | No. *See generally* |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19.86.010, *et seq.*) | | *Inc. v. Tampourlos.* 733 P.2d 208, 211 (Wash. 1987). | *Safeco Title Ins. Co.,* 719 P.2d 531, 535 (Wash. 1986). | *Ridge,* 719 P.2d at 539. | applies for willful violations. RCW § 19.182.120. | | | has discretion to increase damages to up to 3 times actual damages, but not more than $25,000. RCW § 19.86.090; *Mason* v. *Mortg. Am., Inc.,* 792 P.2d 142, 149 (Wash. 1990). | | | sustained. RCW § 19.86.090; *Mason,* 792 P.2d at 149. | RCW § * 19.86.090. |
| West Virginia (W. Va. Code § 46A-1-101, *et seq.*) | Yes. | Yes. W. Va. Code § 46A-6-106(a). | Yes. W. Va. Code § 46A-6-102(7)(M). | Yes. *White* v. *Wyeth,* 227 W. Va. 131 (2010). | 4 years from date of violation; discovery rule applies. W. Va. Code § 46A-5-101(1); *Diloreti* v. *Countrywide Home Loans, Inc.,* Civil Action No. 5:14-CV-76 (BAILEY), 2014 U.S. Dist. LEXIS 183617, at *6-7 (N.D.W. Va. Nov. 14, 2014). | Consumer must inform seller in writing via certified mail of alleged violation and allow seller 20 days from receipt of notice to make cure offer; consumer has 10 days from receipt of cure offer to accept or refuse and sue. W. Va. Code § 46A- 6-106(b). | Yes - actual damages or $200, whichever is greater. W. Va. Code § 46A-6-106(a). | No. *See generally* W. Va. Code § 46A-6-106. | No. W. Va. Code § 46A-6-106(b). | Yes - other equitable relief deemed necessary and proper by the court. W. Va. Code § 46A-6-106(a). | Yes. W. Va. Code § 46A-6-106(h). | No. *See generally* W. Va. Code § 46A-6-106. |
| Wisconsin - DTP A (Wis. Stat. § 100.1*8, *et seq.*) | Yes. *Tietsworth* v. *Harley-Davidson, Inc.,* 677 N.W.2d 233 (Wis. 2004); *Gallego* v. *Wal-* | Yes. Wis. Stat. § 100.18(ll)(b)(2); *Reusch* v. *Roob,* 610 N.W.2d 168, | Yes. *Tietsworth,* 677 N.W.2d at 239. | No, but causation is. *K & S Tool & Die Corp.* v. *Perfection Mach. Sales, Inc.,* 732 N.W.2d 792, 798 | 3 years after violation; discovery rule does not apply. Wis. Stat. § 100.18(11)(b)(3); *Kain v. Bluemound* | No. | Yes. Wis. Stat. § 100.18(ll)(b)(2). | No. *See generally* Wis. Stat. § 100.18. | | A plaintiff demonstrating loss as a result of defendant's violation of an injunction | No - only the Department of Agriculture, Trade and Consumer Protection can | Yes. Wis. Stat. § 100.18(1 l)(b)(2). | No. *See generally* Wis. Stat. § 100.18. |

| State | Class Actions Permitted? | Injury Required? | Scienter Required? | Reliance Required? | Statute of limitations | Pre-suit Notice Required? | Remedies: Actual Damages? | Remedies: Treble Damages? | Remedies: Punitive Damages? | Remedies: Equitable Relief? | Attorney's fees for prevailing P? | Attorney's fees for prevailing D? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | *Mart Stores, Inc..* 707 N.W.2d 539 (Wis. Ct. App. 2005). | 176 (Wis. Ct. App. 2000). | | (Wis. 2007); *Tim Torres Enters., Inc. v. Linscott.* 416 N.W.2d 670, 675-76 (Wis. Ct. App. 1987). | *E. Indus. Park, Inc.,* 635 N.W.2d 640 (Wis. Ct. App. 2001); *Skrupky* v. *Elbert,* 526 N.W. 2d 264 (Ct. App. 1994). | | | | issued pursuant to DTPA may recover 2 times the amount of pecuniary loss. Wis. Stat. § 100.18(1 l)(b)(2). | seek injunctive relief. Wis. Stat. § 100.18(11). | | |
| Wyoming (W.S. §§ 40-12-101 through 114) | Yes. W.S. § 40-12-108(b). | Yes. W.S. § 40- 12-108(a). | Yes. W.S. § 40-12-105(a). | Yes. W.S. § 40-12-108(a). | 2 years from date notice of statutory violation is provided to the violator. W.S. § 40-12-109. | Consumer must give notice in writing to alleged violator within 1 year after initial discovery of the unlawful practice, or within 2 years after the transaction, whichever comes earlier. W.S. § 40-12-109. | Yes. W.S. § 40-12-108(b). | No. *See generally* W.S. §§40-12-101 through 114. | No. *See generally* W.S. §§40-12-101 through 114. But an act that victimizes or attempts to victimize elderly or disabled person is liable for a civil penalty of up to $15,000 per violation. W.S. §40-12-111. | No. *See generally* W.S. §§40- 12-101 through 114. | Yes - prevailing party can recover attorney's fees. W.S. § 40-12-108(b). | |

## State Law Variations in Trespass to Chattels Claims

| Examples of State Law Variations in Intent to Intermeddle or Dispossess | |
|---|---|
| **Alaska** | "Trespass to chattels is a lesser form of conversion: it 'can be committed when a party intentionally dispossesses another of the chattel or intentionally uses or interferes with a chattel in another's possession.'" *Prentzel v. State, Dep't of Pub. Safety*, 169 P.3d 573, 583 (Alaska 2007) (citation omitted). |
| **Arizona** | "[A]n intermeddling is not a dispossession unless the actor intends to exercise a dominion and control over [property] inconsistent with a possession in any other person other than himself." *Hagar v. Rodbell*, No. CV10-2748-PHX-DGC, 2012 WL 827068, at *6 (D. Ariz. Mar. 12, 2012). |
| **Colorado** | "Under the principle of law that allows recovery for a trespass to chattels, it is necessary that the defendant have acted for the purpose of interfering with the chattel, or, what is almost the same thing, that he have acted with knowledge that such would be the result of his conduct. *In other words, he must have intended the intermeddling.* If he does not intend thus to meddle, he is not liable today as a trespasser." *Mountain States Tel. & Tel. Co. v. Horn Tower Const. Co.*, 147 Colo. 166, 172, 363 P.2d 175, 178 (1961). |
| **Connecticut** | "Under Connecticut law, trespass to chattels is defined as intentionally dispossessing another of the chattel, or using or intermeddling with a chattel in the possession of another." *Bowers v. United States*, 931 F. Supp. 2d 358, 370 (D. Conn. 2013) (internal quotations omitted). |
| **District of Columbia** | "A defendant commits a trespass to a chattel by 'intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another.'" *E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 20 (D.D.C. 2014), aff'd, 629 F. App'x 1 (D.C. Cir. 2015). |
| **Florida** | Under Florida law, "[t]respass to personal property is the intentional use or, or interference with, a chattel which is in the possession of another, without justification." *Am. Fed'n of Labor-Cong. of Indus. Orgs. v. City of Miami*, No. 07-22966-CIV, 2008 WL 11333331, at *9 (S.D. Fla. Sept. 4, 2008). |
| **Kentucky** | Requires "intent to intermeddle with the particular property." *Ingram Trucking, Inc. v. Allen*, 372 S.W. 3d 870, 873 (Ky. Ct. App. 2012) (citing Restatement (Second) of Torts § 217). |
| **Maryland** | "[A]n intermeddling with the chattel is not a dispossession unless the actor intends to exercise a dominion and control over it inconsistent with a possession in any other person other than himself." *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 698 (D. Md. 2011). |
| **Minnesota** | "A trespass to chattel may be committed by intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." *Strei v. Blaine*, 996 F. Supp. 2d 763, 792 (D. Minn. 2014). |
| **Montana** | Trespass to chattels "lies where an intentional interference with the possession of personal property has proximately cause injury." *Mortensen v. Bresnan Commc'n, L.L.C.*, No. CV 10-13-BLG-RFC, 2010 WL 5140454, at *8 (D. Mont. Dec. 13, 2010) (citation omitted). |
| **New Hampshire** | Under New Hampshire law, "[o]ne who without consensual or other privilege to do so, uses or otherwise intentionally intermeddles with a chattel which is in possession of another is liable for a trespass to such person if, (a) the chattel is impaired as to its condition, quality or value, or (b) the possessor is deprived of the use of the chattel for a substantial time, or (c) bodily harm is thereby caused to the possessor or harm is caused to some person or thing in which the possessor has a |

| | |
|---|---|
| | legally protected interest." *Foley v. Town of Lee*, 871 F. Supp. 2d 39, 54 (D.N.H. 2012) (citation omitted). |
| **New Jersey** | "Trespass to chattel is a particular type of trespass whereby a person has intentionally interfered with another person's lawful possession of a chattel. See Restatement of Torts §§ 217 and 218." *Babino v. Borough of Oakland*, No. 2:13-CV-05302, 2015 WL 3440846, at *5 (D.N.J. May 28, 2015). |
| **New Mexico** | "The intention required to make one liable for trespass to a chattel is that he must have acted for the purpose of interfering with the chattel or with knowledge that a disturbance thereof is substantially certain to occur. Restatement, Torts, § 218, Comment (a)." *Texas-New Mexico Pipeline Co. v. Allstate Const., Inc.*, 1962-NMSC-026, ¶ 7, 70 N.M. 15, 17–18, 369 P.2d 401, 402. |
| **New York** | "To prevail on a claim of trespass to chattels, plaintiffs must prove the following four elements: (1) defendants acted with intent, (2) to physically interfere with (3) plaintiffs' lawful possession, and (4) harm resulted." *Biosafe–One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 368 (S.D.N.Y. 2009). |
| **Oregon** | Trespass to chattel lies where there is "[i]ntentional exercise of dominion or control over a chattel which interferes with the right of another to control it." *Scott v. Jackson Cty.*, 244 Or. App. 484, 260 P.3d 744 (2011) (citing Restatement Second of Torts § 222A). |
| **Pennsylvania** | "Pennsylvania courts have turned to the Restatement (2nd) of Torts § 217 (1965) in identifying the elements necessary to establish a trespass to chattels claim. See Pestco, Inc. v. Associated Products, Inc., 880 A. 2d 700, 708 (Pa. Super. 2005). Section 217 of the Restatement (Second) of Torts provides "[a] trespass to a chattel may be committed by intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another." *Coinmach Corp. v. Bellafonte Assocs., LP*, No. 09-CV-00526, 2009 WL 10685186, at *6 (M.D. Pa. May 20, 2009) |
| **Tennessee** | Trespass defined as "[i]ntentionally dispossessing another of another's chattel, or using or intermeddling with that chattel in the possession of another." *Holt v. Macy's Retail Holdings, Inc.*, 719 F. Supp. 2d 903, 914 (W.D. Tenn. 2010) (citing Restatement (Second) of Torts §§ 218-220). |
| **Virginia** | "A trespass to chattels occurs when one party intentionally uses or intermeddles with personal property in the rightful possession of another without authorization. One who commits a trespass to chattel is liable to the possessor of the chattel if the chattel is impaired as to its 'condition, quality, or value,' and must compensate the possessor for the loss of use of the item." *Johns v. Stillwell*, No. 3:07-CV-00063, 2009 WL 2390991, at *2 (W.D. Va. Aug. 4, 2009). |
| **Wyoming** | "'A dispossession of a chattel may be committed by intentionally (a) taking the chattel from another's possession without their consent; or (b) obtaining possession of a chattel from another through fraud or duress; or (c) barring the possessor's access to the chattel; or (d) destroying a chattel while in another's possession; or (e) taking the chattel into the custody of the law. Even a temporary appropriation of another's property may constitute a trespass to chattels.' *Sears v. Summit, Inc.*, 616 P.2d 765, 768–69 (Wyo.1980) (finding a landowner's one-day detention of construction equipment on his property constituted a trespass)." *Breen v. Pruter*, No. 14-CV-00081-F, 2015 WL 6163439, at *6 (D. Wyo. Aug. 6, 2015), aff'd, 679 F. App'x 713 (10th Cir. 2017). |
| **Examples of State Law Variations in the Elements of a Trespass to Chattels Claim** | |
| **Georgia** | "Georgia statute defines trespass as '[a]ny unlawful abuse of or damage done to the personal property of another constitutes a trespass for which damages may be |

| | |
|---|---|
| | recovered.'" *AT&T Mobility LLC v. Does 1-4*, No. 1:09-CV-00277-JOF, 2012 WL 13001387, at *3 (N.D. Ga. Mar. 29, 2012) (citing O.G.C.A. § 51-10-3). |
| **Hawaii** | "One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest." *Young v. Kraus*, No. 15-00383 LEK-KSC, 2016 WL 8730561, at *7 (D. Haw. Jan. 29, 2016), reconsideration denied, No. 15-00383 LEK-KSC, 2016 WL 1587217 (D. Haw. Apr. 19, 2016). |
| **Indiana** | Requires only that (1) defendant dispossessed the plaintiff of his or her chattel; (2) the defendant impairs the plaintiff's chattel in condition, quality of value by defendant; (3) the defendant deprived the plaintiff of the use of his or her chattel for a substantial time; or (4) the defendant harmed some other thing in which the plaintiff had a legally protected interest. *Coleman v. Vukovich*, 825 N.E. 2d 397, 407 (Ind. Ct. App. 2005) (citing Terrell v. Rowsey, 647 N.E. 2s 662, 666 (Ind. Ct. App. 1995). |
| **Mississippi** | To prevail on a claim of trespass to chattels, a plaintiff "must establish that there has been an unauthorized interference with his possession of personal property, or an unauthorized use of his personal property." *Awad v. United States*, No. 1:93CV376–D–D, 2001 WL 741638, at *6 (N.D. Miss. April 27, 2001). |
| **Examples of States that Require Actual Damages for Claim to be Actionable** | |
| **District of Columbia** | "[L]iability for trespass to chattels exists only on a showing of actual damage to the property interfered with." *Pearson v. Dodd*, 410 F.2d 701, 707 (D.C. Cir. 1969). |
| **Maine** | Yes. "One who commits a trespass to a chattel is liable to the possessor of the chattel if the chattel is impaired as to its condition, quality, or value." *Pearl Investments, LLC v. Standard I/O, Inc.*, 257 F. Supp. 2d 326, 354 (D. Me. 2003). |
| **Massachusetts** | "One who commits a trespass to chattels is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest." Smith v. Wright, 2013 Mass. App. Div. 24, *6 (Dist. Ct. 2013) (quoting Restatement, Second, Torts § 218 (1965). |
| **Ohio** | Yes. *CompuServe Inc. v. Cyber Promotions, Inc.*, 962 F. Supp. 1015, 1023 (S.D. Ohio 1997). |
| **Texas** | Requires wrongful interference with another's use or possession of property; (2) actual damage to the property or deprivation of the owner's use of the property for a substantial period of time. *Zapata v. Ford Motor Credit Co.*, 615 S.W. 2d 198, 201 (Tex. 1981). |
| **Washington** | "[T]he interest of a possessor of a chattel in its inviolability, unlike the similar interest of a possessor of land, is not given legal protection by an action for nominal damages for harmless intermeddlings with the chattel. Therefore, one |

| | who intentionally intermeddles with another's chattel is subject to liability only if his intermeddling is harmful to the possessor's materially valuable interest in the physical condition, quality, or value of the chattel, or if the possessor is deprived of the use of the chattel for a substantial time, or some other legally protected interest of the possessor is affected...." *Del Vecchio v. Amazon.com, Inc.*, No. C11-366RSL, 2012 WL 1997697, at *8 (W.D. Wash. June 1, 2012) (internal quotations and citations omitted). |
|---|---|
| **Examples of States Where Any Interference is Actionable** | |
| **Alabama** | "Because '[a] dispossession is always a trespass to the chattel, and subjects the actor to liability for at least nominal damages for the interference with the possession,'"*Poff v. Hayes,* 763 So. 2d 234, 239 (Ala. 2000) (quoting Restatement, § 222 cmt. a). |
| **Florida** | "[A]ny unlawful interference, however slight, with another's enjoyment of his or her personal property is a trespass, forcible dispossession being unnecessary as a rule." *Am. Fed'n of Labor-Cong. of Indus. Organizations v. City of Miami*, No. 07-22966-CIV, 2008 WL 11333331, at *9 (S.D. Fla. Sept. 4, 2008) (internal citations omitted). |
| **Iowa** | As to damages, "[t]he law infers, without proof of actual injury, some damages from every direct invasion of the ... property of another." 75 Am.Jur.2d Trespass § 157 (1991) (hereinafter "Trespass"). Thus, it is irrelevant that Sheridan has not offered proof of any damages, or loss in value. If a party cannot prove actual injury, the law entitles him to recover nominal damages. Id. at § 161.  *Sheridan v. City of Des Moines*, No. 4-00-CV-90024, 2000 WL 35626707, at *4 (S.D. Iowa Aug. 10, 2000). |
| **Examples of States With Statutes of Limitations of Two Years or Less** | |
| **Alaska** | Two (2) years.  Alaska Stat. § 09.10.070. |
| **Arizona** | Two (2) years.  Ariz. Rev. Stat. Ann. § 12-542. |
| **Hawaii** | Two (2) years.  Haw. Rev. Stat. Ann. § 657-7 (West). |
| **Indiana** | Two (2) years.  Ind. Code Ann. § 34-11-2-4 (West). |
| **Kansas** | Two (2) years.  Kan. Stat. Ann. § 60-513(a)(2) (West). |
| **Kentucky** | Two (2) years.  Ky. Rev. Stat. Ann. § 413.125 (West). |
| **Louisiana** | One (1) year.  La. Civ. Code art. 3492. |
| **Montana** | Two (2) years.  Mont. Code Ann. § 27-2-207(2) (West). |
| **Oklahoma** | Two years.  *See* Okla. Stat. tit. 12 § 95(3) (West). |
| **Pennsylvania** | Two (2) years.  42 Pa. Cons. Stat. §5524(3). |
| **Texas** | Two (2) years.  Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West). |
| **West Virginia** | Two (2) years.  W.Va. Code Ann. § 55-2-12(a) (West). |
| **Examples of States With Statutes of Limitations of More than Two Years** | |
| **Alabama** | Six (6) years.  Al. Code § 6-2-34(2). |
| **Arkansas** | Three (3) years.  Ark. Code Ann. § 16-56-105 (West). |
| **California** | Three (3) years.  Cal. Civ. Proc. Code § 338 (c) |
| **Colorado** | Three (3) years.  Colo. Rev. Stat. Ann. § 13-80-101(1)(h) (West). |

| | |
|---|---|
| **Connecticut** | Three (3) years.  Conn. Gen. Stat. Ann. § 52-577 (West); 2 years from discovery if by negligent, reckless or wanton conduct, with maximum three years from wrong.  Conn. Gen. Stat. Ann. § 52-584 (West). |
| **Delaware** | Three (3) years.  Del. Code Ann. tit. 10 § 8106 (West). |
| **District of Columbia** | Three (3) years.  D.C. Code Ann. § 12-301(2) (West). |
| **Florida** | "The statute of limitations on trespass to chattels and conversion in Florida is four years." *Bloom v. Miami-Dade Cty.*, No. 06-21879-CIV, 2010 WL 9499082, at *3 (S.D. Fla. Mar. 19, 2010), *aff'd sub nom. Bloom v. Alvereze*, 498 F. App'x 867 (11th Cir. 2012) (citing Fla. Stat. § 95.11(3)(h)). |
| **Georgia** | Four (4) years.  Ga. Code Ann. § 9-3-31 (West). |
| **Idaho** | Three (3) years.  Idaho Code Ann. § 5-218(3) (West). |
| **Illinois** | Five (5) years after cause of action accrues.  735 Ill. Comp. Stat. Ann. 5/13-205. |
| **Iowa** | Five (5) years.  Iowa Code Ann. § 614.1(4). |
| **Maine** | Six (6) years.  Me. Rev. Stat. Ann. 14 § 752. |
| **Maryland** | Three (3) years.  Md. Code Ann., Cst. & Jud. Proc § 5-101 (West). |
| **Massachusetts** | Three (3) years.  Mass. Gen. Laws Ch. 260 § 2A. |
| **Michigan** | Three (3) years.  Mich. Comp. L. Ann. § 600.5805(10). |
| **Minnesota** | Six (6) years.  Minn. Stat. Ann. § 541.05. |
| **Mississippi** | Three (3) years.  Miss. Code Ann. §15-1-49(1). |
| **Missouri** | Five (5) years.  Mo. Ann. Stat.  §516.120(4). |
| **Nebraska** | Four (4) years.  Neb. Rev. Stat. Ann. § 25-207. |
| **Nevada** | Three (3) years.  Nev. Rev. Stat. Ann. §11.190-(3)(c ) (West). |
| **New Hampshire** | Three (3) years.  N.H. Rev. Stat. § 508:4. |
| **New Jersey** | Six (6) years.  N.J. Stat. Ann. §2A:14-1. |
| **New Mexico** | Four (4) years.  N.M. Stat. Ann. § 37-1-4. |
| **New York** | Three (3) years.  N.Y. C.P.L.R. §214. |
| **North Carolina** | Three (3) years.  N.C. Gen. Stat. Ann. § 1-52(4) |
| **North Dakota** | Six (6) years.  N.D. Cent. Code Ann. § 28-01-16(4) (West). |
| **Ohio** | Four (4) years.  Ohio Rev. Code Ann. § 2305.09(B). |
| **Oregon** | Six (6) years.  Or. Rev. Stat. Ann. § 12.080 (West). |
| **Rhode Island** | Ten (10) years.  R.I. Gen Laws §9-1-13. |
| **South Carolina** | Three (3) years.  S.C. Code Ann. § 15-3-530. |
| **South Dakota** | Six (6) years.  S.D. Codified Laws § 15-2-13. |
| **Tennessee** | Three (3) years.  Tenn. Code Ann. § 28-3-105. |
| **Utah** | Three (3) years.  Utah Code Ann. § 78B-2-305. |
| **Vermont** | Three (3) years.  Vt. Stat. Ann. tit. 12 § 512(5). |
| **Virginia** | Five (5) years. *Dominion Res. Servs., Inc. v. 5K Logistics, Inc.*, No. 3:09-CV-315, 2009 WL 2461396 (E.D. Va. Aug. 7, 2009). |
| **Washington** | Three (3) years.  Wash. Rev. Code Ann. § 4.16.080(2). |
| **Wisconsin** | Six (6) years.  Wis. Stat. Ann. § 893.52 (West). |
| **Wyoming** | Four (4) years.  Wyo. Stat. Ann. §1-3-105(a)(iv)(B) (West). |