# EXHIBIT 4

R. Alexander Pilmer (SBN 166196)
Tanya L. Greene (SBN 267975)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile (213) 680-8500
Email: alexander.pilmer@kirkland.com
         tanya.greene@kirkland.com

Joseph A. Loy (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joseph.loy@kirkland.com

Attorneys for Defendant *Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHRISTINA GRACE and KEN POTTER, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>APPLE INC.,<br><br>            Defendant. | CASE NO. 5:17-CV-00551-LHK<br><br>**DEFENDANT APPLE INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES, SET TWO, INTERROGATORY NO. 14** |

**PROPOUNDING PARTY:**   PLAINTIFFS

**RESPONDING PARTY:**    DEFENDANT APPLE INC.

**SET NUMBER:**               TWO

Defendant Apple Inc. ("Apple") hereby submits its First Supplemental Responses and Objections to Plaintiffs' Interrogatories, Set Two, Interrogatory No. 14, including responses and objections to the Definitions and Instructions incorporated therein (collectively, the "Interrogatories"), as set forth below. Apple hereby designates these responses and objections as CONFIDENTIAL, pursuant to the parties' Stipulated Protective Order (ECF No. 61, the "Protective Order").

**INTERROGATORY NO. 14:**

On a per device basis (*e.g.*, iPhone 4, iPhone 4S, etc.), disclose all iOS 7-related performance testing information. Your answer should include all performance-related information regardless of whether an iOS 7 upgrade was ultimately offered for that specific device.

**RESPONSE TO INTERROGATORY NO. 14:**

Apple incorporates by reference its General Objections as if fully set forth herein. Apple objects to this Interrogatory as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case, including because it is not limited to a relevant time period or to the devices and versions of iOS at issue in this litigation, and because it purports to seek "all iOS 7-related performance testing information." Apple objects to this Interrogatory because the phrase "iOS 7-related performance testing information" is vague and ambiguous. Apple objects to this Interrogatory to the extent it is duplicative of other discovery served in connection with the above-captioned matter, including without limitation Request Nos. 7, 11, and 28 of Plaintiffs' First RFPs.

Subject to and without waiving its General or Specific Objections, Apple, pursuant to Rule 33(d), refers Plaintiffs to Apple's amended response to Request Nos. 7, 11, and 28 of Plaintiffs' First RFPs. More specifically, Apple has produced documents relating to its testing of iOS 6.1.3, iOS 7.0, iOS 7.1, iOS 7.0.3, and iOS 7.0.4 on iPhone 4 and 4S devices at documents Bates-stamped APL-GRACE_00169901 to APL-GRACE_00169913. Apple expressly reserves the right to supplement the response to this Interrogatory as necessary.

**GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated into each Specific Objection set forth above, as if fully set forth therein.

DEFENDANT'S FIRST SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO                1            CASE NO. 5:17-CV-00551-LHK
PLAINTIFFS' INTERROGATORIES, SET TWO

**CONFIDENTIAL**

1.       Apple's responses and objections to Plaintiffs' Interrogatories are made without waiving or intending to waive any of the following objections or rights: (a) the right to make evidentiary objections, including without limitation the right to object to competency, relevancy, materiality, privilege, and admissibility of evidence for any purpose in this or any other actions or subsequent proceedings; (b) the right to object to the use of any response that may be provided, or the subject matter thereof; (c) the right to object on any ground at any time to a demand for further responses or other discovery involving or relating to the subject matter of these Interrogatories; and (d) the right at any time to revise, correct, supplement, clarify, or amend the objections or responses to the Interrogatories if further factual developments or analysis warrant a modification or if additional information is obtained.  Instead, Apple makes all responses and objections with the intent of preserving all applicable rights, including these rights, and Apple objects to the Interrogatories to the extent that they purport to impose or infer a waiver of any right or objection by Apple.

2.       Apple's responses and objections to Plaintiffs' Interrogatories are based on information and documents presently available to Apple.  It is possible that future discovery and investigation may supply additional facts, information, or documents, add meaning to known facts, and establish entirely new factual conclusions and contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein.  Apple reserves the right to supplement these responses with any information that may come to Apple's attention in the future.

3.       Apple is responding to these Interrogatories as it interprets and understands them.  If Plaintiffs subsequently assert an interpretation of any Interrogatory that differs from Apple's understanding, Apple reserves the right to supplement the objections and/or responses herein, if appropriate.

4.       Apple objects to Plaintiffs' Interrogatories to the extent they seek information protected by the attorney-client privilege, work product doctrine, or any other available legal privileges or protections against discovery.  Apple objects, without limitation, to responding to Plaintiffs' Interrogatories to the extent they call for information reflecting communications with outside or in-

house counsel in response to this lawsuit. Any inadvertent disclosure of privileged information shall not be deemed to constitute a waiver of any privilege.

5. Apple objects to the Interrogatories to the extent they seek proprietary or confidential business information, trade secrets, or other sensitive information or documents. To the extent any such information is disclosed, it is subject to and shall be treated in accordance with the parties' Protective Order.

6. Apple objects to the Interrogatories to the extent that they seek to impose obligations that are beyond those required by the applicable Federal Rules of Civil Procedure or Civil Local Rules for the Northern District of California, or to the extent they purport to impose discovery obligations different from or beyond those to which the parties agreed in their Stipulation and Order Regarding Discovery of Electronically Stored Information and Paper Documents (ECF. No. 63, the "ESI Stipulation").

7. Apple objects to the extent that the Interrogatories seek private and confidential information of non-parties whose privacy is protected by the United States Constitution, all other state constitutions, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2522, 2701-2711, and/or all other applicable federal and state privacy laws. Apple is not authorized to and cannot waive third parties' statutory and constitutional privacy rights and will not respond to any Interrogatory or portion thereof to the extent it calls for information implicating such rights.

8. Apple objects to the Interrogatories to the extent that they are vague, ambiguous, and/or fail to describe with reasonable particularity the information or response requested.

9. Apple's responses and objections shall not be construed in any way as an admission that any statement made by Plaintiffs in these Interrogatories is either factually or legally binding upon Apple. Apple objects to the Interrogatories to the extent that they characterize facts, events, circumstances, or issues relating to the subject matter of this litigation.

10. Apple's objections to these Interrogatories do not serve as an admission by Apple that responsive information exists and otherwise would have been provided by Apple absent such objections.

11. Apple objects to the Interrogatories to the extent that they are overly broad or unduly burdensome, including but not limited to Interrogatories that are not limited in scope, or designate a time or scope that, in light of the relevant circumstances, is overbroad or is neither relevant nor proportional to the needs of this case. This includes, without limitation, Plaintiffs' definition of the "Relevant Time Period" as June 24, 2010 to the present.[1]

12. Apple objects to the Interrogatories to the extent that they purport to require Apple to respond on behalf of any person or entity other than Apple. Apple responds to these Interrogatories only on behalf of itself.

13. Apple objects to the Interrogatories to the extent that they purport to request information that is publicly or equally available to both Plaintiffs and Apple, already in the possession of Plaintiffs, and/or can be obtained with less burden or expense from another source, including sources that are publically available.

14. Apple objects to the Interrogatories to the extent that they fail to describe the information sought with reasonable particularity.

15. Apple objects to the Interrogatories to the extent that they assume facts not in evidence or that are false.

16. Apple objects to each Interrogatory to the extent that it is duplicative of other discovery requests made in this litigation.

17. Apple objects to the definitions of "APPLE," "YOU," and "YOUR" to the extent they seek to impose obligations on persons or entities not parties to this litigation and to the extent they seek to impose overly broad and unduly burdensome obligations on Apple to provide information in the possession, custody, or control of persons or entities not parties to this litigation. Apple objects to the definitions of "APPLE," "YOU," and "YOUR" as vague, ambiguous, and overly broad. Apple

---

[1] Plaintiffs' Interrogatories define the "Relevant Time Period" as January 1, 2010 to the present, but as reflected in the parties' ESI Stipulation, Plaintiffs have since changed that time period to be June 24, 2010 to the present. (*See* ECF. No. 63 at Section II.A.1, Preservation). Apple "does not agree that all ESI preserved pursuant to [] Section II is relevant and does not agree that all such ESI will be produced," (*id.* at Section II.A), nor does Apple agree that June 24, 2010 to the present is the relevant time period.

otherwise objects to the Instructions and definitions to the extent that they render the Interrogatories overbroad and unduly burdensome, and would require Apple to undertake unreasonably broad or burdensome efforts to provide responses.

18. Apple responds generally that its investigation of facts relevant to the above-captioned matter is ongoing. The foregoing responses are made to the best of Apple's present knowledge, information, and belief. Apple reserves the right to supplement, amend, or correct these responses, including as necessary after meeting and conferring with Plaintiffs.

19. To the extent Apple asserts a specific objection to a particular Interrogatory, Apple does not thereby waive these General Objections. To the extent that Apple objects to a particular Interrogatory but proceeds to respond to said Interrogatory, in whole or in part, Apple does not thereby waive any objection to that Interrogatory.

DATED: April 30, 2018

Respectfully submitted,
KIRKLAND & ELLIS LLP

 */s/ Tanay Greene*

R. Alexander Pilmer (SBN 166196)
Tanya L. Greene (SBN 267975)
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile (213) 680-8500
Email: alexander.pilmer@kirkland.com
          tanya.greene@kirkland.com

Joseph A. Loy (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joseph.loy@kirkland.com

Attorneys for Defendant *Apple Inc.*

**CERTIFICATE OF SERVICE**

On April 30, 2018, I caused the foregoing to be served via electronic mail upon counsel of record.

                                                */s/Adrienne J. Levin*
                                                Adrienne J. Levin