# EXHIBIT 6



Warren J. McCarty
wmccarty@caldwellcc.com
phone 214.888.4852
fax 214.888.4849
2101 Cedar Springs Road, Suite 1000
Dallas Texas 75201

June 6, 2018

*VIA EMAIL (jlerner@durietangri.com)*
Josh Lerner
217 Leidesdorff Street
San Francisco, CA 94111

RE: *Grace, et al. v. Apple Inc.*, Case No. 5:17-cv-00551-LHK-NC

Dear Mr. Lerner:

I write concerning deficiencies in Apple's supplemental response to Plaintiffs' Second Set of Interrogatories served in the above-referenced litigation. Apple's response to Interrogatory No. 14 is deficient. I understand that you have taken over other discovery disputes since your appearance in this case in May, and as such, I write to request that Apple supplement its discovery response to come into compliance with the Federal Rules of Civil Procedure and its discovery obligations in this case.

*Interrogatory No. 14.* Interrogatory No. 14 requests that Apple disclose "all iOS 7-related performance testing information" on a per device basis "*regardless* of whether an iOS 7 upgrade was ultimately offered for that specific device." This request was served nearly five months ago. The deadline for responding to this Interrogatory was nearly four months ago. Apple's original response was plainly deficient—it invoked Fed. R. Civ. P. 33(d) but did not reference any actual documents or records. After Plaintiffs requested supplementation, (*see* 4/26 McCarty email), Apple served a supplement on April 30th. This supplemental response fairs only marginally better than the original—it identified documents—but it remains deficient and supplementation is again required. Plaintiffs request that Apple immediately (1) supplement its response to Interrogatory No. 14, and (2) its corresponding document production, to address the following issues.

***First***, Apple's supplemental response fails to adequately disclose the information requested by the Interrogatory. As you know, no written explanation is provided in response to this request. Apple has instead identified twelve documents under Rule 33(d). All but one of these documents are bare code files.  The one non-code file is an excel file with approximately 50,000 ambiguous "Benchmark Test" entries. Despite its size, this excel document fails to disclose the requested information in any meaningful, cognizable way. To properly invoke Rule 33(d), the interrogatory answer must be "readily ascertainable" from the documents and apparent from their face. *E&J Gallo Winery v. Cantine Rallo, S.p.A.*, No. 1:04 CV 5153 B, 2006 WL 3251830, at *3 (E.D. Cal. Nov. 8, 2006); *see also Matthews v. USAir, Inc.*, 882 F. Supp. 274, 275 (N.D.N.Y. 1995) (reference to voluminous records inappropriate where documents "may or may not answer the interrogatory"). The voluminous fields of raw data—and the accompanying

June 6, 2018
Page | 2

source code—are not self-explanatory. 

Apple must explain this information in a supplemental Interrogatory response. *Bowoto v. Chevron Corp.*, No. C-99-02506 SI, 2006 WL 2507454, at *3 (N.D. Cal. Aug. 29, 2006) (providing that a responding party "must explicitly describe the content of the relatively few documents that contain the requested information, and must describe the content of the remaining documents"). Apple alone is in the position to explain and interpret these documents because it created them—unlike Plaintiffs who are left guessing at how to interpret the code files and how to decipher the tens of thousands of cryptic entries in the excel file.

*Second*, even if Plaintiffs were to credit Apple's citation to code files and an excel spreadsheet as sufficient to address the Interrogatory as to the iPhone 4 and 4S devices (it is not), this information only answers one small piece of the request. "Your answer should include all performance-related information *regardless of whether an iOS 7 upgrade was ultimately offered for that specific device.*" (Plaintiffs' Interrogatory No. 14, with added emphasis). Apple's response—and the code files and spreadsheets to which it refers—omits any iOS 7-related performance testing for Apple devices that were not ultimately offered the upgrade.

(Apple's 2/28/18 Response to Interrogatory No. 16).

Because Apple's document production does not contain the information requested by Interrogatory No. 14, invoking Rule 33(d) is *per se* improper at this point. For example, Apple has not produced any performance testing documents related to the devices that ultimately did not receive an iOS 7 upgrade (such as the models identified above).

---

[1]

June 6, 2018
Page | 3


████████████████████████████████████

All of these performance documents are highly relevant and responsive to Plaintiffs' Interrogatory No. 14. Please confirm that (1) these documents exist; and if so, (2) produce them and supplement Apple's response to include citation by bates number. *Sun Microsys. Inc. v. Hynix Semiconductor Inc.*, No. C-06-01665 PJH (JCS), 2007 WL 1514876, at *2 (N.D. Cal. May 21, 2007) (requiring responses invoking Rule 33(d) to include BATES number). Our request is for Apple to immediately produce all documents related to performance testing for all versions of iOS 7 and for all iOS devices, including all older devices including those referenced by Apple in Interrogatory No. 16.

*Third*, Apple's response fails to identify any performance testing that shows if and how a device running iOS 7 is or is not affected by other factors, for example usage life, jailbreaking, or viruses. Please disclose and produce documents reflecting if and how other factors may affect performance, including documents related to if and how jailbreaking an Apple device affects performance and to any known viruses and malware that have actually affected performance on an iOS 7 devices. If no such documents exist, please confirm as much.

Please confirm that Apple will supplement its responses to Plaintiffs' Interrogatory No. 14 to address the deficiencies described above and provide a date certain by when Apple's supplementation will be complete. Please also immediately produce all non-iOS 7 device performance testing documents, including those documents relating to the devices referenced in Apple's response to Interrogatory No. 16. If Apple does not agree to supplement its discovery responses and document production in this case, please let me know that by Monday June 11th, and provide your availability to meet and confer on these issues.


Regards,

Warren J. McCarty