United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA GRACE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 17-CV-00551-LHK<br><br>**ORDER RE: MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 334, 335, 336, 337, 338, 339 |

Before the Court are the motions in limine of Apple, Inc. ("Apple"),[1] ECF Nos. 334, 335, 336; and the motions in limine of Plaintiffs, ECF No. 337, 338, 339. After reviewing the parties' briefing, the case law, and the record in this case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules as follows:

<u>Apple's Motions in Limine ("MIL")</u>

<u>MIL # 1</u>: Apple seeks to exclude all evidence and testimony regarding prior patent infringement lawsuits and verdicts against Apple.[2] ECF No. 334. Plaintiffs oppose. ECF No. 345.

---

[1] Both parties filed motions in limine, ECF Nos. 334, 336, 337, that exceeded the three-page limit that the Court imposed. ECF No. 307 ("Each motion in limine and opposition is limited to 3 pages."). Future filings that do not meet the applicable page limit will be stricken.
[2] Apple's notice of motion only discusses "evidence or argument concerning prior *patent*

1
Case No. 17-CV-00551-LHK
ORDER RE: MOTIONS IN LIMINE

United States District Court
Northern District of California

1 RULING: GRANTED. Specifically, the Court rules as follows.

2 Apple argues that evidence and testimony concerning prior patent infringement lawsuits and verdicts against Apple should be excluded. The only patent infringement lawsuits and verdicts that Plaintiffs suggest are relevant consist of a previous patent infringement lawsuit filed by VirnetX, Inc. ("VirnetX Action") in the Eastern District of Texas on August 11, 2010, *VirnetX, Inc. v. Apple, Inc.*, No. 10-cv-00417 (E.D. Tex.). ECF No. 334 at 5. However, if Plaintiffs open the door to this litigation, then Apple will be allowed to respond with all of the patent disputes between the parties. *Id.* According to Apple, evidence and testimony concerning the VirnetX Action is not "necessary to relate the allegations that form the basis of [Plaintiffs'] claims." *Id.* Further, Apple claims that the parties' patent disputes include four district court trials and three appeals, as well as *inter partes* reexaminations by the United States Patent and Trademark Office and appeals from those proceedings (the "VirnetX Litigation"). *Id.* Moreover, the 2012 trial verdict on which Plaintiffs are focused was vacated by the Federal Circuit, and some of the appeals between the parties are still pending, which further undermines the probative value of the VirnetX Litigation information. *Id.* at 4. Thus, delving into the VirnetX Litigation would require a "side trial." *Id.* Such a side trial would risk "misleading and confusing the jury." *Id.* Plaintiffs, by contrast, assert that Apple need not delve into the procedural history of the VirnetX Litigation because the ultimate resolution of the appeals does nothing to negate Apple's motives in breaking FaceTime or lessen the harm Apple caused to its own customers. ECF No. 345 at 3.

Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Under this standard, evidence and testimony concerning the VirnetX Litigation may be relevant, but only as background information.

Plaintiffs themselves concede that the VirnetX Action would only serve as background

---

*infringement verdicts* against Apple." ECF No. 334 at 2. However, the substance of the motion refers to both "lawsuits and verdicts." *Id.* at 3. The Court construes the motion in limine as seeking to exclude all evidence and testimony regarding patent infringement *lawsuits and verdicts*, not just patent infringement verdicts, against Apple.

2

information: Plaintiffs "do[] not assert any patent or patent-based claims against Apple (or anyone else), nor does this action require any review, reconsideration or re-litigation of the patent claims at issue in the VirnetX Action. Further, the findings in the VirnetX Action with respect to Apple's patent infringement *in no way dictate the outcome of this action*. Rather, the findings of patent infringement referred to herein merely constitute *background facts* comprising part of the sequence of events that caused Apple to break FaceTime for users running iOS 6 and earlier operating systems." ECF No. 36 ¶ n.16 (emphasis added).

"Evidence which is essentially background in nature . . . is universally offered and admitted as an aid to understanding" pursuant to Federal Rule of Evidence 401. Fed. R. Evid. 401 (advisory committee notes). However, evidence that is primarily background in nature may still be excluded "on the basis of such considerations as waste of time and undue prejudice," under Federal Rule of Evidence 403. *Id.* Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

In the instant case, evidence and testimony concerning the VirnetX Litigation is of minimum probative value because it merely constitutes "background facts" that underlie the instant case. ECF No. 36 ¶ n.16; *United States v. Boros*, 668 F.3d 901, 908 (7th Cir. 2012) ("Yet because background evidence about ancillary matters has only marginal relevance, it is more susceptible to exclusion under Rule 403's balancing of prejudice and probative value."); *Williams v. Sec. Nat'l Bank*, 358 F. Supp. 2d 782, 801 (N.D. Iowa 2005) (noting that evidence has "slight probative value as background information"); *see also Kakkis v. Provident Mut. Life Ins. Co. of Phil.*, No. CV 00–08297 DDP (JWJx), 2002 WL 34357203, at *2 (C.D. Cal. Oct. 7, 2002) (excluding "evidence of verdicts or judgments in other cases" when evidence had "minimum probative value" under Federal Rule of Evidence 403).

On the other hand, the VirnetX Litigation "would likely have a significant improper influence on the jury's determination of the issues in this case." *Whitewater West Indus., Ltd. v. Pac. Surf Designs, Inc.*, 3:17-cv-01118-BEN-BLM, 2019 WL 2211897, at *4 (S.D. Cal. May 22,

3

Case No. 17-CV-00551-LHK
ORDER RE: MOTIONS IN LIMINE

2019). Indeed, a "jury is likely to give a prior verdict against the same defendant more weight than it warrants. The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it." *United States v. Kealoha*, CR. NO. 17-00582 JMS-WRP, 2019 WL 2620004, at *5 (D. Haw. June 26, 2019) (internal quotation marks and citation omitted); *see also Engquist v. Or. Dep't of Agr.*, 478 F.3d 985, 1009 (9th Cir. 2007) ("Commentators agree that most courts forbid the mention of verdicts or damage amounts obtained in former or related cases." (citations omitted)).

Moreover, evidence and testimony concerning the VirnetX Litigation "is likely to give rise to time-consuming tangents about the merits of those trials." *Marez v. Bassett*, CV 06–0118 ABC (RCx), 2011 WL 13213813, at *3 (C.D. Cal. Oct. 3, 2011). This is particularly so in light of the fact that the procedural history of the VirnetX Litigation, which involves four district court trials and three appeals, as well as *inter partes* reexaminations by the United States Patent and Trademark Office and appeals of those proceedings, is complex and long-running. Moreover, the 2012 trial verdict on which Plaintiffs are focused was vacated by the Federal Circuit, and some of the appeals between the parties are still pending, which further undermines the probative value of the VirnetX Litigation information.

The Court finds that the probative value of the prior patent infringement lawsuits and verdicts is minimal and is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. The Court will not have a side trial on patent infringement and validity proceedings. Therefore, the Court GRANTS Apple's request to exclude all evidence and testimony regarding prior patent infringement lawsuits and verdicts against Apple. Instead, Plaintiffs may argue that Apple allegedly "broke" FaceTime to reduce Apple's patent royalty payments.

MIL # 2: Apple seeks to exclude all evidence or argument concerning the content of Apple's advertising and marketing of its FaceTime product. ECF No. 335. Plaintiffs oppose. ECF No. 346.

4

Case No. 17-CV-00551-LHK
ORDER RE: MOTIONS IN LIMINE

1  RULING: DENIED. Specifically, the Court rules as follows.

Apple argues that "Apple's advertising of FaceTime does not bear on whether Apple intentionally trespassed onto Plaintiffs' iPhone devices." ECF No. 335 at 3. Thus, according to Apple, the FaceTime advertising is "irrelevant." *Id.* Apple also claims that evidence concerning FaceTime advertising and marketing will prejudice the jury in two ways. First, such evidence would "effectively sneak an unasserted claim for false advertising into the trial." *Id.* Second, the content of the advertising could "inflame the jury's emotions against Apple in ways that have nothing to do with the case." *Id.* at 4.

Apple is incorrect. As Plaintiffs note, Apple's FaceTime advertising may be relevant for multiple reasons. First, in order to demonstrate harm resulting from trespass to chattel, Plaintiffs may seek to show that Apple "impaired the condition, quality, or value of [Plaintiffs'] personal property." *Fields v. Wise Media, LLC*, 2013 WL 5340490, at *4 (N.D. Cal. Sept. 24, 2013). Indeed, in the instant case, Apple has already argued that "Plaintiffs have not alleged a sufficient impairment to the 'condition, quality, or value' of their iPhone" to support a finding of trespass to chattel. ECF No. 65 at 20. However, the Court noted that the fact "that FaceTime was heavily advertised by Apple as a function of the iPhone 4" cut against Apple's argument and supported a potential theory of impairment. *Id.* at 20–21. Statements by Apple in advertising materials about the extent to which FaceTime was a valuable feature are thus potentially relevant to Plaintiffs' ability to show impairment of their iPhone devices. Second, Apple's FaceTime advertising may be relevant to Plaintiffs' damages theory. Indeed, Plaintiffs may rely on a decline in the resale value of their iPhone devices in order to demonstrate damages. Apple's advertising concerning the importance of FaceTime may support the theory that the resale value dropped.

Apple's other concerns are unavailing. In light of the bases of relevance outlined above, the Court cannot conclude that evidence of Apple's advertising will "necessarily sneak an unasserted claim for false advertising into the trial." ECF No. 335 at 3. If Apple believes that Plaintiffs seek to admit evidence for this improper purpose, Apple is free to object at the relevant time. Further, Apple's claims that admission of Apple's advertising will "inflame the jury's

5

Case No. 17-CV-00551-LHK
ORDER RE: MOTIONS IN LIMINE

emotions against Apple," *id.* at 4, do not substantially outweigh the probative value of the evidence. Apple's concerns are also countervailed by the fact that Apple widely disseminated the FaceTime advertising, and the FaceTime advertising is still publicly available. ECF No. 346 at 4.

Thus, the Court DENIES Apple's motion in limine to exclude all evidence or argument concerning the content of Apple's advertising and marketing of its FaceTime product.

MIL # 3: Apple seeks to exclude all testimony and evidence relating to Apple's wealth, financial resources, and profit information. ECF No. 336. Plaintiffs oppose. ECF No. 347.

RULING: DENIED. Specifically, the Court rules as follows.

Apple argues that Apple's wealth, financial resources, and profits "are not relevant to any issue in this case." ECF No. 336 at 2. Even if Apple's wealth, financial resource, and profits were relevant, Apple claims that the evidence would "improperly prejudice the jury against Apple or distract the jury from the issues in this case." *Id.* at 3.

Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In the instant case, Apple's wealth, financial resources, and profit information are relevant because Plaintiffs seek punitive damages. ECF No. 36 at 35. Under California Civil Code § 3294, punitive damages are appropriate when a plaintiff proves by "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. California courts have held that in determining the appropriate level of punitive damages, one factor "to be considered is the wealth of the particular defendant; obviously, the function of deterrence will not be served if the wealth of the defendant allows him to absorb the award with little or no discomfort." *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 928 (1978) (citation omitted); *see also Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998) ("[E]vidence of the net worth of the counterdefendants is crucial to the issue of punitive damages.").

Notwithstanding the foregoing, as other courts have observed, Apple "may be entitled to a

6

Case No. 17-CV-00551-LHK
ORDER RE: MOTIONS IN LIMINE

limiting instruction" with respect to evidence of Apple's wealth. *Conner v. Harrah's Operating Co., Inc.*, No. 3:08–cv–00633–RCJ–RAM, 2011 WL 3419500, at *4 (D. Nev. Aug. 2, 2011); *see also* Ninth Cir. Model Civ. J.I. 5.5 cmt. ("If punitive damages are available and evidence of the defendant's financial condition is offered in support of such damages, a limiting instruction may be appropriate."). By January 24, 2020, the parties should propose a sufficient limiting instruction, which the Court will then consider issuing to the jury.[3]

Apple claims that "[t]here is no basis for punitive damages here," because "Plaintiffs cannot hope to prove 'oppression, fraud or malice' by clear and convincing evidence in this case." ECF No. 336 at 5. However, a "motion in limine is not a substitute for summary judgment and is not the appropriate venue to determine whether [the defendant] has sufficient evidence to succeed on its defense." *Mims v. Federal Express Corp.*, 2015 WL 12711651, at *3 (C.D. Cal. Jan. 15, 2015). "Although district courts have broad discretion in ruling on motions in limine, courts must be careful not to use them to resolve factual disputes or to weigh evidence." *Id.* at *1. Apple's argument that Plaintiffs "cannot hope to prove" the punitive damages elements would require the Court to weigh evidence and is therefore improper in the context of a motion in limine.

Thus, the Court DENIES Apple's motion in limine to exclude all testimony and evidence relating to Apple's wealth, financial resources, and profit information. The Court ORDERS the parties to jointly propose a limiting instruction for the Court's consideration by January 24, 2020.

Plaintiffs' Motions in Limine ("MIL")

MIL # 1: Plaintiffs seek to exclude argument, evidence, or testimony relating to the alleged motivations or the integrity of Plaintiffs' counsel. ECF No. 337. Apple does not oppose. ECF No. 342.

---

[3] Plaintiffs assert that evidence of Apple's wealth may also be relevant to Plaintiffs' claim for equitable restitution under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. However, this claim is "equitable in nature" and is therefore for the Court to decide, not the jury. *See Netlist, Inc. v. Diablo Techs., Inc.*, No. 13-cv-5962 YGR, 2015 WL 1887261, at *3 (N.D. Cal. 2015) ("Because a UCL claim is equitable in nature, the Court, rather than a jury, must decide whether there was a UCL violation.").

RULING: GRANTED.

Apple does not oppose the motion. Instead, Apple states that "it does not intend to attack the integrity of any Class Counsel before the jury, accuse them of engaging in any unscrupulous conduct or violating any order or law, or comment on their credibility as individuals or law firms." ECF No. 342 at 1.

The Court agrees with Plaintiffs that the introduction of evidence, argument, or testimony about the motivations of Plaintiffs' counsel would be irrelevant to the merits of the instant action and would therefore not be admissible. *See* ECF No. 337 at 4. Specifically, Federal Rule of Evidence 402 prohibits the introduction of irrelevant evidence. Fed. R. Evid. 402. Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Other courts within this district have similarly excluded testimony or argument about counsel. *See, e.g.*, *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-CV-05236-PSG, 2014 WL 12695908, at *6 (N.D. Cal. Mar. 10, 2014) ("The court will not permit any reference or attacks on litigation counsel or reference motives of any counsel or firm in this case."). "Attacks on counsel are always inappropriate . . . ." *Smilovits v. First Solar, Inc.*, No. CV12-0555-PHX-DGC, 2019 WL 6698199, at *8 (D. Ariz. Dec. 9, 2019); *see Monterey Bay Military Hous., LLC v. Pinnacle Monterey LLC*, No. 14-cv-03953-BLF, 2015 WL 4593439, at *4 ("As to attacks on counsel and auditors, the Court GRANTS Plaintiffs' motion with respect to attacks on counsel . . . ."); *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-05236-PSG, 2014 WL 12695908, at *6 (N.D. Cal. Mar. 10, 2014) ("The court will not permit any reference or attacks on litigation counsel or reference motives of any counsel or firm in this case.").

Thus, the Court GRANTS Plaintiffs' motion in limine to exclude argument, evidence, or testimony relating to the alleged motivations or the integrity of Plaintiffs' counsel.

MIL # 2: Plaintiffs seek to exclude argument, evidence, or testimony relating to Caldwell Cassady

1   & Curry's ("CCC") representation of VirnetX. ECF No. 337. Apple only opposes in the event

2   that the Court denies Apple's first MIL. ECF No. 343.

3   RULING: GRANTED. Specifically, the Court rules as follows.

4   As outlined *supra*, the Court GRANTS Apple's first MIL. Because the Court excludes all evidence and testimony regarding prior patent infringement lawsuits and verdicts against Apple, the Court naturally also excludes all evidence and testimony regarding CCC's role in those lawsuits. As the Court granted the Apple's first MIL, Apple does not oppose Plaintiffs second MIL. ECF No. 343 at 3.

9   Thus, the Court GRANTS the motion in limine to exclude argument, evidence, or testimony relating to CCC's representation of VirnetX. ECF No. 337.

12  MIL # 3: Plaintiffs seek to exclude evidence, argument, or testimony regarding the ability of Plaintiffs or Plaintiffs' counsel to seek attorney's fees and costs. ECF No. 339. Apple does not oppose. ECF No. 344.

15  RULING: GRANTED. Specifically, the Court rules as follows.

16  Federal Rule of Evidence 402 prohibits the introduction of irrelevant evidence. Fed. R. Evid. 402. Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

20  In the instant case, Plaintiffs seek attorney's fees and costs under California Code of Civil Procedure § 1021.5, which permits the court to "award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest." Cal. Code Civ. Proc. § 1021.5. As other courts have explained, "Plaintiff's demand for attorney's fees is irrelevant during trial." *Moghaddam v. Jaguar Land Rover N.A., LLC*, No. CV 17-3716-MWF (AJWx), 2018 WL 6003579, at *2 (C.D. Cal. Sept. 19, 2018); *see Lin v. KIA Motors Am., Inc.*, SACV 11-01662-JVS (SHx), 2013 WL 12129608, at *2 (C.D. Cal. Jan. 22, 2013) (explaining that the issue of attorney's fees "has no

9

place in a jury trial, especially where the Court, not the jury, decides the issue of fees").

Apple states that Apple does not oppose Plaintiffs' third MIL. ECF No. 344 at 2. Nevertheless, Apple states that Plaintiffs have no serious claim to such a fees award in this case because this is not a public interest litigation where Plaintiffs bear costs that are disproportionate to their stake in the outcome. *Id.* As Apple recognizes, an opposition to a MIL is not the appropriate vehicle for substantive arguments of this nature. *See, e.g.*, *Nat. Resources Defense Council v. Rodgers*, No. CIV-S-88-1658 LKK, 2005 WL 1388671, at *1 n.2 (E.D. Cal. June 9, 2005) ("Motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues.").

Thus, the Court GRANTS the motion in limine to exclude evidence, argument, or testimony regarding the ability of Plaintiffs or Plaintiffs' counsel to seek attorney's fees and costs. ECF No. 344.

Consequences for Violations of these Rulings

Violation of any of these motion in limine rulings may result in a reprimand in the presence of the jury, sanctions, and other consequences.

**IT IS SO ORDERED.**

Dated: January 15, 2020

_____
LUCY H. KOH
United States District Judge