1  ALLAN STEYER (Bar No. 100318)
   JILL M. MANNING (Bar No. 178849)
2  D. SCOTT MACRAE (Bar No. 104663)
3  **STEYER LOWENTHAL BOODROOKAS**
      **ALVAREZ & SMITH LLP**
4  235 Pine Street, 15th Floor
   San Francisco, CA 94104
5  Telephone: (415) 424-3400
   Facsimile: (415) 421-2234
6  asteyer@steyerlaw.com
   jmanning@steyerlaw.com
7  smacrae@steyerlaw.com

8
   CLIFFORD H. PEARSON (Bar. No. 108523)
9  DANIEL L. WARSHAW (Bar No. 185365)
   THOMAS J. NOLAN (Bar No. 66992)
10 ALEXANDER L. SIMON (Bar No. 305734)
11 **PEARSON, SIMON & WARSHAW, LLP**
   15165 Ventura Boulevard, Suite 400
12 Sherman Oaks, CA 91403
   Telephone: (818) 788-8300
13 Facsimile:  (818) 788-8104
   cpearson@pswlaw.com
14 dwarshaw@pswlaw.com
   tnolan@pswlaw.com
15 asimon@pswlaw.com

16 *Counsel for Plaintiffs and*
17 *the Class*

18            **UNITED STATES DISTRICT COURT**

19    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

20

21 CHRISTINA GRACE and KEN POTTER     CASE NO. 5:17-cv-00551-LHK-NC
   Individually and on Behalf of All Others
22 Similarly Situated,               **CLASS ACTION**

23             Plaintiffs,     **DECLARATION OF DANIEL L.**
                                    **WARSHAW IN SUPPORT OF MOTION**
24       vs.                    **FOR PRELIMINARY APPROVAL OF**
                                    **CLASS ACTION SETTLEMENT**
25 APPLE INC.,

26             Defendant.

27

28

Daniel L. Warshaw declares:

1.      I am an attorney duly admitted to practice before this Court.  I am a Partner at Pearson, Simon & Warshaw, LLP and appointed co-lead counsel for Plaintiffs and the Class.

2.      I am one of the attorneys principally responsible for the handling of this matter (the "Action") and was appointed by the Court as Class Counsel.  I am personally familiar with the facts set forth in this declaration.  If called as a witness I could and would competently testify to the matters stated herein.

3.      Attached hereto as Exhibit 1 is a true and correct executed copy of the Settlement Agreement between Plaintiffs and Apple, Inc.  Attached to the Settlement Agreement is the Email Notice, Long-Form Notice, Postcard Notice, [Proposed] Order Granting Preliminary of Class Action Settlement and Application for Inclusion in the Class, as Exhibits A-E, respectively.

4.      On November 9, 2018, the parties attended an all-day mediation session before the Honorable William J. Cahill (Ret.), at JAMS in San Francisco.  The parties were unable to reach a settlement.

5.      On October 22, 2019, the parties returned to JAMS for a second mediation before Judge Cahill but were again unable to reach agreement on all terms of a settlement.

6.      After the second mediation, Judge Cahill engaged in extensive settlement discussions with each party but ultimately a settlement was not reached.

7.      On December 5, 2019, Magistrate Judge Cousins held an all-day settlement conference, but the parties were unable to resolve the Action.

8.      After extensive follow-up discussions, the parties attended a second in-person settlement conference with Magistrate Judge Cousins on January 16, 2020 that also failed to result in a settlement.

9.      Magistrate Judge Cousins continued conferring with the parties and, on January 31, 2020, made a mediator's proposal.

10.     On February 6, 2020, Magistrate Judge Cousins informed the parties that both parties had accepted the mediator's proposal.

11.     Plaintiffs served 65 Requests for Production, 43 Interrogatories, and 42 Requests

2

**DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1   for Admission on Apple.

2        12.   The parties engaged in extensive negotiations over search terms and ESI

3   production, resulting in 6 motions to compel, and Apple produced 1,025,596 pages of documents.

4        13.   Plaintiffs took seven depositions of Apple, including two Rule 30(b)(6) depositions,

5   and four depositions of non-parties.

6        14.   There were seven depositions of the parties' five experts.  Plaintiffs' experts, Dr.

7   Hastings and Dr. Jones, were deposed twice and once, respectively.  Apple's experts, Ms. Trexler

8   and Dr. Malhotra were each deposed once, and Dr. Rubin was deposed twice.

9        15.   Apple deposed both Class Representatives.

10       16.   Apple requested and the Court ordered (over Plaintiffs' objection), forensic

11  imaging of the Class Representatives' three iPhone 4 devices.  The Class Representatives

12  surrendered their devices for several months into the custody of a neutral third party, who

13  conducted forensic imaging consistent with the Court's Order.  The neutral third party produced

14  extensive data from the Plaintiffs' devices, including all data and information regarding FaceTime,

15  Wi-Fi use, Wi-Fi connection history, and Wi-Fi networks.  This production totaled over 370,000

16  files from within the Settings, Diagnostics, and Usages tabs, or otherwise related to the phone

17  settings in general.  Dkt. No. 154.

18       17.   Class Counsel secured satisfactory terms of settlement only after a thorough

19  investigation of the factual and legal issues raised in this Action.

20       18.   Drawing upon their considerable experience and expertise, Class Counsel

21  negotiated and evaluated the Settlement and ultimately determined that the Settlement provided

22  significant and substantive relief to the Class in the face of significant litigation risks.

23       19.   During the pendency of this litigation, Class Counsel, among other things:

24       •   Identified and investigated Apple's conduct in causing the alleged FaceTime Break,

25           which included significant research on the technical aspects on how FaceTime

26           worked and was broken, Apple's representations and conduct related thereto, and

27           the merit of potential legal claims related to Apple's conduct;

28

**DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

- Drafted a complaint and subsequently, in response to Apple's motion to dismiss, an amended complaint;

- Overcame Apple's second motion to dismiss, which required extensive legal research and briefing on complex issues such as Article III standing and the legal sufficiency of Plaintiffs' trespass to chattels and Unfair Competition Law causes of action;

- Undertook extensive, hotly contested discovery, which included seeking and defending numerous motions to compel, managing the Court-ordered forensic imaging of Plaintiffs' devices by a third-party neutral; preparing for and taking the depositions of key fact and 30(b)(6) witnesses; and defending Plaintiffs' depositions;

- Obtained necessary sales data from third parties by subpoena after comprehensive negotiations in order to prepare a damages model;

- Retained experts to opine on merits and damages issues, and prepared multiple expert reports;

- Deposed Apple's experts;

- Obtained certification of a California Class, which required in-depth legal research and briefing on predominance, choice of law, damages, and other issues related to the Class;

- Successfully opposed a potentially dispositive motion for summary judgment;

- Participated in four in-person mediation sessions and numerous follow-up discussions, including extensive and prolonged negotiations regarding the terms of the Settlement Agreement, notice to the class, and claims administration; and

- Prepared for trial, which included filing and responding to motions *in limine*, drafting, negotiating, and filing proposed jury instructions, a verdict form, and *voir dire*, and planning, preparing, and filing exhibit lists and proposed findings of fact and law.

20.   The Settlement resulted from extensive, arm's-length negotiations with two

**DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1  experienced and well-respected jurists and was reached following a mediator's proposal from a

2  Magistrate Judge.

3      21.     The Settlement Administrator will establish a Settlement Website and post the

4  operative complaint and answer, the Settlement Agreement, the Long-Form Notice, the

5  Preliminary Approval Order, Plaintiffs' Motion for Attorneys' Fees and Costs, a set of frequently

6  asked questions, information on how to object or request exclusion, and contact information of

7  Class Counsel and the Settlement Administrator.

8      22.     Class Counsel's estimated lodestar through February 2020 is $8,398,910.  The

9  maximum fee that Class Counsel will request, 30% of the Settlement fund, results in a "negative

10  multiplier" of 0.64.

11      23.     The two Class Representatives have actively participated in this litigation for more

12  than three years, including (i) reviewing the pleadings and responding to discovery requests, (ii)

13  surrendering their iPhone devices to a third-party neutral for forensic imaging for a period of

14  several months, (iii) preparing for and being deposed, (iv) conferring with Class Counsel during

15  mediation and settlement conferences, and (v) regularly consulting with Class Counsel regarding

16  the progress of the Action.

17      24.     Based upon the representations made to me by the Plaintiffs, Co-Class Counsel,

18  and Apple's counsel, the parties and their counsel do not have any affiliation with the proposed *cy*

19  *pres* recipient, the Rose Foundation, which the parties have agreed to use only in the event that *cy*

20  *pres* is selected pursuant to the Settlement Agreement as a mechanism for disposing of residual

21  funds.

22      25.     Epiq Systems, Inc., the proposed settlement administrator, estimates that it will cost

23  approximately $1.4 million to administer the Settlement.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

26.     Based upon my experience litigating class actions for over twenty years, in my view, the proposed Settlement is fair, reasonable and adequate.

I declare under penalty of perjury under the law of the United State of America that the foregoing is true and correct.

Executed on April 27, 2020, at Sherman Oaks, California.

*/s/ Daniel L. Warshaw*
_____
DANIEL L. WARSHAW

**DECLARATION OF DANIEL L. WARSHAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement" or "Agreement") is made as of April 17, 2020, by and between Christina Grace and Kenneth Potter, Jr. ("Plaintiffs" or "Class Representatives"), individually and as representatives of the "Settlement Class" as defined below, and Apple Inc. ("Apple," and together with Plaintiffs, the "Parties").

## DEFINITIONS

As used herein, the following terms have the meanings set forth below:

A.      "Action" shall mean the litigation styled *Christina Grace and Ken Potter, Individually and on behalf of all others similarly situated v. Apple Inc.*, Case No. 5:17-cv-00551-LHK-NC, filed in the United States District Court for the Northern District of California (the "Court").

B.      "Apple Counsel" shall mean Apple's counsel of record in this Action.

C.      "Application for Inclusion in the Class" shall mean the application form that a Settlement Class Member must complete to request membership in the Settlement Class if they did not receive notice that they are part of the Settlement Class based on Apple's company data, in the form attached hereto as Exhibit E.

D.      "Attorneys' Fee and Expense Payment" shall mean the amount of attorneys' fees and reimbursement of costs and expenses awarded to Class Counsel by the Court from the Settlement Fund.

E.      "Class Counsel" shall mean:

| | |
|---|---|
| Jill M. Manning, on behalf of Steyer Lowenthal Boodrookas Alvarez & Smith LLP 235 Pine Street, 15th Floor San Francisco, CA 94104 (415) 421-3400 jmanning@steyerlaw.com | Daniel L. Warshaw, on behalf of Pearson, Simon & Warshaw, LLP 15165 Ventura Blvd., Suite 400 Sherman Oaks, CA 91403 (818) 788-8300 dwarshaw@pswlaw.com |
| David F.E. Tejtel, on behalf of Friedman Oster & Tejtel PLLC 493 Bedford Center Road, Suite 2D Bedford Hills, NY 10507 (888) 528-1108 dtejtel@fotpllc.com | John Austin Curry, on behalf of Caldwell Cassady & Curry 2121 N. Pearl Street, 12th Floor Dallas, Texas 75201 (214) 888-4848 acurry@caldwellcc.com |

F.    "Class Member" shall mean customers who owned one or more non-Jailbroken Apple iPhone 4 or Apple iPhone 4S devices running iOS 6 or an earlier operating system as of April 16, 2014, and who were in California on that date.

G.    "Class Payment" shall mean an equal share of the Net Settlement Fund for each device falling within the Court's definition of the Settlement Class.

H.    "Effective Date" means the first day after which all of the following events and conditions of this Settlement Agreement have occurred or have been met: (a) the Court has entered a Final Approval Order approving the Settlement, and (b) the Court has entered judgment that has become final ("Final") in that the time for appeal or writ of certiorari has expired or, if an appeal or writ of certiorari is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the judgment shall not become Final.  In the event of an appeal or other effort to obtain review, the Parties may agree jointly in writing to deem the Effective Date to have occurred; however, there is no obligation to agree to advance the Effective Date.

I.    "Email Notice" shall mean the Summary Notice of Class Action Settlement to be emailed to Class Members in connection with the Settlement, in the form attached hereto as Exhibit A, and as set forth in Section 6.2, below.

J.    "Final Approval Hearing" means the Court hearing where the Plaintiffs will request that the Final Approval Order be entered approving this agreement, and where Class Counsel will request that the Court approve the Fee, Cost, and Expense Award and the Service Awards.  The Final Approval Hearing must occur at least 35 days after the Objection and Exclusion Deadline, on such date as set by the Court.

K.    "Final Approval Order" means the judgment and order to be entered by the Court which approves the Settlement and sets the amounts of the Attorneys' Fee and Expense Payment and the Incentive Awards.

L.    "First Amended Class Action Complaint" means the First Amended Class Action Complaint filed in this Action.

M.    "Incentive Award" means the award sought by each Class Representative—and subsequently approved by the Court—in consideration for their service during the course of the Action.

N.    A "Jailbroken" iPhone is one where the user has intentionally removed programmed limitations in order to modify the iPhone device's functionality, run unauthorized applications, or otherwise change the iPhone device's performance.

O.    "Long-form Notice" means the long-form Notice of Class Action Settlement in the form attached hereto as Exhibit B, which will be available to Class Members on the Settlement Website or from the Settlement Administrator.

2

P.      "Net Settlement Fund" means the Settlement Fund, reduced by the sum of the following amounts: (1) the costs of notice and the costs of administering the settlement, as set forth in Section 6.4 below; and (2) any Attorneys' Fee and Expense Payment to Class Counsel, and any Incentive Award to the Class Representatives, as set forth in Sections 7.1 and 7.2 below.

Q.      "Notice Date" shall mean the date set forth in the Preliminary Approval Order for commencing the transmission of the Email Notice.

R.      "Objection" means the written notice that a Settlement Class Member may submit to the Court in order to object to the Settlement.

S.      "Objection and Exclusion Deadline" means the date by which a Settlement Class Member must submit an Objection to this Agreement to the Court or an Opt-Out Form to the Settlement Administrator. The Objection and Exclusion Deadline shall be 60 days after the Notice Date.

T.      "Objector" means a person or entity who submits an Objection.

U.      "Postcard Notice" means the Summary Notice of Class Action Settlement in the form of the postcard attached hereto as Exhibit C, to be mailed in accordance with Section 6.2.4 below.

V.      "Preliminary Approval Order" means the Court's order preliminarily approving the settlement and providing for notice to the Settlement Class.

W.      "Request for Exclusion" means that a Class Member can be excluded from the Settlement by submitting a written request to the Settlement Administrator containing their name, address, email address and if available, the serial number of the iPhone 4 or iPhone 4S.

X.      "Released Persons" shall mean Apple and each of its past or present directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, parents, subsidiaries, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, related companies, and divisions, and each of their predecessors, successors, heirs, and assigns.

Y.      "Releasing Persons" shall mean Plaintiffs and all Settlement Class Members, including any and all of their respective heirs, executors, administrators, or assigns.

Z.      "Settlement" or "Settlement Agreement" shall mean this agreement and the settlement and release described herein.

AA.   "Settlement Administrator" shall mean Epiq Systems, Inc. an independent settlement administrator.

BB.    "Settlement Class" or "Settlement Class Member" means all Class Members other than those excluded as defined below.  The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns; and all persons who validly request exclusion from the Settlement Class.

CC.    "Settlement Fund" means a non-reversionary cash fund total of $18,000,000.00 to be paid by Apple in accordance with the terms of this Settlement Agreement.

DD.    "Settlement Website" means a publicly accessible website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class with notice of and information about the proposed Settlement as well as submission of Applications for Inclusion in the Class and address verification.

## RECITALS

This Agreement is made for the following purposes and with reference to the following facts:

WHEREAS, on April 16, 2014, a certificate used for certain security features in Apple's iPhone devices expired.  As a consequence, iPhone 4 and iPhone 4S users who were running the iOS 6 operating system, or an earlier operating system version, were no longer able to use the FaceTime video calling functionality unless they updated their device's software to the then-current version of the iOS 7 operating system (the alleged "FaceTime Break").

WHEREAS, on February 2, 2017, plaintiff Grace filed the first complaint in the Action.  An Amended Complaint was filed on April 5, 2017 on behalf of both Plaintiffs. The Action alleged claims for trespass to chattels and violation of California's Unfair Competition Law by Apple related to the April 16, 2014 alleged "FaceTime Break." Plaintiffs alleged that updating their iPhone 4 and iPhone 4S devices' operating system to iOS 7 to restore FaceTime functionality had detrimental effects on the performance of those devices, leaving them with the choice of remaining without FaceTime functionality, restoring it at the cost of device performance, or purchasing a new device.

WHEREAS, the Court certified a plaintiff class consisting of "All owners of non-Jailbroken Apple iPhone 4 or Apple iPhone 4S devices in California who on April 16, 2014, had iOS 6 or earlier operating systems on their iPhone 4 or iPhone 4S devices."

WHEREAS, the Parties have investigated the facts and have analyzed the relevant legal issues regarding the claims and defenses asserted in this Action, including through significant motion practice and extensive fact and expert discovery.  The Parties also conducted two mediations before the Hon. William Cahill (Ret.), on November 9, 2018 and October 22, 2019, and further settlement conferences before the Hon. Nathanael Cousins on December 5, 2019 and January 16, 2020.

WHEREAS, Class Counsel and the Class Representatives believe that the claims asserted in the Action have merit and have examined and considered the benefits to be

4

obtained under this Settlement, the risks associated with the continued prosecution of this complex and potentially time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable and in the best interests of the Class Members.

WHEREAS, Apple has at all times denied and continues to deny any and all alleged wrongdoing or liability.  Specifically, Apple denies that it has committed any trespass to chattels, and that its conduct with respect to FaceTime on iPhone 4 and iPhone 4S devices, or with respect to the certificate that expired on April 16, 2014, violated the Unfair Competition Law or any other law.  Even so, taking into account the uncertainty and risks inherent in litigating this case through trial, Apple has concluded that continuing to defend this Action would be burdensome and expensive.

WHEREAS, the Parties desire to settle the Action in its entirety as to the Plaintiffs, the Settlement Class, and Apple with respect to all claims arising out of the facts underlying this Action.  The Parties intend this Agreement to bind Plaintiffs (both as the Class Representatives and individually), Apple, Class Counsel, and all members of the Settlement Class as defined herein.

WHEREAS, Plaintiffs alleged a nationwide class in the Complaint and the First Amended Class Action Complaint and moved to certify a nationwide class in their motion for class certification.  However, the court certified a California class only.

*WHEREAS, Class Counsel represent that they do not represent anyone other than plaintiffs Grace and Potter with claims against Apple regarding the FaceTime Break as alleged in the First Amended Class Action Complaint.

*WHEREAS, Class Counsel represent that they do not have an interest in any other litigation against Apple regarding the "FaceTime Break" as alleged in the First Amended Class Action Complaint; and

*WHEREAS, following extensive research, analysis and discussion, Class Counsel in this case believe that the statutes of limitations governing the timely filing of claims relating to FaceTime ceasing to function on April 16, 2014, have expired in many states, including but not limited to Texas, New York, Pennsylvania, Ohio, Georgia, North Carolina, Michigan, Arizona, Indiana, Maryland, Tennessee, and Virginia, and possibly Illinois, Arkansas, Iowa, and Nebraska.  Class Counsel does not intend for the preceding statement to abridge the rights of consumers in any state(s).

In light of the foregoing, for good and valuable consideration, the Parties, and each of them, hereby warrant, represent, acknowledge, covenant, and agree, subject to approval by the Court, as follows:

## 1. CONFIDENTIALITY

1.1     *Other than to a court in any case filing, the Parties, Class Counsel, and Apple Counsel agree that the terms of this Settlement Agreement and all associated documents, including the negotiations leading to the execution of the Settlement

Agreement and the Settlement Agreement itself, shall not be disclosed. This prohibition includes, but is not limited to, initiating publicity regarding the settlement, publications on any website of the amount of the settlement (with or without identifying information), and the submission of information to Jury Verdicts. The Parties intend this paragraph to prohibit the Parties, Class Counsel and Apple Counsel from discussing, answering questions about, promoting or publicizing the Settlement Agreement or its terms, or the negotiations leading to the Settlement Agreement, with anyone other than the Court, Class Members, or those individuals necessary to effectuate the terms of the Settlement Agreement. Furthermore, neither Apple, the named Plaintiffs, nor their counsel shall post about or discuss the Action or the settlement online or on social media. Notwithstanding the foregoing:

1) The Parties may respond to inquiries from the press and tell the public in general only that this Action "has been resolved between the parties" and refer to the Settlement Website.

2) The Parties may disclose the terms of the Settlement Agreement:

   a. Where required by law (e.g., income tax returns); and

   b. To accountants or other tax professionals for the purpose of preparing tax forms.

3) Class Counsel may list the Action on their law firm websites and publicity materials as a representative case along with a neutral and factual description of the subject matter of the Action agreed to by the Parties.

1.2 *The Parties will continue to comply with the Stipulated Protective Order in this Action, including paragraph 13 governing the return or destruction of any material produced under the Protective Order, and the certification that all Protected Material was returned or destroyed.

1.3 *It is expressly understood that Sections 1.1–1.2 set forth a substantial and material provision of the Agreement and an intentional breach of these sections will support a cause of action for breach of contract and will entitle the aggrieved parties to recover damages flowing from such breach specifically, including, but not limited to, damages in the sum of $25,000.00. It is expressly agreed that the non-exclusive damages set forth in this paragraph in the event of a breach are not a penalty but are fair and reasonable in light of the difficulty of proving prejudice to the Parties in the event of such a breach.

## 2. CONSIDERATION FOR SETTLEMENT AND CLASS PAYMENTS

2.1 <u>Settlement Fund.</u>  Apple's total financial commitment under this Agreement shall be $18,000,000.00. Within 60 days after the Effective Date, Apple shall transfer $18,000,000.00 into an account established by the Settlement Administrator for the Settlement Fund.

2.2     The Settlement Administrator shall agree to hold the Settlement Fund in an interest-bearing account and administer the Settlement Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined in Treasury Regulation § 1.468B-1 *et seq*.  Any taxes owed by the Settlement Fund shall be paid by the Settlement Administrator out of the Settlement Fund.  The interest earned in the aforementioned account shall be added to the Settlement Fund.

2.3     <u>Disposition of the Settlement Fund</u>.  The Settlement Fund shall be applied as follows:

(1)     to pay the costs of notice and the costs of administering the Settlement, as set forth in Section 6.4 below;

(2)     to pay any approved Attorneys' Fee and Expense Payment to Class Counsel, and any Incentive Award to the Class Representatives, as set forth in Section 7.1 and 7.2 below; and

(3)     to distribute the Net Settlement Fund to Settlement Class Members as set forth in Section 2.4 below.

2.4     Settlement Class Members who meet the criteria set forth below in this Section 2.4 according to Apple company records shall receive one Class Payment for each qualifying iPhone 4 or iPhone 4S:

> All owners of non-jailbroken Apple iPhone 4 or Apple iPhone 4S devices who on April 16, 2014, had iOS 6 or earlier operating systems on their iPhone 4 or iPhone 4S devices, and who were in California at that time.

An otherwise-qualifying iPhone 4 and iPhone 4S device shall be presumed to be non-jailbroken unless it can be determined from existing records that it has been jailbroken.  If an individual was not identified as a Settlement Class Member according to Apple's company records and did not receive Email Notice or Postcard Notice, they may apply to become a Settlement Class Member via submission of a verified Application for Inclusion in the Class under Section 6.3 below.  The amount of the Class Payment shall be calculated no later than 30 days after the expiration of the time for the Settlement Administrator to complete review of any disputed Applications for Inclusion in the Class under Section 6.3 below.  The Class Payment shall be calculated based on the total number of people identified as Settlement Class Members from Apple's company records and the number of people who submitted approved Applications for Inclusion in the Class.

2.5     <u>Payment Process</u>.  Within 90 days of the Effective Date, the Settlement Administrator, subject to such supervision and direction of the Court and the Parties as may be necessary or as circumstances may require, shall distribute the Class Payments to Settlement Class Members.  The Settlement Administrator shall distribute the Class Payments by issuing and emailing a digital check to the

Settlement Class Members' email address as contained in Apple's company records or set forth on the Settlement Class Member's approved Application for Inclusion in the Class.  If Apple's company records do not contain a valid email address for the Settlement Class Member, and if the Settlement Class Member did not provide one using the Settlement Website or Application for Inclusion in the Class, the Settlement Administrator shall instead mail a physical check to the Settlement Class Members' mailing address as contained in Apple's company records or set forth on the Settlement Class Member's approved Application for Inclusion in the Class. The Class Payments shall state that they must be cashed or redeemed within 90 days of the date such Class Payments are emailed or mailed or the checks become void.

2.6     To the extent economically feasible, the Settlement Administrator shall follow up and communicate with Settlement Class Members who have not cashed their Class Payment checks within 60 days of the checks being mailed or emailed.

2.7     Following distribution of the Settlement Fund as set forth above, if checks attributable to Settlement Class Members remain uncashed after 210 days after the Class Payment is mailed or emailed pursuant to Section 2.5 above, the funds attributable to those individuals shall be used to pay any unanticipated additional costs of settlement administration as set forth in Section 6.4 below.  If necessary, the Parties shall thereafter confer on the distribution of any remaining unclaimed funds with resolution subject to Court approval.  If the Parties cannot reach a resolution, they shall brief the matter of what to do with any remaining unclaimed funds for the Court's decision.  Under no circumstances will settlement funds revert to Apple.

2.8     In the event that a determination is made pursuant to Section 2.7 above to pay unclaimed funds to a *cy pres* recipient, the Parties agree to engage the Rose Foundation, located at 201 4th Street, Suite 102, Oakland, California 94607, for purposes of managing the distribution of any *cy pres* funds and the selection of an appropriate *cy pres* recipient(s) whose work is closely related to the issues raised by this Action and/or furthers the objectives of this Settlement Agreement.  The Parties further agree, subject to Court approval, that any fees charged by the Rose Foundation will be paid exclusively from the Settlement Fund.

**3.     OBTAINING COURT APPROVAL OF THE AGREEMENT**

3.1     *Preliminary Approval*.   The Parties agree to recommend approval of the Settlement to the Court as fair and reasonable and to undertake their best efforts to obtain such approval.  Further, the Parties may not oppose any application for appellate review by one of the Parties in the event the Court denies preliminary or final approval.  The Parties therefore agree that Plaintiffs shall submit this Agreement, together with its exhibits, to the Court and shall apply for entry of a Preliminary Approval Order in the form attached as Exhibit D hereto.

3.2     *Class Counsel shall draft the motion requesting issuance of the Preliminary Approval Order and has provided that draft to Apple Counsel of record in the Action.  The motion shall be written in a neutral manner that does not contain inflammatory language about the Parties or their perceived conduct in the Action. Apple may provide feedback concerning the motion and Class Counsel will meet and confer with Apple in good faith regarding Apple's feedback.

3.3     Upon filing of the motion requesting issuance of the Preliminary Approval Order, Apple shall provide timely notice of such motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq*.

3.4     *Final Approval and Judgment.   In accordance with the schedule set in the Preliminary Approval Order, Class Counsel shall draft the motion requesting final approval of the Settlement, the Proposed Final Approval Order and the Proposed Final Judgment, and shall provide those drafts to Apple Counsel at least ten days before filing such motion with the Court.  Apple may provide feedback concerning the motion and Class Counsel will meet and confer with Apple in good faith regarding Apple's feedback.

3.5     In the event that the Settlement Agreement is not approved, or in the event its approval is conditioned on any modifications (including modifications to the proposed form and method of notice) that are not acceptable to Apple, then (a) this Settlement Agreement shall be null and void and of no force and effect, (b) any payments of the Settlement Fund and any and all interest earned thereon less monies expended toward settlement administration, shall be returned to Apple within 10 business days from the date the Settlement Agreement becomes null and void, and (c) any release shall be of no force or effect.  In such event, the Action will revert to the status that existed before the Settlement Agreement's execution date, the Parties shall each be returned to their respective procedural postures so that the Parties may take such litigation steps that they otherwise would have been able to take absent the pendency of this Settlement, and neither the Settlement Agreement nor any facts concerning its negotiation, discussion, terms or documentation shall be admissible in evidence for any purpose in this Action or in any other litigation.

## 4.     OBJECTIONS

4.1     Objections.  Any Settlement Class Member who has not submitted a timely written Request for Exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the Attorneys' Fee and Expense Award, or the Incentive Awards must comply with the following requirements.

4.2     Content of Objections.  All Objections and supporting papers must be in writing and must:

    (1)     Clearly identify the case name and number, *Grace et al. v. Apple Inc.*, Case No. 5:17-cv-00551-LHK-NC;

(2)    Include the full name, address, telephone number, and email address of the person objecting;

(3)    Include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); and

(4)    State whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and the grounds for the objection.

4.3    <u>Submission of Objections</u>.  Any Objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing to the Court.  If a Settlement Class Member does not submit a timely written Objection, the Settlement Class Member will not be able to participate in the Final Fairness Hearing.

4.4    <u>Deadline for Objections</u>.  Objections must be submitted by the Objection and Exclusion Deadline, which is 60 days after the Notice Date.

4.4.1    If submitted through ECF, Objections must be submitted on this date by 11:59 p.m. PST.

4.4.2    If submitted by U.S. mail or other mail services, Objections must be postmarked by the Objection and Exclusion Deadline.  The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an Objection and/or intention to appear has been timely submitted.  In the event a postmark is illegible or unavailable, the date of mailing shall be deemed to be three days prior to the date that the Court scans the Objection into the electronic case docket.

4.4.3    Settlement Class Members who fail to submit timely written Objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Agreement and the proposed Settlement by appearing at the Final Fairness Hearing, or through appeal, collateral attack, or otherwise.

4.5    <u>Attendance at Final Approval Hearing</u>.  Any Objector who timely submits an Objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the Objector's counsel.  Any Objector wishing to appear and be heard at the Final Approval Hearing must include a Notice of Intention to Appear in the body of the Objector's Objection.

4.6    <u>Objectors' Attorneys' Fees and Costs</u>.  If an Objector makes an Objection through an attorney, the Objector shall be solely responsible for the Objector's attorneys' fees and costs.

4.7    <u>*No Solicitation of Settlement Objections</u>.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit

written Objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

**5.      EXCLUSIONS**

5.1     <u>Requests for Exclusion</u>.  The Notice shall advise all Settlement Class Members of their right to exclude themselves from the Settlement.  This Settlement Agreement will not bind Class Members who exclude themselves from the Settlement.

5.2     <u>How to Request Exclusion</u>.  To request to be excluded from the Settlement, Settlement Class Members must timely submit a written Request for Exclusion. The Request for Exclusion must be sent by postal mail to the Settlement Administrator.

5.3     <u>Deadline to Request Exclusion</u>.  To be excluded from the Settlement, the completed Exclusion Form must be received by the Objection and Exclusion Deadline, which is 60 days after the Notice Date.  The Settlement Class Member must pay for Postage.

5.4     <u>Effect of Exclusion</u>.  Any person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to apply for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

5.5     <u>Exclusion List</u>.  No later than 14 days after the Objection and Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Apple Counsel with the number of persons and entities who have timely and validly excluded themselves from the Settlement.

**6.      SETTLEMENT ADMINISTRATION**

6.1     Apple will provide to the Settlement Administrator (but not to Class Counsel) the names, addresses, email addresses, and iPhone 4 and iPhone 4S serial numbers for all Class Members with respect to whom it has records.  The Settlement Administrator shall administer the notice described herein and pursuant to the Preliminary Approval Order.  The Settlement Administrator shall keep the Class Member identities and contact information strictly confidential and shall only use them for purposes of administrating this Settlement.

6.2     The Parties agree upon and will request the Court's approval of the following forms and methods of notice to the Settlement Class:

6.2.1   The Settlement Administrator shall establish and maintain the Settlement Website, www.graceclassaction.com.  The Settlement Website shall be optimized for viewing on both mobile devices and personal computers.  The Settlement Website will include the operative complaint and answer to that

complaint, this Agreement, the Long-form Notice, the Preliminary Approval Order, Plaintiffs' Motion for Attorneys' Fees and Costs, a set of frequently asked questions, information on how to object or request exclusion, and contact information for Class Counsel and the Settlement Administrator. The Settlement Website will also include a means for Class Members to electronically submit an Application for Inclusion in the Class.

6.2.2   The Settlement Administrator shall set up a toll-free telephone number (the "Toll-Free Number") through which Class Members can receive instructions for accessing settlement information and case documents.

6.2.3   The Settlement Administrator shall email to each Class Member for whom Apple has an email address a copy of the Email Notice substantially in the form attached hereto as Exhibit A. The Email Notice shall inform Class Members of the fact of the settlement and that settlement information is available on the Settlement Website or by calling the Toll-Free Number.

6.2.4   For Class Members for whom the above Email Notice is returned as undeliverable and for Class Members for whom there is not a valid email address on file, the Settlement Administrator shall mail to each Class Member for whom a mailing address can be located the Postcard Notice in the form attached hereto as Exhibit C, informing Class Members of the fact of the settlement and that settlement information is available on the Settlement Website or by calling the Toll-Free Number. All Postcard Notices returned by the U.S. Postal Service with a forwarding address will be re-mailed to the new address.

6.3   The Settlement Website shall include an Application for Inclusion in the Class that may be submitted by individuals who believe themselves to be Settlement Class Members but who have not received email or mail notice. The deadline to submit an Application for Inclusion in the Class shall be 60 days after Notice Date and shall be clearly stated on the Settlement Website. Individuals submitting the form ("Applicants") shall provide their name, address, email address, and serial number of the iPhone 4 or iPhone 4S for which they believe they are entitled to a Class Payment and shall state under penalty of perjury that they believe they meet the Settlement Class criteria. The Settlement Administrator shall use its best efforts in consultation with Apple to confirm whether the Applicant is a Settlement Class Member. If the Applicant is confirmed to be a Settlement Class Member, they shall be added to the Settlement Class and shall be entitled to a Class Payment under Section 2.4. The decision of the Settlement Administrator shall be final as to the determination of the Claimant's recovery, if any, for any iPhone 4 or iPhone 4S. The Settlement Administrator shall make best efforts to confirm or reject all Applications for Inclusion in the Class within 90 days of the Notice Date.

6.4   The Settlement Administrator has agreed to perform all settlement administration duties required by the Settlement Agreement at a cost not to exceed $1,406,119. The Settlement Administrator shall withdraw that amount from the Settlement Fund

to cover all costs and expenses related to the settlement administration functions to be performed by the Settlement Administrator, including the notice and claims administration process.  In the event that unanticipated costs and expenses arise in connection with the notice and/or claims administration process, such that they exceed the capped amount of $1,406,119, the Settlement Administrator shall promptly raise the matter with Apple Counsel and Class Counsel no later than 90 days after the first checks are mailed under Section 2.5.  If both Apple and Class Counsel, acting in good faith, agree that unanticipated costs and expenses justify an increase to the amount payable to the Settlement Administrator in excess the agreed-upon cap, then the amount in excess of the capped amount shall be paid for exclusively out of the Settlement Fund by way of any funds represented by checks that remain uncashed after 210 days, as contemplated under Section 2.7.  Apple shall under no circumstances be responsible for any costs of settlement administration in excess of its contribution to the Settlement Fund under Section 2.1.

6.5     The Email Notice, Postcard Notice, and the Long-form Notice shall provide information on the procedure by which Class Members may exclude themselves from the Settlement Class, or object to the Settlement.

6.6     No later than 75 days after the Notice Date, the Settlement Administrator shall give written notice to Apple and to Class Counsel of the total number of Class Members who have elected to exclude themselves from the Settlement Class.  If the number of Class Members who elect to exclude themselves from the Settlement Class exceeds the threshold agreed to by the Parties and confidentially submitted to the Court with the Preliminary Approval Motion, Apple, in its sole discretion, may elect to reject this Settlement, in which case the entire Settlement Agreement shall be null and void.  Alternatively, Apple may elect to waive this condition and proceed with the Settlement.  Any such waiver by Apple must be unambiguous and in writing.

## 7.     CLASS COUNSEL FEES AND EXPENSES, AND INCENTIVE AWARDS

7.1     *Class Counsel may apply for attorneys' fees not to exceed 30% of the total Settlement Fund and verified expenses not to exceed $1,100,000.  Apple, while recognizing that the Settlement may entitle Class Counsel to seek reasonable fees and expenses, reserves the right to object to and oppose Class Counsel's requests for Attorneys' Fees and Expenses.  The Settlement Administrator shall pay Class Counsel any Court-approved Attorneys' Fees and Expenses award no later than 90 days after the Effective Date.  Class Counsel shall provide Apple with the W-9 forms for the firms to receive the Attorneys' Fee and Expense Payment no later than 60 days after the Effective Date.

7.2     *Class Counsel may also apply for an Incentive Award of no more than $7,500 per Class Representative.  The Incentive Award is not a measure of damages whatsoever but is solely an award for the Class Representatives' service.  Apple, while recognizing that the Settlement may entitle Class Counsel to seek reasonable

incentive awards for the class representatives, reserves the right to object to and oppose Class Counsel's requests for incentive awards. For tax purposes, the Incentive Award will be treated as 100% non-wage claim payment. Class Counsel shall provide a Form W-9 for each Plaintiff receiving an Incentive Award within 60 days after the Effective Date. The Settlement Administrator shall issue an IRS Form Misc.-1099 for the Incentive Award payment to Plaintiff. The Settlement Administrator shall wire the Incentive Awards to accounts specified by Class Counsel no later than 90 days after the Effective Date.

7.3    *Apple shall not be liable for any additional fees or expenses of Plaintiff or any Settlement Class Member in connection with the Action. Class Counsel agree that they will not seek any additional fees or costs from Apple in connection with the Action or the settlement of the Action beyond the approved Attorneys' Fees and Expenses Award. Apple expressly agrees that it will not seek to recover its Court costs, attorneys' fees, or expenses once the Court enters a dismissal of the Action.

## 8.    RELEASES AND WARRANTIES

8.1    As of the Effective Date, each Settlement Class Member releases and forever discharges and covenants not to sue, and is permanently enjoined from suing, Apple, its past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers and assigns of each of the foregoing) from all claims, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising from or related to the facts underlying the Action (the "Released Claims").

8.2    Each Settlement Class Member expressly agrees that, upon the Effective Date, he, she, or it waives and forever releases any and all provisions, rights and benefits with respect to the Released Claims conferred by Section 1542 of the California Civil Code and any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Section 1542 of the California Civil Code reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

8.3    The amount of the Class Payment pursuant to this Agreement shall be deemed final and conclusive against all Settlement Class Members who shall be bound by all of the terms of this Agreement and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein.

8.4    All proceedings with respect to the administration and Class Payments to Settlement Class Members under this Settlement and the determination of all

14

controversies relating thereto, including disputed questions of law and fact with respect to the amount of such Class Payment, shall not in any event delay or affect the finality of the judgment entered with the Final Approval Order.

8.5 No person shall have any claim of any kind against the Parties or their counsel or the Settlement Administrator with respect to the matters set forth in part 6 hereof, or based on determinations or distributions made substantially in accordance with this Agreement, the Final Approval Order, the final judgment, or further order(s) of the Court.

## 9. APPLE'S DENIAL OF LIABILITY; AGREEMENT AS DEFENSE IN FUTURE PROCEEDINGS

9.1 Apple has indicated its intent to vigorously contest each and every claim in the Action and continues to vigorously deny all of the material allegations in the Action. Apple enters into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind. Apple nonetheless has concluded that it is in its best interests that the Action be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend the Action, the benefits of disposing of protracted and complex litigation, and the desire of Apple to conduct its business unhampered by the distractions of continued litigation.

9.2 Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Apple of the truth of any of the allegations in this Action, or of any liability, fault, or wrongdoing of any kind, nor as an admission or concession by Plaintiffs of any lack of merit of their claims against Apple.

9.3 To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Apple.

9.4 To the extent permitted by law, the Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for the Released Claims.

## 10. MISCELLANEOUS

10.1 *Extensions of Time. All time periods and dates described in this Settlement Agreement are subject to the Court's Approval. Unless otherwise ordered by the Court, the Parties through their counsel may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement. These time periods and dates may be changed by the Court or the Parties' counsel's written consent without notice to the Class Members.

10.2     *Integration.   This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

10.3     *Governing Law.  This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

10.4     *Gender and Plurals.  As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

10.5     *Survival of Warranties and Representations.  The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

10.6     *Representative Capacity.   Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

10.7     *Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

10.8     *Cooperation of Parties.  The Parties to this Agreement and their counsel agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

10.9     *Execution Voluntary.  This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing.  Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement. Accordingly, in any construction or interpretation to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties or their counsel.  The Settlement Agreement has been, and must be construed to have been, drafted by all Parties and their counsel, so that any rule that construes ambiguities against the drafter will have no force or effect.

10.10    *Notices.

         10.10.1     All Notices to Class Counsel provided for herein shall be sent by email and a hard copy sent by overnight mail to: Class Counsel as identified in Definition E.

16

10.10.2    All Notices to Apple provided for herein shall be sent by email and a hard copy sent by overnight mail to:  Joshua H. Lerner, Gibson, Dunn & Crutcher LLP, 555 Mission Street, Suite 3000, San Francisco, CA 94105-0921, jlerner@gibsondunn.com.

10.10.3    The notice recipients and addresses designated above may be changed by written notice pursuant to this Section.

10.11    *Modification and Amendment.  This Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by the Court.

10.12    *Any and all disputes arising from or related to the Settlement or this Agreement must be brought by Parties, Class Counsel, Apple Counsel and/or each member of the Settlement Class, exclusively in this Court.  The Parties, Class Counsel, Apple Counsel and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement or this Agreement.

*[Signatures on next page]*

      The Parties have agreed to the terms of this Settlement Agreement and have signed below.


Dated:  April 17, 2020              **CHRISTINA GRACE**

*Christina Grace*
Christina Grace (Apr 20, 2020)
_____
                            Christina Grace
                    *Plaintiff and Class Representative*


Dated:  April 17, 2020              **KENNETH POTTER, JR.**

*Ken Potter*
Kenneth Potter Jr. (Apr 20, 2020)
_____
                          Kenneth Potter, Jr.
                    *Plaintiff and Class Representative*


Dated:  April 17, 2020              **APPLE INC.**

_____
                            Noreen Krall
          Vice President, Chief Litigation Counsel
                    *Defendant Apple Inc.*

Class Counsel, on behalf of their respective firms, and Apple Counsel agree that the terms of this Settlement Agreement marked with an asterisk (*) operate to bind Class Counsel and Apple Counsel, and agree that as to the remainder of the Settlement Agreement, Class Counsel and Apple Counsel approve as to form and content.

Dated:  April 17, 2020                              **STEYER LOWENTHAL**
                                                    **BOODROOKAS ALVAREZ &**
                                                    **SMITH LLP**

                                                    *Jill M. Manning*
                                                    Jill M. Manning (Apr 20, 2020)
                                                    _____
                                                            Jill M. Manning

                                                    Jill M. Manning
                                                    STEYER LOWENTHAL
                                                    BOODROOKAS ALVAREZ & SMITH
                                                    LLP
                                                    235 Pine Street, 15th Floor
                                                    San Francisco, CA 94104
                                                    (415) 421-3400
                                                    jmanning@steyerlaw.com
                                                    *Class Counsel*

Dated:  April 17, 2020                              **PEARSON, SIMON & WARSHAW,**
                                                    **LLP**

                                                    *Daniel Warshaw*
                                                    Daniel Warshaw (Apr 20, 2020)
                                                    _____
                                                            Daniel L. Warshaw

                                                    Daniel L. Warshaw
                                                    PEARSON, SIMON & WARSHAW,
                                                    LLP
                                                    15165 Ventura Blvd., Suite 400
                                                    Sherman Oaks, CA 91403
                                                    (818) 788-8300
                                                    dwarshaw@pswlaw.com
                                                    *Class Counsel*

Dated:  April 17, 2020                    **FRIEDMAN OSTER & TEJTEL PLLC**


*David F.E. Tejtel*
<small>David F.E. Tejtel (Apr 21, 2020)</small>

David F.E. Tejtel

David F.E. Tejtel
FRIEDMAN OSTER & TEJTEL PLLC
493 Bedford Center Road, Suite 2D
Bedford Hills, NY 10507
(888) 528-1108
dtejtel@fotpllc.com
*Class Counsel*


Dated:  April 17, 2020                    **CALDWELL CASSADY & CURRY**


<small>John Austin Curry (Apr 21, 2020)</small>

John Austin Curry

John Austin Curry
CALDWELL CASSADY & CURRY
2121 N. Pearl Street, 12th Floor
Dallas, Texas 75201
(214) 888-4848
acurry@caldwellcc.com
*Class Counsel*

Dated:  April 17, 2020             **GIBSON, DUNN & CRUTCHER LLP**

Joshua H. Lerner

Joshua H. Lerner
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105
jlerner@gibsondunn.com
*Counsel for Apple Inc.*


Dated:  April 17, 2020             **DURIE TANGRI LLP**

Eugene Novikov

Eugene Novikov
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
enovikov@durietangri.com
*Counsel for Apple Inc.*

# EXHIBIT A

**If you own or owned a non-jailbroken Apple iPhone 4 or Apple iPhone 4S device that on April 16, 2014, had an iOS 6 or earlier operating system, and if you were in California on that date, you could get a payment from a class action settlement.**

**A settlement has been reached with Apple Inc. in a class action lawsuit** alleging that Apple Inc. ("Apple" or the "Defendant") interfered with "FaceTime" for iOS 6 and earlier operating systems on April 16, 2014.  The lawsuit alleges that this caused Apple's FaceTime feature to no longer work on Apple iPhone 4 or iPhone 4S devices unless users updated the operating system on their devices to the then-current iOS 7 release.  Apple denies all allegations of wrongdoing.

**You received this email because Apple's records indicate you may be a Class Member and entitled to receive a payment.**  The Court decided that the Class includes all owners of non-"jailbroken" Apple iPhone 4 or iPhone 4S devices who on April 16, 2014, had iOS 6 or earlier operating systems on their iPhone 4 or iPhone 4S devices, and who were in California on that date.  A "jailbroken" iPhone is one where the user has intentionally removed programmed limitations in order to modify the functionality of the iPhone, run unauthorized applications, or otherwise change the performance of the iPhone.

**What are your options?**

- **Stay in the Class and Receive a Settlement Payment.**  An $18 million settlement fund will be established.  If you are a Class Member, and you remain in the Class, you will receive a settlement payment if the Court grants final approval to the settlement.  You will give up the right to sue Apple in a separate lawsuit regarding the subject matter of the claims this settlement resolves.

  - If you received this notice from the Settlement Administrator, that means Apple has determined from its records that you may be a Class Member.  If you do nothing you will remain in the Class and automatically receive a digital check via email or physical check via U.S. Mail for your payment under the proposed settlement.  No further action is required on your part.

  - If you did not receive this notice from the Settlement Administrator (for example, if someone forwarded it to you), and you believe you are a Class Member, you must complete and submit a valid Application for Inclusion in the Class by [Month Day], 2020, in order to receive a payment under the proposed settlement.  Applications for Inclusion in the Class may be submitted online at www.graceclassaction.com.  All applications are subject to verification and validation.

- **Ask to be Excluded.**  If you decide to exclude yourself, you will keep the right to sue Apple in a separate lawsuit about the subject matter of the claims this settlement resolves, but you give up the right to get a payment from this settlement.  This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of the claims in this case.  Instructions for requesting to exclude yourself from the settlement can be found at www.graceclassaction.com.  Your exclusion request must be received by

==[Month Day]==, 2020.

- **Object to the Settlement.** If you do not exclude yourself from the settlement, you may object to it by writing to the Court about why you don't like the settlement. You may also attend the Court's Final Approval Hearing and ask the Court for permission to speak about your objection. Instructions for objecting and attending the hearing can be found at www.graceclassaction.com. Your objection must be filed or postmarked on or before ==[Month Day]==, 2020.

More detailed information, including the Settlement Agreement, is available at www.graceclassaction.com or by calling 1-==XXX-XXX-XXXX==.

This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.graceclassaction.com, by contacting Class Counsel (shown below), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

Jill M. Manning, Esq.
Steyer Lowenthal Boodrookas Alvarez &
Smith LLP
(415) 421-3400
jmanning@steyerlaw.com

John Austin Curry, Esq.
Caldwell Cassady & Curry LLP
(214) 888-4848
acurry@caldwellcc.com

Daniel L. Warshaw, Esq.
Pearson, Simon & Warshaw, LLP
(818) 788-8300
dwarshaw@pswlaw.com

David F.E. Tejtel, Esq.
Friedman Oster & Tejtel PLLC
(888) 529-1108
dtejtel@fotpllc.com

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you own or owned a non-jailbroken Apple iPhone 4 or Apple iPhone 4S device that on April 16, 2014, had an iOS 6 or earlier operating system, and if you were in California on that date, you could get a payment from a class action settlement.

*A court authorized this notice.  This is not a solicitation.*

- A settlement has been reached with Apple Inc. in a class action lawsuit alleging that Apple Inc. ("Apple" or the "Defendant") interfered with "FaceTime" for iOS 6 and earlier operating systems on April 16, 2014.  The lawsuit alleged that this caused Apple's FaceTime feature to no longer work on Apple iPhone 4 or iPhone 4S devices unless users updated the operating system on their devices to the then-current iOS 7 release.  Apple denies all allegations of wrongdoing.

- You may be included in this settlement as a "Class Member" and entitled to receive a payment if you owned a "non-jailbroken" Apple iPhone 4 or iPhone 4S device that, on April 16, 2014, ran iOS 6 or an earlier operating system, and if you were in California on that date.  The criteria to be a "Class Member" are defined more fully in the answer to Questions 5 and 6 below.

- Your rights are affected whether you act or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **STAY IN THE CLASS OR SUBMIT AN APPLICATION FOR INCLUSION IN THE CLASS**<br><br>DEADLINE: _____ | An $18 million settlement fund will be established.  If you received an email or mail notification from the Settlement Administrator about this lawsuit, that means that Apple has determined from its records that you may be a Class Member.  If you do nothing you will remain in the Class and automatically receive a digital or physical check for your payment under the proposed settlement.  If you participate in the settlement, you will give up the right to sue Apple in a separate lawsuit regarding the subject matter of the claims in this lawsuit. No further action is required. |
| | If you did not receive an email or mail notification from the Settlement Administrator about this lawsuit and you believe you are a Class Member, you must submit an Application for Inclusion in the Class.  If you submit an Application for Inclusion in the Class, you will give up the right to sue Apple in a separate lawsuit regarding the subject matter of the claims this settlement resolves. All applications are subject to verification and validation. |
| **ASK TO BE EXCLUDED**<br><br>DEADLINE: _____ | If you decide to exclude yourself from this settlement, you will keep the right to sue Apple in a separate lawsuit about the subject matter of the claims this settlement resolves, but you give up the right to get a payment from this settlement. |

| | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of the claims in this case. |
|---|---|
| **OBJECT TO THE SETTLEMENT DEADLINE:** <mark>_____</mark> | If you do not exclude yourself from the settlement, you may object to it by writing to the Court about why you don't like the settlement. |
| **GO TO A HEARING ON:** <mark>_____</mark> | You may object to the settlement and ask the Court for permission to speak at the Final Approval Hearing about your objection. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court overseeing this case still has to decide whether to approve the settlement.

- This Notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at wwwgraceclassaction.com, by contacting class counsel (contact info listed under Question 17 below), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ........................................................................................................PAGE 4
    1.  Why was this notice issued?
    2.  What is a class action?
    3.  What is this lawsuit about?
    4.  Why is there a settlement?

WHO IS INCLUDED IN THE SETTLEMENT? .................................................................. PAGE 5
    5.  How do I know if I am part of the settlement?
    6.  What does "jailbroken" mean?
    7.  I'm still not sure if I am included in the Class.

THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY ...........................PAGE 5
    8.  What does the settlement provide?
    9.  How much will my payment be?

HOW TO GET A PAYMENT? ..................................................................................................PAGE 6
   10.  How do I get a payment?
   11.  When would I get my payment?
   12.  What rights am I giving up to get a payment and stay in the class?
   13.  What are the Released Claims?

EXCLUDING YOURSELF FROM THE SETTLEMENT ......................................................PAGE 6
   14.  How do I request to be excluded from the settlement?
   15.  If I exclude myself, can I still get a payment from this settlement?
   16.  If I do not exclude myself, can I sue Apple for the same claims later?

THE LAWYERS REPRESENTING THE CLASS ...................................................................PAGE 7
   17.  Do I have a lawyer in this case?
   18.  How will the lawyers be paid?
   19.  May I get my own lawyer?

OBJECTING TO THE SETTLEMENT ...................................................................................PAGE 8
   20.  How do I tell the Court that I do not like the settlement?
   21.  What is the difference between objecting and asking to be excluded?

THE COURT'S FINAL APPROVAL HEARING ....................................................................PAGE 9
   22.  When and where will the Court decide whether to approve the settlement?
   23.  Do I have to come to the hearing?
   24.  May I speak at the hearing?

IF YOU DO NOTHING ..........................................................................................................PAGE 9
   25.  What happens if I do nothing at all?

GETTING MORE INFORMATION ........................................................................................PAGE 9
   26.  Are more details available?

QUESTIONS? CALL 1-XXX-XXX-XXXX OR VISIT WWW.GRACECLASSACTION.COM

# BASIC INFORMATION

## 1. Why was this notice issued?

A federal Court authorized this Notice because you have a right to know about the proposed settlement of this class action lawsuit and all of your options before the Court decides whether to approve the proposed settlement.  This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who can get them.

Judge Lucy H. Koh of the United States District Court for the Northern District of California (the "Court") is currently overseeing this case and will decide whether to approve the settlement.  The case is known as *Grace et al. v. Apple Inc.*, Case No. 17-CV-00551-LHK-NC.  The people who sued are called the Plaintiffs.  The company they are suing is Apple Inc., which is called the Defendant.

## 2. What is a class action?

In a class action, one or more people called "Class Representatives" (in this case, Christina Grace and Kenneth Potter, Jr.) sue on behalf of people who have similar claims.  All these people are a "Class" or "Class Members."  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 3. What is this lawsuit about?

Plaintiffs bring a claim for trespass to chattels.  "Chattels" is a word meaning personal property, as opposed to real estate.  Plaintiffs also bring a claim under California's Unfair Competition Law, Bus. & Prof. Code § 17200.

Apple designs, manufactures and markets the iPhone.  All iPhones, including the iPhone 4 and iPhone 4S, operate through a mobile operating system known as iOS.  The iPhone 4 was the first iPhone to offer a feature known as "FaceTime," which allows iPhone users to communicate via video calls.

Plaintiffs contend that on April 16, 2014, Apple allowed a security certificate in the iPhone to expire, with the result that FaceTime stopped working on their iPhone 4 and iPhone 4S devices running the iOS 6 operating system or an older version.  Apple came up with a way to restore FaceTime functionality to Plaintiffs and the Class Members' devices that required them to download a free software update to the then-current version of Apple's mobile operating system, iOS 7.1.  Plaintiffs contend that this particular update degraded the performance of their devices.  Plaintiffs contend that the resulting choice between not having FaceTime and degraded device performance caused their devices to diminish in value.

Plaintiffs contend that Apple intentionally caused FaceTime to stop working to save money.  They seek to recover damages for the diminution in value of their iPhones.

Apple maintains that it did nothing wrong, denies that it intentionally caused FaceTime to stop working, and denies that the FaceTime interruption was a trespass to Class Members' devices.  Apple also denies that iOS 7.1 performed poorly on iPhone 4 and iPhone 4S devices and contends that the iOS 7.1 update solved the FaceTime issue.  Apple asserts numerous defenses to the claims in this case.  The proposed settlement to resolve this litigation is not an admission of guilt or any wrongdoing of

any kind by Apple and it is not an admission by Apple of the truth of any of the allegations in this litigation.

## 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or Defendant. Instead, the Plaintiffs and Defendant agreed to a settlement.  This way, they avoid the cost, burden and uncertainty of a trial and the people allegedly affected can get benefits.  The Class Representatives and their attorneys think the settlement is best for all Class Members.

# WHO IS INCLUDED IN THE SETTLEMENT

## 5. How do I know if I am part of the settlement?

The Court has decided that everyone who fits the following description is a Class Member, and is thus included in the settlement:

All owners of non-jailbroken Apple iPhone 4 or Apple iPhone 4S devices who on April 16, 2014, had iOS 6 or earlier operating systems on their iPhone 4 or iPhone 4S devices, and who were in California on that date.

## 6. What does "jailbroken" mean?

A "jailbroken" iPhone is one where the user has intentionally removed programmed limitations in order to modify the functionality of the iPhone, run unauthorized applications, or otherwise change the performance of the iPhone.

## 7. I'm still not sure if I am included in the Class.

If you are still not sure whether you are included in the Class, you can visit the website www.graceclassaction.com, call toll-free 1-XXX-XXX-XXXX, or write to Grace v. Apple Class Action Administrator, P.O. Box XXXX, Portland, OR 97XXX-XXXX, for more information.

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

## 8. What does the settlement provide?

An $18 million Settlement Fund has been established by Apple in this settlement.  After deducting any Court-approved attorneys' fees and expenses, service awards, and the costs of settlement notice and administration, the net Settlement Fund will be made available to Class Members who Apple determines from its records are included in the Class, or who timely submit valid Applications for Inclusion in the Class.

## 9. How much will my payment be?

Final payments will be calculated based on the total number of non-jailbroken Apple iPhone 4 or iPhone 4S devices owned by the Class Members and the total number of valid Applications for

Inclusion in the Class.  Class Members may visit the settlement website www.gracesettlement.com for estimated payment amounts from the Settlement.

## HOW TO GET A SETTLEMENT PAYMENT

### 10. How do I get a payment?

If you received a notice by email or mail indicating that Apple has determined that you are a Class Member, and if you do nothing, you will remain in the class and automatically receive a digital check via email or a physical check via U.S. Mail for your payment under the proposed settlement.  No action is required on your part.

If you did not receive a notice by email or mail but believe that you are a Class Member, you must complete and submit a valid Application for Inclusion in the Class by [Month Day], 2020, in order to receive a payment under the proposed settlement.  Applications for Inclusion in the Class may be submitted online at www.graceclassaction.com.  All Applications for Inclusion in the Class are subject to verification and validation.

### 11. When would I get my payment?

The Court will hold a hearing at ___ on _____, 2020, to decide whether to grant final approval to the settlement.  If the Court approves the settlement, there may be objections.  It is always uncertain whether objections will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed to Class Members as soon as possible, if and when the Court grants final approval to the settlement.  The Court may also elect to move the Final Approval Hearing to a different date or time in its sole discretion, without providing further Notice to the Class.  The date and time of the Final Approval Hearing can be confirmed at www.graceclassaction.com.

### 12. What rights am I giving up to get a payment and stay in the class?

Unless you exclude yourself, you are staying in the Class.  If the settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you.  You won't be able to sue, continue to sue, or be part of any other lawsuit against Apple related to the subject matter of this lawsuit or the claims released by the Settlement Agreement.  The rights you are giving up are called Released Claims.

### 13. What are the Released Claims?

Generally, if and when the Settlement Agreement becomes final, Class Members will permanently release Apple Inc. (including its present or former affiliates, agents, attorneys, contractors, divisions, employees, holding companies, insurers, servants, shareholders, sister corporations, officers, directors, representatives, and successors) from claims relating to the April 16, 2014, FaceTime break or the certificate expiration that caused it.  The specific claims you will be releasing are described in more detail in paragraph 8.1 of the Settlement Agreement, available at www.graceclassaction.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Apple for any claim made in this lawsuit or released by the Settlement Agreement, and you do not want to receive a payment from this settlement,

you must take steps to get out of the settlement.  This is called excluding yourself or opting out of the settlement.

## 14. How do I request to be excluded from the settlement?

To exclude yourself, you must send a letter with the following information:
- Your name and address;
- A statement that you wish to be excluded from the Class in *Grace et al. v. Apple Inc.*, Case No. 17-CV-00551-LHK-NC; and
- Your signature.

You must mail your exclusion request to:

Grace v. Apple Exclusions<br>
P.O. Box XXXX<br>
Portland, OR 97XXX-XXXX

Your exclusion request must be received no later than [Month Day], 2020.

## 15. If I exclude myself, can I still get a payment from this settlement?

No.  If you exclude yourself, you are telling the Court that you don't want to be part of the Class in this settlement. You can only get a payment if you stay in the Class.  See Question 10.

## 16. If I do not exclude myself, can I sue Apple for the same claims later?

No.  Unless you exclude yourself, you are giving up the right to sue Apple regarding the subject matter of the claims that this settlement resolves.  You must exclude yourself from this lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against Apple.

## THE LAWYERS REPRESENTING THE CLASS

## 17. Do I have a lawyer in this case?

Yes.  The Court appointed the following attorneys to represent you as "Class Counsel":

Jill M. Manning, Esq.
Steyer Lowenthal Boodrookas Alvarez &
Smith LLP
(415) 421-3400
jmanning@steyerlaw.com

John Austin Curry, Esq.
Caldwell Cassady & Curry LLP
(214) 888-4848
acurry@caldwellcc.com

Daniel L. Warshaw, Esq.
Pearson, Simon & Warshaw, LLP
(818) 788-8300
dwarshaw@pswlaw.com

David F.E. Tejtel, Esq.
Friedman Oster & Tejtel PLLC
(888) 529-1108
dtejtel@fotpllc.com

QUESTIONS? CALL 1-XXX-XXX-XXXX OR VISIT WWW.GRACECLASSACTION.COM

You do not have to pay Class Counsel out of your own pocket.  If you want to be represented by your own lawyer and have that lawyer appear in court for you in this case, you may hire one at your own expense.

## 18. How will the lawyers be paid?

Class Counsel may ask the Court for an award of attorneys' fees not to exceed $5,400,000, expenses not exceed $1,100,000, and service awards to the Class Representatives not to exceed $7,500 each.  The Court will determine these amounts.  All of these amounts, as well as the costs associated with administering the settlement will be paid from the Settlement Fund before making payments to qualifying Class Members.

A copy of Class Counsel's Motion for Attorneys' Fees and Expenses and for Named Plaintiff Service Awards will be available at www.graceclassaction.com by [Month Day], 2020.

## 19. May I get my own lawyer?

If you are in the Class, you are not required to hire your own lawyer because Class Counsel is working on your behalf.  However, if you want your own lawyer, you may hire one at your own expense.

# OBJECTING TO THE SETTLEMENT

## 20. How do I tell the Court that I do not like the settlement?

If you are a Class Member, you can ask the Court to deny approval of the settlement by submitting an objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing.  If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number (*Grace et al. v. Apple Inc.*, Case No. 17-CV-00551-LHK-NC), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [Month Day], 2020.

## 21. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class (do not exclude yourself).  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you cannot object because the settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

| 22. When and where will the Court decide whether to approve the settlement? |
| --- |

The Court will hold a Fairness Hearing at ____ on _____, at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Courtroom 8, Fourth Floor, San Jose, CA 95113.  At this hearing, the Court will consider whether to approve the settlement; Class Counsel's request for attorneys' fees and expenses; and the service awards to the Class Representatives.  If there are objections, the Court will consider them. At the hearing, the Court will decide whether to approve the settlement.  The Court may elect to move the Final Approval Hearing to a different date or time in its sole discretion, without providing further Notice to the Class.  The date and time of the Final Approval Hearing can be confirmed at www.graceclassaction.com.

| 23. Do I have to come to the hearing? |
| --- |

No.  Class Counsel will answer any questions the Court may have.  However, you are welcome to come to the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but that is not necessary.

| 24. May I speak at the hearing? |
| --- |

Yes.  You may ask the Court for permission to speak at the Final Approval Hearing.

## IF YOU DO NOTHING

| 25. What happens if I do nothing at all? |
| --- |

If you are a Class Member and you do nothing, Apple will send a digital or physical check to the email or mailing address it has on file for you.  You will give up the rights explained in Question 13, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Apple related to the subject matter of this lawsuit or for any claims released by the Settlement Agreement.

## GETTING MORE INFORMATION

| 26. Are more details available? |
| --- |

Visit the website at www.graceclassaction.com, where you will find the Settlement Agreement and other related documents.  You may also call toll-free at 1-XXX-XXX-XXXX or write to Grace v. Apple Class Action Administrator, P.O. Box XXXX, Portland, OR 97XXX-XXXX.  Inquiries should NOT be directed to the Court.

# EXHIBIT C

<u>Legal Notice</u>                                                                                              <u>Legal Notice</u>

**A settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit** alleging that Apple Inc. interfered with "FaceTime" for iOS 6 and earlier operating systems on April 16, 2014.  The lawsuit alleges that this caused FaceTime to no longer work on Apple iPhone 4 or iPhone 4S devices unless users updated the operating system on their devices to the then-current iOS 7 release.  Apple denies all allegations of wrongdoing.

**You received this notice because Apple's records indicate you may be a Class Member.**  The Court decided that the Class includes all owners of "non-jailbroken" Apple iPhone 4 or Apple iPhone 4S devices who on April 16, 2014, had iOS 6 or earlier operating systems on their iPhone 4 or iPhone 4S devices, and who were in California on that date.

**What are your options?**  An $18 million settlement fund will be established.  If you received this notice in the mail, that means Apple has determined from its records that you may be a Class Member.  If you do nothing you will remain in the class and automatically receive a check via U.S. Mail for your payment under the proposed settlement. No further action is required on your part.  You will give up the right to sue Apple in a separate lawsuit regarding the subject matter of the claims this settlement resolves.

You may exclude yourself from the settlement by sending a letter asking to be excluded.  Instructions for making this request can be found at the website or by calling the toll-free number below.  Your exclusion request must be received by **[Month Day], 2020.**  This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of the claims in this case.

You may also remain in the Class but object to the settlement, and you may (but do not have to) attend the Court's Final Approval Hearing to speak about your objection.  Your objection must be filed or postmarked by **[Month Day], 2020.**  Instructions for sending or filing your objection and attending the hearing can be found at the website or by calling the toll-free number below.

**www.graceclassaction.com   •   1-XXX-XXX-XXXX**

Grace v. Apple Class Action
Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

**If you own or owned a non-jailbroken Apple iPhone 4 or Apple iPhone 4S device that on April 16, 2014, had an iOS 6 or earlier operating system, and if you were in California on that date, you could get a payment from a class action settlement.**

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882



Important Notice About a Class Action Lawsuit

**John Q. Public**
**123 Locust St.**
**Anytown, OH 00000-0000**

# EXHIBIT D

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

SAN JOSE DIVISION

10

11

12

13

14

15

16

17

| | |
|---|---|
| CHRISTINA GRACE and KEN POTTER, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>      vs.<br><br>APPLE INC.,<br><br>              Defendant. | CASE NO. 5:17-cv-00551-LHK-NC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Lucy H. Koh |

18

19

20

21

22

23

24

25

26

27

28

1    This matter before the Court is Plaintiffs' motion for preliminary approval of the proposed

2    class action settlement.  Plaintiffs, individually and on behalf of the proposed settlement class, and

3    Defendant have entered into a Settlement Agreement that, if approved, would settle the above-

4    captioned litigation (the "Action").  Having considered the motion, the Settlement Agreement

5    together with all exhibits and attachments thereto, the record in this matter, and the briefs and

6    arguments of counsel, the Court finds as follows: On May 7, 2020, this Court heard Plaintiffs

7    Christina Grace and Ken Potter's ("Plaintiffs") motion for preliminary approval of class

8    settlement.  This Court reviewed the motion, including the Settlement Agreement and supporting

9    declaration of Class Counsel.  Based on this review and the findings below, the Court finds good

10   cause to grant the motion.

11   **FINDINGS:**

12       **1.**     The Court has reviewed the terms of the proposed Settlement Agreement, the

13   exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declaration of

14   counsel.  Based on its review of these papers, the Court finds that the Settlement Agreement

15   appears to be the product of serious, informed, non-collusive negotiations conducted with the

16   assistance of United States District Court Magistrate Judge Nathanael Cousins and Judge William

17   H. Cahill (Ret.), over the course of several months.  The Court further observes that the Settlement

18   Agreement was entered into after almost three years of litigation, including a motion to dismiss,

19   extensive fact and expert discovery, contested discovery-related motion practice, a motion for

20   class certification, and a motion for summary judgment.  The terms of the Settlement Agreement

21   do not improperly grant preferential treatment to any individual within or segment of the

22   Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

23       **2.**     The Email Notice, Long-Form Notice and Postcard Notice (attached to the

24   Settlement Agreement as Exhibits A-C, respectively), and their manner of transmission are

25   reasonably calculated to adequately apprise class members of: (i) the pending lawsuit, (ii) the

26   proposed settlement, and (iii) their rights, including the right to either participate in the settlement,

27   exclude themselves from the settlement, or object to the settlement and thus comply with Rule 23

28   and the principles of due process.

3.      Pursuant to the Settlement Agreement, Apple Inc. ("Apple") has agreed to provide the requisite notice in compliance with 28 U.S.C. § 1715(b).

**IT IS ORDERED THAT:**

1.      **Settlement Approval.**  The Settlement Agreement, including the Email Notice, Long-Form Notice, Postcard Notice and Application for Inclusion in Class, attached to the Settlement Agreement as Exhibits A-C and E, respectively, are approved.[1]

2.      **Appointment of Settlement Administrator and the Provisions of Class Notice.** Pursuant to the Settlement Agreement, the Parties have designated Epiq Systems, Inc. as the Settlement Administrator.  The Settlement Administrator shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement. Defendant, through the Settlement Administrator, will notify Class Members of the settlement in the manner specified in paragraphs 6 *et seq*. of the Settlement Agreement.  Notice shall be disseminated no later than 30 days after the entry of this Order ("Notice Date").

3.      **Claim for Settlement Award.**  Class Members for whom Apple has contact information and who do not timely submit a valid request for exclusion, will automatically receive an electronic or paper settlement check.  Those Class Members who do not receive direct notice must complete an Application for Inclusion in the Settlement Class and submit it to the Settlement Administrator no later than 60 days after the Notice Date in order to be eligible to receive an award under the Settlement Agreement.

4.      **Objection to Settlement.**  Any Class Member who has not submitted a timely written Request for Exclusion pursuant to paragraph 6 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement must file a written objection with the Clerk of the Court no later than 60 days from the Notice Date ("Objection and Exclusion Deadline").  Any written objection must: (1) identify the case name and number, *Grace et al. v. Apple Inc.*, Case No. 5:17-cv-00551-LHK-NC; (2) include the full name, address, telephone

---

[1] Non-substantive changes, such as typographical errors, can be made to the notice documents and Application for Inclusion in Settlement Class by agreement of the Parties without leave of Court.

number, and email address of the person objecting; (3) include the full name, address, telephone number, and email address of the objector's counsel (if the objector is represented by counsel); and (4) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and the grounds for the objection.  Delivery, if submitted through ECF, must be completed by 11:59 p.m. PST on the day of Objection and Exclusion Deadline.  If submitted by U.S. mail or other mail services, the objection must be postmarked by the Objection and Exclusion Deadline.  In the event that a postmark is illegible or unavailable, the date of mailing shall be deemed to be three days prior to the date that the Court scans the Objection into the electronic case docket.

5.      **Failure to Object to Settlement.**  Class Members who fail to object to the Settlement Agreement in the manner specified above shall: (i) be deemed to have waived any objection to the Settlement Agreement; (ii) be foreclosed from making any objection to the Agreement and proposed Settlement by appearing at the Final Fairness Hearing; and (iii) be foreclosed from making any objection through appeal, collateral attack, or otherwise.

6.      **Requesting Exclusion.**  Class Members may elect to not be part of the Class and not be bound by this Settlement Agreement.  To request to be excluded from the Settlement, Class Members must timely submit a written request for exclusion.  The request for exclusion must be sent by postal mail to the Settlement Administrator.  To be excluded from the Settlement, the request for exclusion must be received by the Objection and Exclusion Deadline, which is 60 days after the Notice Date.  Any person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to apply for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

7.      **Certification of Settlement Class.**  The Court finds that the proposed Settlement Class definition is consistent with the Class previously certified (Dkt. No. 269) and therefore meets the requirements of Federal Rule of Civil Procedure 23 for the reasons set forth in the Order Granting in Part and Denying in Part Motion for Class Certification (Dkt. No. 269).  Class

1  Representatives Christina Grace and Ken Potter are appointed as Settlement Class Representatives
2  to implement the settlement in accordance with the Settlement Agreement.  Class Counsel Jill M.
3  Manning, Daniel L. Warshaw, David F.E. Tejtel, and John Austin Curry, on behalf of their firms,
4  shall continue to serve as Class Counsel.

5       **8.      Termination.**  If this Settlement Agreement terminates for any reason, this Action
6  will revert to its previous status in all respects as it existed immediately before the Parties executed
7  the Settlement Agreement.  This Order will not waive or otherwise impact the Parties rights or
8  arguments.

9       **9.      Motion for Fees, Expenses, or Service Awards:**  No later than 46 days after the
10  Notice Date, Plaintiffs shall file their Motion for Fees, Expenses, and Incentive Awards.  Plaintiffs
11  shall be permitted to file a reply to any objections to their request for fees, expenses, or service
12  awards on or before 35 days before the Fairness Hearing.

13       **10.     Final Approval Hearing.**  The Court will hold a Final Approval Hearing on
14  _____, 2020, at 1:30 p.m. in Courtroom 8, 4th Floor, of the Northern District of
15  California, 280 South 1st Street, San Jose, CA 95113.

16       **11.**     At the Final Approval Hearing, the Court will consider whether: (a) the Settlement
17  is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) a final
18  judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be
19  granted; and (e) the Service Payments sought for Settlement Class Representatives should be
20  awarded.

21       **12.**     The Court reserves the right to continue the date of the Final Approval hearing
22  without further notice to Settlement Class Members.

23       **13.**     If that occurs, the updated hearing date shall be posted on the Settlement Website.
24  Other than the Settlement Website posting the Parties will not be required to provide any
25  additional notice to Class Members.

26       **14.     Stay of Dates and Deadlines.**  All discovery and pretrial and trial proceedings and
27  deadlines are vacated until further notice from the Court, except for such actions as are necessary
28  to implement the Settlement Agreement and this Order.

For the reasons set forth above, the Court GRANTS Plaintiffs' motion for preliminary approval.

DATED:  May ___, 2020

_____

Hon. Lucy H. Koh
United States District Court Judge

# EXHIBIT E

*Grace et al. v. Apple Inc.*

**Application for Inclusion in the Class and Instructions**

**INSTRUCTIONS**

Please read these instructions carefully.  If you need assistance completing an Application for Inclusion in the Class, you may send an email to [e-mail address for Settlement Administrator], call [toll-free number], or visit [link to FAQ page].  Refer back to [link to full notice] for more information about the Settlement.

**Deadline.**  Applications for Inclusion in the Class must be submitted online by [date].

**Eligibility.**  The Settlement will provide a cash payment if you were the owner of one or more non-Jailbroken iPhone 4 or iPhone 4S devices running iOS 6 or an earlier operating system as of April 16, 2014, and if you were in California on that date.  A "Jailbroken" iPhone is one where the user has intentionally removed programmed limitations in order to modify the iPhone device's functionality, run unauthorized applications, or otherwise change the iPhone device's performance.

You are limited to one cash payment per device.  If you were the owner of more than one eligible device, you must fill out a <u>separate</u> Application for Inclusion in the Class for each eligible device.

Unless you request exclusion from the class as explained in the Class Notice, you will be bound by the Settlement Agreement and Release and the Final Judgment even if you do not submit an Application for Inclusion in the Class.

If you did not receive an email or mail notification from the Settlement Administrator about this lawsuit, and you believe you are a Class Member, you must fill out and submit a complete and accurate Application for Inclusion in the Class by [date].  If your Application for Inclusion in the Class is incomplete, contains false information, or is not submitted by the deadline, your application will be rejected.  The Settlement Administrator may contact you to request more information to verify your application.  The information you provide will be treated as confidential and used for the purpose of this Settlement only.

Please click below to begin the Application for Inclusion in the Class.

| Continue to Application for Inclusion in the Class |

**ELECTRONIC APPLICATION FOR INCLUSION IN THE CLASS**

In this electronic Application for Inclusion in the Class, you must fill out and submit a complete and accurate Application for Inclusion in the Class below by [date].  If your Application for Inclusion in the Class is incomplete, contains false information, or is not submitted by the deadline, your application will be rejected.  The information you provide will be treated as confidential and used for the purpose of this Settlement only.  Any payment provided in response to your application will be issued to the email address you provide on this Application for Inclusion in the Class, unless you elect to have payment mailed to the mailing address on this Application for Inclusion in the Class.

**Step 1**—INFORMATION REQUIRED FOR ALL APPLICANTS

| First Name | | Last Name |
|---|---|---|

| Mailing Address 1 | | Mailing Address 2 |
|---|---|---|

| City | | State | Zip Code |
|---|---|---|---|

| Email Address |
|---|

iPhone Serial Number:  ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐

You can find your serial number on your iPhone in Settings > General > About.  If you no longer have your iPhone, you can check the barcode on your device's original packaging or refer to the original receipt or invoice.

**Step 2**—CERTIFICATION, SIGNATURE, & DATE

☐   I was the owner of a non-Jailbroken iPhone 4 or iPhone 4S device running iOS 6 or an earlier operating system as of April 16, 2014, <u>and</u> I was in California on that date. By checking this box, I declare under penalty of perjury that the information above is true and correct to the best of my knowledge and belief.  I understand that my application is subject to validation using all available information.

| Type Your Name Here to Sign Your Application |
|---|

To file your application, be sure to click on the Submit Application button below.

REMINDERS

Your Application for Inclusion in the Class must be submitted by [date].  Late or incomplete applications will be denied.

All information provided on this application is subject to verification.

After you click Submit Application, you will be able to print and save a copy of this application for your records.

| Submit Application |
|---|