UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA GRACE, et al., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>APPLE, INC., <br><br>　　　　　Defendant. | Case No. 17-CV-00551-LHK <br><br>**CASE MANAGEMENT ORDER** <br><br>Re: Dkt. No. 429, 435 |

Plaintiffs' Attorneys: Daniel Warshaw; Jill Manning; David Tejtel; Clifford Pearson; and Austin Curry

Class Representative: Ken Potter

Defendant's Attorneys: Joshua Lerner and Eugene Novikov

On February 8, 2021, the Court held a hearing on Plaintiffs' motion for final approval and Plaintiffs' motion for attorneys' fees. Plaintiffs' counsel seek 30% of the gross settlement fund in attorneys' fees. Accordingly, Plaintiffs' counsel shall file the following information by February 19, 2021:

- Billing records identifying time billed by task for the time entries specifically identified in Defendant's opposition to the motion for attorneys' fees, ECF No. 434 at 12–13.

- Invoices for travel expenses (airfare, meals, lodging, and ground transportation).

- For Defendant's opposition Appendix, ECF No. 434-6, Plaintiffs' counsel shall file a chart that includes all entries that bill time solely for travel and provide a lodestar for that billed time. For the entries in which Plaintiffs' counsel bill for travel and substantive work,

1

Case No. 17-CV-00551-LHK
CASE MANAGEMENT ORDER

Plaintiffs' counsel shall file billing records identifying time billed by task. Where Plaintiffs' counsel claim they worked during travel, Plaintiffs' counsel must identify hours and amounts billed to work during travel and the nature of that work.

- Billing by task: A summary of billing split by the following categories of tasks: (1) case development; (2) the motion to dismiss; (3) discovery; (4) certifying the successful California class; (5) seeking an unsuccessful Rule 23(f) appeal of the Court's class certification decision; (6) all work on litigating the unsuccessful classes (*i.e.*, nationwide class and injunctive relief class); (7) expert witnesses; (8) summary judgment; (9) mediation and settlement; and (10) trial preparation.

    o For each category: (1) each biller's name; (2) bar admission year; (3) title; (4) total hours billed on that category by year; (5) hourly rate for that year; (6) justification for that year's billable rate; and (7) total lodestar by biller per year.

    o The discovery category should, if possible, be split into subcategories for (1) document review; (2) written discovery; (3) depositions; and (4) discovery motions.

Defendant may file a response to Plaintiffs' counsel's additional information by February 26, 2021. Plaintiffs may file a reply by March 5, 2021.

Moreover, to the extent Plaintiffs' counsel has included in the lodestar time spent on the motion for attorneys' fees, Plaintiffs' counsel shall exclude that time from the lodestar. "Fees are not awarded for fee litigation in common fund cases because, rather than creating or preserving the common fund, the fee litigation actually depletes it." *Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 694 n.5 (9th Cir. 1991); *accord* 5 Newberg on Class Actions § 15:93 (5th ed. Dec. 2020 update) (collecting cases).

**IT IS SO ORDERED.**

Dated: February 9, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 17-CV-00551-LHK
CASE MANAGEMENT ORDER
2