UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA GRACE, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> APPLE, INC., <br><br>  Defendant. | Case No. 17-CV-00551-LHK <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. No. 429 |

Before the Court is Class Counsel's motion for attorneys' fees, ECF No. 429. The Court held a hearing on the motion on February 8, 2021. ECF No. 445 ("Mot."). In response to the Court's questions at the hearing, Class Counsel filed four supplemental declarations regarding attorneys' fees on February 19, 2021. ECF Nos. 450–53. On February 26, 2021, Defendant Apple, Inc. filed an opposition to Class Counsel's supplemental declarations; and Class Counsel filed a reply on March 5, 2021. ECF Nos. 454 ("Supp. Opp'n"), 455 ("Supp. Reply"). Having considered all the briefing, the oral arguments, the relevant law, and the record in this case, the Court hereby GRANTS IN PART and DENIES IN PART Class Counsel's motion for attorneys' fees.

1

Specifically, the Court orders that fees in the amount of $5.04 million and expenses in the amount of $1,083,045.14 be paid to Class Counsel, and that service awards of $7,500 be paid to each Class Representative.

## I. LEGAL STANDARD

"Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). To guard against an unreasonable result, the Ninth Circuit encourages district courts to "cross-check[] their calculations against a second method." *Id.* at 944. Accordingly, the Court calculates the attorneys' fees using the percentage-of-recovery method and then cross-checks its calculations against the lodestar method. *See id.* at 944–45.

"Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *In re Wa. Pub. Power Supply System Sec. Litigation (WPPSS)*, 19 F.3d 1291, 1302 (9th Cir. 1994). Thus, "fee applications must be closely scrutinized." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002). "Rubber-stamp approval, even in the absence of objections, is improper." *Id*.

Where the percentage-of-recovery method is used, it is well-established that 25% of a common fund is a presumptively reasonable amount of attorneys' fees. *In re Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . ."). However, the Ninth Circuit has emphasized that "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino*, 290 F.3d at 1048. "Selection of the benchmark or any other rate must be supported by findings that take into account all the circumstances of the case." *Id*.; *see also WPPSS*, 19 F.3d at 1298 ("[C]ourts cannot

2

Case No. 17-CV-00551-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

rationally apply any particular percentage . . . in the abstract, without reference to all the circumstances of the case.").

## II. DISCUSSION

Class Counsel moves for fee award substantially greater than the 25 percent benchmark rate. Specifically, Class Counsel seeks 30 percent of the settlement fund ($5.4 million). In addition, Class Counsel seeks reimbursement of $1,090,393.14 in expenses and $7,500 service awards to each of the two Class Representatives.

The Court ultimately concludes that an award between the 25 percent benchmark and Class Counsel's 30 percent request is appropriate. Specifically, the Court awards 28 percent of the settlement fund, which yields fees of $5.04 million and an adjusted multiplier of 0.72. As for expenses, the Court concludes that nearly all of Class Counsel's requested reimbursement is reasonable. The Court orders reimbursement of $1,083,045.14—an amount which excludes $7,348 in unreasonable hotel expenses. Lastly, the Court approves $7,500 service awards for both Class Representatives. Below, the Court analyzes the fee award, expenses, and service awards in turn.

### A. The Court awards 28 percent of the settlement fund in attorneys' fees.

The Court awards 28 percent of the settlement fund in attorneys' fees—a moderate increase to the 25 percent benchmark rate. The Court reaches this award based on consideration of the following factors: (1) the skills displayed by Class Counsel; (2) the risks taken by Class Counsel; (3) the result achieved for the class; and (4) a lodestar cross-check. *See Vizcaino*, 290 F.3d at 1048–49 (weighing the risks taken by counsel and the result achieved for the class); *see also Serrano v. Priest*, 20 Cal. 3d 25, 49 (Cal. 1977) (stating factors under California law). The Court discusses each factor in turn.

#### 1. Class Counsel displayed skill by bringing a novel claim and analyzing technical subject matter.

The skills displayed by Class Counsel merit a moderate upward adjustment from 25 percent. Class Counsel's skills were displayed in two ways. To start, Class Counsel achieved an

$18 million settlement based in part on a novel claim: trespass to chattels. *See* ECF No. 57 at 12:14–15 (stating that "this trespass to chattels claim seems novel"). Before the instant case, the Court "ha[d]n't seen a trespass case of action in [a] consumer class action." *Id.* at 5:15–18.

Moreover, the instant case's subject matter was technical. The case required analyzing the source code for Apple's FaceTime product. *See, e.g.*, ECF No. 71 (source code protective order). Specifically, Class Counsel alleged that Apple disabled FaceTime for iOS 6 and earlier operating systems by prematurely terminating a digital certificate. *See Grace v. Apple, Inc.*, 328 F.R.D. 320, 328 (N.D. Cal. 2018) (background). Class Counsel further analyzed different technical methods to connect FaceTime calls, namely "peer-to-peer" versus "relay." *Id.* at 327. The characteristics of these distinct methods allegedly motivated Apple's conduct. *Id.*

In short, the novel nature of the trespass to chattels claim and the technical subject matter of the instant case support a moderate upward adjustment from a 25 percent fee award. However, these considerations do not support the 30 percent fee award requested by Class Counsel. The weakness of Class Counsel's case on the merits supports a 28 percent fee award instead. Specifically, the trespass to chattels claim, though novel, was not compelling and not particularly meritorious. To survive the motion to dismiss, the trespass to chattels claim required the Court to assume that "FaceTime was *permanently* disabled on iOS6 and earlier operating systems, and that Plaintiffs could not transition to iOS7." *Grace v. Apple Inc.*, No. 17-CV-00551, 2017 WL 3232464, at *13 (N.D. Cal. July 28, 2017) (emphasis in original). However, in fact, class members chose not to transition to, and declined, a free software update (iOS7) that would re-enable FaceTime—and thus redress class members' injury—because the update would allegedly "significantly impair" class members' iPhones. *Grace v. Apple, Inc.*, 328 F.R.D. 320, 328 (N.D. Cal. 2018). If the case had proceeded to adjudication on the merits, it is possible that Apple would have prevailed. *Cf. WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 685 (N.D. Cal.

2020) (dismissing trespass to chattels claim for failure to "detail any actual harm caused by defendants' program or access").

Despite the potential weakness of their claims, Class Counsel cite *Hopkins v. Stryker Sales Corporation* to support a 30 percent fee award. Mot. at 15 (citing No. 11–CV–02786–LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013)). Yet the claims in *Hopkins* were more meritorious than the claims here. In *Hopkins*, class counsel clearly "brought to light evidence of Defendants' violations of California labor and unfair competition laws." *Hopkins*, 2013 WL 496358, at *2. Accordingly, the skills displayed by Class Counsel support a 28 percent fee award, not a 30 percent fee award.

### 2. Class Counsel assumed significant risk.

The significant risks assumed by Class Counsel also support a moderate upward adjustment from the 25 percent benchmark. These risks arose in extensive motion practice and trial preparation. Specifically, in motion practice, Apple threatened (1) zero recovery for Plaintiffs through several case-dispositive arguments in a motion to dismiss and motion for summary judgment; and (2) denial of class certification. In trial preparation, Class Counsel risked proceeding to trial without expert opinions because, at the time the parties settled, the Court had not yet resolved Apple's *Daubert* motion. ECF No. 333. These significant risks support a 28 percent fee award. *Cf. Vizcaino*, 290 F.3d at 1048 (approving a 28 percent fee where the case was "extremely risky" since plaintiffs had lost twice in district court, forcing counsel to have to revive the claim on appeal), *WPPSS*, 19 F.3d at 1302 (noting that the case was "fraught with risk and recovery was far from certain").

### 3. Class Counsel achieved a significant monetary result for the class.

Class Counsel achieved a significant monetary result: a $18 million non-reversionary common fund. This fund compensates for about 20 percent of the total average damages initially estimated by Plaintiffs' expert, Professor Justine S. Hastings. ECF No. 174-85 at 31 (expert report); *see* Mot. at 11 (summarizing damages range). Class members will receive, for each

5
Case No. 17-CV-00551-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

qualifying iPhone they own, an initial payment of about $3—with the possibility of another payment thereafter. Moreover, class members need not submit a claim form to receive payment. Class members will automatically receive either an e-check or paper check. In short, Class Counsel achieved a significant monetary recovery for the class and paired that recovery with an easy claims process.

In sum, given the factors above, the Court concludes that a percentage of 28 percent should be applied to the $18 million settlement fund. Accordingly, the percentage-of-recovery method produces a total attorneys' fee award of $5.04 million. With that figure in hand, the Court next performs a lodestar calculation as a means of cross-checking that result.

### 4. A lodestar cross-check supports a fee award moderately greater than the 25 percent benchmark.

Courts calculate a lodestar "by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*, 654 F.3d at 941. Although "the lodestar figure is 'presumptively reasonable,' the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors." *Id.* at 941–42 (citation omitted). Where, as here, the lodestar is being used as a cross-check, courts may do a rough calculation "with a less exhaustive cataloging and review of counsel's hours." *Young v. Polo Retail, LLC*, No. 02-CV-04546-VRW, 2007 WL 951821, at *6 (N.D. Cal. Mar. 28, 2007); *see also In re Toys R Us-Delaware, Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 460 (C.D. Cal. 2014) ("In cases where courts apply the percentage method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award.").

Class Counsel estimates their lodestar is about $8,068,130—0.67 times Class Counsel's requested award of $5.4 million (30% of the settlement fund). Mot. at 19. Class Counsel argues that their "0.67 *negative* lodestar multiple confirms the reasonableness of the requested fee." Supp.

Reply at 3 (emphasis in original). Apple responds that Class Counsel's lodestar is inflated by (1) non-working travel time; (2) excessive hours; and (3) block-billing. As explained below, the Court agrees with Apple.

### a. The Court excludes non-working travel time from the lodestar.

The Court has discretion to "reduce the fees owed related to travel. . . . The central inquiry is whether the time sought is reasonable." *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 281 F. Supp. 3d 833, 856 (N.D. Cal. 2017) (quoting *Transbay Auto Serv., Inc. v. Chevron U.S.A., Inc.*, No. 09-CV-04932-SI, 2013 WL 843036, at *7 (N.D. Cal. Mar. 6, 2013)). The Court joins other courts in holding that "[t]ravel time is generally not compensable when setting a reasonable fee." *Taylor Indus. Constr., Inc. v. Westfield Ins. Co.*, No. 8:16-CV-2960-T-SPF, 2020 WL 1873595, at *5 (M.D. Fla. Apr. 15, 2020) (collecting cases). Without evidence that counsel "performed work for his client during any portion of his travel . . . the Court will not assume that counsel is entitled to recover for travel time." *GemCap Lending I, LLC v. Unity Bank Minnesota*, No. 18-CV-05979-YGR, 2019 WL 3842010, at *4 (N.D. Cal. Aug. 15, 2019).

Here, Class Counsel's supplemental declarations concede that counsel billed 239.7 hours to non-working travel. *See* Supp. Opp'n at 3–4 (citing ECF Nos. 450-2 ($20,427), 451-2 ($106,361), 452 ($73,580)). Class Counsel's response is that their travel "was incurred exclusively for this Action." Supp. Reply at 3. Even so, non-working travel is not billable toward the lodestar. Just as non-working travel is often non-billable for private sector clients, non-working travel should not be billable for class members, who lack the opportunity to negotiate Class Counsel's billing practices.

Class Counsel's non-working travel amounts to $200,368 of the lodestar. Thus, the Court reduces Class Counsel's lodestar by $200,368.

### b. The Court excludes excessive hours from the lodestar.

A reasonable number of hours is equal to the number of hours that the attorney could

reasonably bill to a private client. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Here, the Court has identified excessive hours billed to (1) unsuccessful class certification motions; and (2) "attorney meetings/strategy and "case management." The Court addresses each in turn. First, unsuccessful motions are non-billable if they were "[un]reasonable" or "clearly unmeritorious." *Jacobson v. Persolve*, LLC, No. 14-CV-00735-LHK, 2016 WL 7230873, at *11 (N.D. Cal. Dec. 14, 2016) (quoting *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1109–10 (E.D. Cal. 2011)). Class Counsel's unsuccessful attempt to certify a nationwide damages class and injunction class—and Class Counsel's resulting Rule 23(f) appeal—were clearly unmeritorious. Class Counsel billed at least 329.0 hours toward those unsuccessful motions. *See* Supp. Opp'n at 4 (collecting hours across ECF Nos. 450–53). These hours improperly accounted for $232,122 of the lodestar. *Id.*

As for "attorney meetings" and "case management," "in general, counsel should not bill for attending the same meetings, internal communications, and communicating with each other, as such time is unnecessary." *Salgado v. T-Mobile USA, Inc.*, No. 17-339, 2020 WL 3127931, at *22 (E.D. Cal. June 12, 2020). Given this general rule, "many courts have reduced fee awards for time spent in 'interoffice conferences' or other internal communications." *Id.* (quoting *Gauchat-Hargis v. Forest River, Inc.*, 2013 WL 4828594 at *3 (E.D. Cal. Sept. 9, 2013)). In *Salgado*, for instance, the court exercised its discretion to reduce the fee award given "the significant amount of time billed for internal communications in the law firm and co-counsel." *Id.* at *23.

The Court follows *Salgado* here. Here, Class Counsel billed 962.2 hours or $718,339 to "Case Management" and "Attorney Meeting/Strategy." *See* Supp. Opp'n at 5 (collecting hours);

8
Case No. 17-CV-00551-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

*see, e.g.*, ECF No. 451-1 (one class counsel's time billed to "Case Management" and "Attorney Meeting/Strategy"). The Court has concerns about the "significant amount of time billed for internal communications" and the Class Counsel's generally excessive hours and rates. Thus, the Court exercises its discretion to reduce the lodestar billed to "Case Management" and "Attorney Meeting/Strategy" by 10 percent. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (holding that a court may impose a discretionary 10 percent "haircut"). This reduction amounts to subtracting $71,834 from the lodestar.

### c. The Court excludes specifically identified block-billing from the lodestar.

The Court has "authority to reduce hours that are billed in block format. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Here, in an attempt to clarify many hours of vague block-billing, the Court ordered Class Counsel to file "[b]illing records identifying time billed by task for the time entries specifically identified in [Apple]'s opposition to the motion for attorneys' fees." ECF No. 448 (citing ECF No. 434 at 12–13).

Most notably, Apple had identified a block of 102.2 hours billed at a rate of $875/hour by one Texas-barred attorney. *Id.* This attorney provided the same narrative across all 102.2 hours and 12 consecutive days: "Research jury instruction issues; work on motions in limine related issues; continue working on witness proffers and exhibit list issues." *Id.* Accordingly, the Court specifically ordered "billing by task" for this block of 102.2 hours. Feb. 8, 2021 Hearing Tr. at 44:20–21, ECF No. 449.

Class Counsel failed to provide "billing records identifying time billed by task." ECF No. 434. Rather, Class Counsel filed a declaration that violates Local Civil Rule 7-5(b) by including "conclusions and argument." Class Counsel argues, for instance, that Apple's arguments against the block-billed time entries "are superficial" and "accurately reflect how [counsel] was

9
Case No. 17-CV-00551-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

overseeing everything during that timeframe." ECF No. 453 at 3. None of this identifies how the block of 102.2 hours was billed by task. Given Class Counsel's non-responsive and procedurally improper response, the Court strikes 102.2 hours ($89,425 in fees) in block-billing from the lodestar.

In sum, the Court reduces Class Counsel's $8,068,130 lodestar by $593,749 ($200,368 + $232,122 + $71,834 + $89,425). The resulting adjusted lodestar is $7,474,381, which yields a negative multiplier of 0.72 on the requested fee award of 30 percent of the settlement fund. This lodestar cross-check confirms that the 28 percent award to Class Counsel under the percentage-of-the-fund method is not excessive. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011) (describing lodestar cross-check). To the extent Class Counsel argue that the negative multiplier requires awarding even *more* than 28 percent of the settlement fund, Class Counsel are mistaken. The Court may adjust a lodestar "upward *or downward* by an appropriate positive *or negative* multiplier reflecting a host of 'reasonableness' factors." *Id.* at 942 (emphasis added). "[A]n award of no lodestar multiplier at all is within the district court's discretion." *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 425 (2d Cir. 2010).

Accordingly, the Court awards Class Counsel 28 percent of the settlement fund: $5.04 million. The Court follows its practice of calculating percentages based on the gross settlement fund, not the settlement fund net of fees. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *8 (N.D. Cal. Aug. 17, 2018) (including "litigation expenses and administrative costs" because they "were necessary to litigate this case").

**B. Nearly all of Class Counsel's expenses are reimbursable.**

In common-fund cases, the Ninth Circuit has stated that the reasonable expenses of acquiring the fund can be reimbursed to counsel who has incurred the expense. *See Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *Acosta v. Frito-Lay, Inc.*, No. 15-CV-02128-JSC, 2018 WL 646691, at *11 (N.D. Cal. Jan. 31, 2018) ("There is no doubt that an

attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund.") (quoting *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014)). Expense reimbursements comport with the notion that the district court may "spread the costs of the litigation among the recipients of the common benefit." *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1121 (9th Cir. 2002).

Here, Class Counsel at first requested reimbursement of $1,092,459.47 in litigation costs. Mot. at 20. However, Apple identified $2,066.33 in excessive meal expenses, such as $425.45 at Frances; $398.05 at Prospect; $389.36 at Alexander Steakhouse; and $280.40 at the Michelin-starred Lord Stanley. *See* Supp. Opp'n Schedule C (citing ECF Nos. 405-4 & 453-2). Class Counsel thus "exclud[ed] the [excessive meal] expenses from their reimbursement request." Supp. Reply at 13. Class Counsel's reimbursement request is now $1,090,393.14. About 91% of these expenses are attributable expert fees, Class Counsel's on-line document database, court reporters, and mediation. *Id.* at 11 (citing Warshaw Decl., Ex. 5, ECF No. 429-24). The bulk of the remainder is attributable to travel, including economy-class airfare and hotels. *Id.* at 11 & n.11 (collecting declarations). Class Counsel rightly do not seek reimbursement for their many first-class or business-class flights. *Id.* at 12.

Having reviewed the submissions of Class Counsel, the Court finds that their requests for unreimbursed expenses are mostly reasonable. Class Counsel submitted declarations and invoices reflecting the unreimbursed expenses that they incurred in this action. *See, e.g.*, ECF Nos. 451–53 (supplemental declarations). However, as Apple correctly notes, some of Class Counsel's hotel expenses are unreasonable. Specifically, Apple identifies $18,369.98 in hotel accommodations that exceeded $300/night. Supp. Opp'n at Schedule B. Class Counsel unpersuasive response is that these hotel bills were somewhat inflated by taxes, fees, incidental charges, and prices in San Francisco. Supp. Reply at 14.

The Court finds that some of Class Counsel's lodging expenses are unreasonable. Moreover, the Court notes that some of these unreasonable expenses are for lodging in San Jose and its suburbs and not just in San Francisco. For instance, Class Counsel seeks reimbursement for $768.59/night at the Aloft in Cupertino, $638.91/night at the Doubletree in San Jose, $613.90/night at the Hotel Adagio in San Francisco, and $602.94/night at the Sheraton in Palo Alto. Supp. Opp'n at Schedule B (citing ECF No. 453-2). The Court will not require the class to pay for unreasonable lodging expenses.

Accordingly, of the $18,369.98 in unreasonable hotel accommodations identified by Apple, the Court reduces Class Counsel's reimbursement by 40 percent, which is $7,348. The Court orders that $1,083,045.14 in unreimbursed costs be paid from the settlement fund to Class Counsel.

### C. The Court approves service awards for both Class Representatives.

Class Counsel lastly ask the Court to award $7,500 to both Class Representatives, Christina Grace and Ken Potter. Apple opposes these service awards on two grounds. First, Apple argues that two United States Supreme Court decisions from the 1800s bar service awards. ECF No. 434 at 17–18. For support, Apple cites *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 1257 (11th Cir. 2020). Second, Apple argues that a $7,500 service award to each Class Representative is unreasonable. In Apple's view, neither Grace nor Potter "did anything noteworthy to protect or benefit the class." ECF No. 434 at 18.

Neither of Apple's arguments is persuasive. Apple's first argument not only relies on *Johnson*'s novel reading of old Supreme Court decisions, but also contravenes Ninth Circuit precedent. "[S]ervice awards 'have long been approved in the Ninth Circuit.'" *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2021 WL 1022866, at *11 (N.D. Cal. Mar. 17, 2021) (quoting *In re Lithium Ion Batteries Antitrust Litig.*, 2020 WL 7264559, at *24 n.24 (N.D. Cal. Dec. 10, 2020)). As the Ninth Circuit has explained, service awards "compensate class

representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). Unlike the Eleventh Circuit in *Johnson*, the Ninth Circuit has not held that service awards violate Supreme Court decisions from the 1800s. Thus, like other courts in this district, this Court "declines to follow *Johnson*." *In re Apple Inc. Device Performance Litig.*, 2021 WL 1022866, at *11; *accord In re Lithium Ion Batteries Antitrust Litig.*, 2020 WL 7264559, at *24 n.24 (same).

Apple also fails to acknowledge the Class Representatives' significant contributions to this lawsuit. The Class Representatives (1) responded to discovery requests; (2) prepared for and underwent depositions; and (3) surrendered their iPhones for months so that their devices could be imaged and analyzed. ECF No. 438 at 19 (detailing contributions). Other courts have approved service awards based on potentially less significant contributions. *See In re Lithium Ion Batteries Antitrust Litig.*, 2020 WL 7264559, at *24 ($10,000 for "time spent in depositions and responding to discovery"). This Court has also approved service awards where, as here, the awards comprise less than 0.1 percent of the settlement fund. *See Nevarez v. Forty Niners Football Co.*, LLC, 474 F. Supp. 3d 1041, 1048 (N.D. Cal. 2020) (noting that awards total "less than .1%" of the settlement). Thus, a service award of $7,500 per Class Representative is reasonable.

Accordingly, the Court hereby approves a service award to the Class Representatives, Christina Grace and Ken Potter, in the amount of $7,500 each.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for attorneys' fees. The Court orders that fees in the amount of $5.04 million and expenses in the amount of $1,083,045.14 be paid to Class Counsel, and that service awards of $7,500 be paid to each Class Representative.

**IT IS SO ORDERED.**

13
Case No. 17-CV-00551-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

Dated: March 31, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge