United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA GRACE and KEN POTTER, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>APPLE INC.,<br><br>           Defendants. | Case No. 5:17-CV-00551-LHK<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 435 |

Before the Court is Plaintiffs' motion for final approval of the parties' class action settlement ("Settlement"). ECF No. 435. On September 10, 2020, the Court preliminarily approved the Settlement, ECF No. 426 ("Preliminary Approval Order"). On February 8, 2021, the Court held a hearing to consider final approval of the Settlement. Having considered all the briefing, the arguments of counsel, the relevant law, and the record in this case, the Court hereby GRANTS the parties' motion for final approval of the Settlement and makes determinations as follows:

1

Case No. 17-CV-00551-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1. Federal Rule of Civil Procedure 23(c)(2)(B) requires that the settling parties provide class members with "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The Court finds that the Notice Plan, which was direct notice sent to 99.8% of the Settlement Class via email and U.S. Mail, has been implemented in compliance with this Court's Order (ECF No. 426) and complies with Rule 23(c)(2)(B).

2. On September 19, 2018, this Court issued a class certification order certifying a class pursuant to Federal Rule of Civil Procedure 23(b)(3) defined as "[a]ll owners of non-jailbroken Apple iPhone 4 or Apple iPhone 4S devices in California who on April 16, 2014, had iOS 6 or earlier operating systems on their iPhone 4 or iPhone 4S devices." ECF No. 269. On September 10, 2020, this Court issued an Order preliminarily approving the Settlement and finding that the proposed Settlement Class was consistent with the previously-certified class, and therefore met the requirements of Rule 23. ECF No. 426. The Court finds that the Settlement Class meets the Rule 23 requirements and certifies the Settlement Class.

3. The Court further finds that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member. Class Members who did not timely submit opt out forms will be bound by the Settlement.

4. The Court finds that the distribution plan is fair, adequate, and reasonable. Here, the amount of payments to each participating Settlement Class Member will be calculated based on each Settlement Class Member's proportional share of the Net Settlement Fund, *i.e.*, the Net

Settlement Fund balance divided by the total number of eligible devices. The vast majority of Settlement Class Members will receive payment automatically without the need to file a claim form.

5. The Court finds that the claims administrator's fees are fair and reasonable.

6. The Settlement is ordered finally approved. All terms and provisions of the Settlement should be and hereby are ordered to be consummated.

7. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS SO ORDERED.**

Date: March 31, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge